**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>        Defendants. | Civil Action No. 1:23-cv-11195-SHS<br><br>Hon. Sidney H. Stein<br><br>**ORAL ARGUMENT REQUESTED** |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>        Defendants. | Civil Action No. 1:24-cv-03285-SHS<br><br>Hon. Sidney H. Stein<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF OPENAI'S MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................................1

II.  LEGAL STANDARD....................................................................................................2

III. ARGUMENT..................................................................................................................3

    A.   Consolidation will ensure consistent adjudication of the extensive factual and legal issues shared by the two cases.................................................................3

    B.   Consolidation will alleviate the burden on parties, witnesses, and the Court. .....................................................................................................................6

    C.   Placing the lawsuits on the same schedule as the later-filed *Daily News* case would conserve resources and expeditiously resolve the matters without sacrificing justice. ..................................................................................8

IV.  CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Authors Guild v. OpenAI Inc.*,
   Case No. 23-cv-08292-SHS (S.D.N.Y.) ...................................................................2, 7, 10, 11

*Bank of Montreal v. Eagle Assocs.*,
   117 F.R.D. 530 (S.D.N.Y. 1987) ..........................................................................................6

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ......................................................................................4, 6

*Cornell v. Soundgarden*,
   2021 WL 1663924 (W.D. Wash. Apr. 26, 2021) ...............................................................5, 9

*Espire Ads LLC v. TAPP Influencers Corp.*,
   655 F. Supp. 3d 223 (S.D.N.Y. 2023) ..................................................................................3

*Franco v. Ideal Mortg. Bankers, Ltd.*,
   2009 WL 3150320 (E.D.N.Y. Sept. 28, 2009) .....................................................................6

*Hall v. Hall*,
   584 U.S. 59 (2018) ................................................................................................................3

*Internet Law Libr., Inc. v. Southridge Cap. Mgmt., LLC*,
   208 F.R.D. 59 (S.D.N.Y. 2002) ........................................................................................6, 9

*Jacobs v. Castillo*,
   612 F. Supp. 2d 369 (S.D.N.Y. 2009) ..................................................................................2

*Johnson v. Celotex Corp.*
   899 F.2d 1281 (2d Cir. 1990) ..............................................................................3, 6, 8, 11

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................7

*In re Lincoln Nat'l COI Litig.*,
   2019 WL 7582770 (E.D. Pa. July 15, 2019) .......................................................................6

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
   551 F. Supp. 3d 408 (S.D.N.Y. 2021) ..................................................................................5

*In re OpenAI ChatGPT Litig.*,
   Case No. 3:23-cv-03223-AMO (N.D. Cal.) ........................................................................7

*SS&C Techs. Holdings, Inc. v. Arcesium LLC*,
    2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) .................................................................................3

*A.V. ex rel. Vanderhye v. iParadigms, LLC*,
    562 F.3d 630 (4th Cir. 2009) ..............................................................................................11

**Rules**

Federal Rule of Civil Procedure 42(a) ............................................................................................2

I.  **INTRODUCTION**

The *New York Times*[1] and *Daily News*[2] lawsuits against OpenAI[3] and Microsoft are functionally identical. Indeed, the Court has already related the two lawsuits because—in the *Daily News* plaintiffs' own words—all "claims arise from substantially similar acts," and "the basic legal theories, sources of liability, relief requested, basis of jurisdiction, and factual allegations . . . are the same." *Daily News*, ECF No. 3. Notably, the *Daily News* counsel making these very representations is also counsel for the New York Times in its lawsuit. OpenAI therefore moves to consolidate the *New York Times* and *Daily News* cases for discovery and pretrial purposes, with the consolidated action proceeding on the *Daily News* case's *later* schedule.[4] Microsoft joins in this request and will file a separate statement of joinder.

There is no real dispute over the benefits of consolidation, which promises consistent rulings on overlapping discovery and merits issues, and the elimination of duplicative discovery to alleviate significant burdens on the parties, witnesses, and the Court. Unsurprisingly, the New York Times and *Daily News* plaintiffs agree. Their only disagreement concerns the schedule on which the consolidated case should proceed.

- The *Daily News* plaintiffs do not object to consolidation, so long as the consolidated case schedule is based on a "modest" extension of about two months to the current *New York*

---

[1] *New York Times Co. v. Microsoft Corp.*, Case No. 1:23-cv-11195-SHS (S.D.N.Y.).

[2] *Daily News, LP v. Microsoft Corp.*, Case No. 1:24-cv-03285-SHS (S.D.N.Y.).

[3] In this brief, unless otherwise specified: (1) "OpenAI" refers collectively to defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC; (2) emphases were added to quotations, while internal quotation marks, alterations, footnotes, and citations were omitted from them; and (3) Malhotra Decl. cites to the accompanying Declaration of Paven Malhotra in Support of Consolidation.

[4] OpenAI opposes consolidation if the consolidated case were put on the same schedule as the *New York Times* action because, as discussed *infra* n.19, OpenAI would be severely prejudiced.

1

*Times* schedule, in which fact discovery ends on September 17, 2024.[5]  In other words, the *Daily News* plaintiffs propose completing fact discovery in their case by November—notwithstanding the fact there are *eight plaintiffs scattered across the country whose works comprise 145,220 entries in a dataset allegedly used to train an accused version of GPT*.[6]

- The New York Times does not oppose "coordination" but wants to stick to its current January 2025 summary-judgment deadline so that it can litigate fair use at the same time as the class-action plaintiffs in *Authors Guild v. OpenAI Inc.*, Case No. 23-cv-08292-SHS (S.D.N.Y.).[7] The Times ignores that the deadlines in its case were set *before* it proposed trebling the number of works at issue; pending before the Court is the Times's proposal to add 7 million new works (on top of 3 million existing works) into its litigation.

At bottom, the newspaper plaintiffs' proposed schedules are infeasible and unworkable.  Their desire to litigate on the same schedule as the book authors who have filed separate, earlier suits should not come at the cost of depriving OpenAI of the time needed to pursue and complete discovery on a timeline commensurate with the expanded scope of the claims and number of plaintiffs.  OpenAI respectfully requests the Court grant the parties at least six months to complete fact discovery in the consolidated newspaper cases.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows courts to consolidate cases that "involve a common question of law or fact."  "[C]onsolidation of cases with common questions of law or fact is favored to avoid unnecessary costs or delay[.]"  *Jacobs v. Castillo*, 612 F. Supp. 2d 369,

---

[5]  Malhotra Decl., Ex. 1; *see also New York Times*, ECF No. 112 (scheduling order).
[6] *Daily News*, ECF No. 1 (*"Daily News* Compl.") ¶ 82.
[7] Malhotra Decl., Ex. 1.

373 (S.D.N.Y. 2009).  In *Johnson v. Celotex Corp.*, the Second Circuit instructed district courts that they "must consider" three factors in deciding whether to consolidate cases:

> (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues;
>
> (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; and
>
> (3) the length of time required to conclude multiple suits as a single one.

899 F.2d 1281, 1285 (2d Cir. 1990).[8]  "The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice."  *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, 2024 WL 64781, at *3 (S.D.N.Y. Jan. 5, 2024).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 584 U.S. 59, 77 (2018).

### III.  ARGUMENT

#### A.  Consolidation will ensure consistent adjudication of the extensive factual and legal issues shared by the two cases.

The striking similarities across the factual and legal allegations levied against OpenAI weigh in favor of consolidating the discovery and pretrial phases of the cases, which would eliminate the risk of inconsistent rulings on discovery scope or summary-judgment issues such as fair use.  As noted above, no party disputes that consolidation could be beneficial.  And the *Daily News* plaintiffs admit "there will be substantial overlap between the legal and factual issues between the cases."  *Daily News*, ECF No. 3 at 2.  The first *Johnson* factor favors consolidation.

---

[8] A fourth factor—"the relative expense to all concerned of the single-trial, multiple-trial alternatives[,]" *Johnson*, 899 F.2d at 1285—can wait for another day because this Motion does not, at present, seek a consolidated trial. *See Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 245 (S.D.N.Y. 2023) ("It is not necessary to determine at this time whether there should be a consolidated trial.").

***Factual similarities.*** The pleadings in the *New York Times* and *Daily News* lawsuits contain functionally identical factual allegations.[9] Specifically, all plaintiffs are newspaper publishers.[10] All the allegedly infringed copyrighted works are journalistic articles, such as news stories and editorial opinions.[11] And all the newspaper plaintiffs claim that OpenAI infringed by allegedly using these copyrighted works to train generative AI models, which purportedly "memorized" the works and generated infringing outputs in response to user prompts.[12] That the specific copyrighted works at issue in the lawsuits differ does not alter the consolidation analysis because the underlying factual allegations concerning the alleged infringement—i.e., how OpenAI's generative AI models were trained and operated—are the same. *See, e.g.*, *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (Stein, J.) (consolidating cases where "the gravamen of the complaints in each of the related actions is the same").

***Legal similarities.*** The newspaper plaintiffs assert the *same* causes of action against the *same* Defendants.[13] Only one cause of action is different. The *Daily News* plaintiffs bring an additional New York state-law trademark dilution claim, which accompanies the federal Lanham

---

[9] The New York Times has sought leave to amend its Complaint, but as the Times put it, the only differences between the operative original Complaint and the proposed First Amended Complaint "pertain to the exhibits to the FAC," which "(1) correct errors in the identification of copyright registration numbers for previously asserted works, and (2) [] add approximately 7 million additional works to the suit." *New York Times*, ECF No. 118-1 at 1. At bottom, the newspaper plaintiffs' lawsuits are factually similar regardless of whether the operative pleading in the *New York Times* matter is the original Complaint or the First Amended Complaint.

[10] *See, e.g.*, *New York Times*, ECF No. 1 ("*NYT* Compl.") ¶ 14; *Daily News*, ECF No. 1 (*"Daily News* Compl.") ¶ 12.

[11] *See, e.g.*, *NYT* Compl. ¶ 2 ("Defendants seek to free-ride on The Time's massive investment in its journalism . . . ."); *Daily News* Compl. ¶ 48 ("Defendants' actions threaten the Publishers' continued efforts to provide American communities with quality, in-depth local journalism . . . .").

[12] *See, e.g.*, *NYT* Compl. ¶¶ 92, 98, 108; *Daily News* Compl. ¶¶ 90, 96, 114.

[13] *NYT* Compl. ¶¶ 15–25, 158–204; *Daily News* Compl. ¶¶ 29–39; 190–249.

4

Act trademark dilution claim that plaintiffs in both lawsuits assert.[14]  But this extra claim is irrelevant to the consolidation calculus because "New York [trademark dilution] law is similar" to federal trademark dilution law, and the state-law claim does not add any unique issues to litigate.  *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 425 n.9 (S.D.N.Y. 2021).[15]

The extensive similarities are underscored by the huge swaths of the *Daily News* Complaint that are identical to the *New York Times* Complaint—which itself is mostly identical to the proposed First Amended Complaint, *see supra* n.9—with minor non-substantive tweaks and different plaintiffs' names.[16]  Such similarities are unsurprising given the overlap in counsel: Rothwell, Figg, Ernst & Manbeck, P.C. represents both the *New York Times* and the *Daily News* plaintiffs.

Courts regularly consolidate comparable lawsuits.  For example, a court consolidated a copyright-ownership lawsuit with a separate lawsuit to determine a buyout price for the disputed copyright ownership interests.  *Cornell v. Soundgarden*, 2021 WL 1663924, at *1 (W.D. Wash. Apr. 26, 2021).  Despite key differences in the type of claims asserted and scope of available relief, the *Cornell* court reasoned that consolidation was necessary because the copyright assets lay at the heart of the lawsuits, all but one of the defendants were "parties to both actions," and the parties were "represented by the same counsel in both actions."  *Id.* at *2–3; *see also*

---

[14] *Daily News* Compl. ¶¶ 233–54; *NYT* Compl. ¶¶ 198–204.

[15] One element of a federal dilution claim is not required under a New York dilution claim: proof that the plaintiff's mark is famous.  *Nat'l Acad.*, 551 F. Supp. 3d at 425 n.9.  So the New York state claim does not *add* any legal elements not already found among the federal claim's elements.

[16] *Compare Daily News* Compl. ¶¶ 52–95, 139–41, 178–83, *with NYT* Compl. ¶¶ 55–97, 124–26, 148–53, *and New York Times*, ECF No. 118-4 (proposed First Amended Complaint) ¶¶ 55–97, 124–26, 148–53.

*Constance*, 223 F.R.D. at 322 (consolidating nine securities actions due to "critical factual and legal questions [] common to all the related actions," despite "minor differences" in the factual allegations asserted by the different plaintiffs).

And as "both the [*New York Times*] action and the [*Daily News*] case require judicial determinations concerning the same facts, it is quite possible that separate adjudication of these claims would produce inconsistent results. This danger can only be avoided by consolidation." *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987); *see also Internet Law Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("Even in multi-party litigation, courts have been quick to emphasize that the danger of confusion from consolidation is largely overstated."). In sum, the first *Johnson* factor weighs in favor of consolidation.

      **B.**      **Consolidation will alleviate the burden on parties, witnesses, and the Court.**

The second *Johnson* factor favors consolidation because defendants in both actions are identical, and the discovery sought from OpenAI by all the newspaper plaintiffs will no doubt be overlapping—not just written discovery but individual and corporate-representative depositions too. *See Franco v. Ideal Mortg. Bankers, Ltd.*, 2009 WL 3150320, at *7 (E.D.N.Y. Sept. 28, 2009) ("Due to the substantial overlap in parties, factual allegations, and legal issues, discovery in these two actions will involve duplicate document production as well as likely duplicate depositions."); *Internet Law*, 208 F.R.D. at 61 ("The chief advantage of consolidation is that it avoids the waste associated with duplicative discovery . . . ."). The concern is particularly acute here because the same OpenAI witnesses are likely to be relevant in both cases. They should only be deposed once; requiring "serial depositions" is "costly and burdensome." *In re Lincoln Nat'l COI Litig.*, 2019 WL 7582770, at *2–3 (E.D. Pa. July 15, 2019) (denying one plaintiff's

6

request in a consolidated action to take successive deposition of a defense witness whom a different plaintiff already deposed).

In view of these overlaps, consolidating the cases for discovery and pretrial purposes promises significant efficiencies for the parties and the Court.  It is unsurprising that the *Daily News* plaintiffs sought to have the same judge oversee both cases given the prospects for efficiency.  Why they stopped there, however, is unclear.  They already observed that relating the cases "would avoid duplicative efforts, expenses, and burdens on the Court." *Daily News*, ECF No. 3 at 2.  Consolidation is therefore beneficial here—where "overlapping questions of law and fact [are] presented"—because "litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources." *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

In fact, this Court and the Northern District of California have already consolidated numerous class actions against OpenAI involving similar copyright issues.[17]  The Northern District of California even ordered "all counsel in the OpenAI cases" to "meet and confer further such as to explore every avenue through which the discovery process (and depositions in particular) in these cases may be streamlined and made more efficient," ameliorating "concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources."  Order re: Third Discovery Dispute, *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO, ECF No. 144 at 3 (N.D. Cal. May 24, 2024).  Unfortunately, the order has so far fallen on deaf ears; the plaintiffs in those pending New York and California class actions have presented no proposal to coordinate discovery.  Malhotra Decl., ¶¶ 7–8, Exs. 3–4.  Consolidation

---

[17] *See Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292-SHS (S.D.N.Y.); *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO (N.D. Cal.).

here, where the plaintiffs are all newspaper publishers, would help alleviate the burdens and inefficiencies of litigating similar issues across numerous cases.

> **C.  Placing the lawsuits on the same schedule as the later-filed *Daily News* case would conserve resources and expeditiously resolve the matters without sacrificing justice.**

Under the third *Johnson* factor, litigating the consolidated case on the same schedule as the later-filed *Daily News* action would ensure that all parties—the newspaper plaintiffs and OpenAI alike—have adequate time to complete discovery, while expeditiously resolving both underlying lawsuits without sacrificing justice.  It would be inappropriate, however, to litigate the consolidated case on the earlier schedules based on the *New York Times* cases, as proposed by the newspaper plaintiffs, which is an unworkable timeline with the millions of additional works the Times's First Amended Complaint puts at issue and the eight additional plaintiffs in the *Daily News* case from whom OpenAI is entitled to discovery.

The newspaper plaintiffs would not be prejudiced by the later schedule in *Daily News*.  The *Daily News* case was filed little over a month ago, and no case schedule has been set yet.  Although the *New York Times* matter has a case schedule, *see* ECF No. 112, the Times recently moved for leave to file an amended complaint.  The proposed First Amended Complaint would *triple* the number of copyrighted works originally at issue in the *New York Times* lawsuit, adding seven million works to bring the total up to ten million works.  *New York Times*, ECF No. 118-1 at 1.  Consequently, more time would be required to complete discovery associated with the vastly expanded scope of the First Amended Complaint, if the Court permits amendment.[18]  Even the Times tacitly concedes as much.  In its motion for leave to amend, the Times claimed

---

[18] OpenAI does not oppose amendment so long as the *New York Times* case schedule is modified to provide the additional time necessary to litigate a significantly broader case.  *See New York Times*, ECF No. 132 at 1.

that only with respect to the "fair use question" would trebling the number of works at issue not affect the set case schedule. *New York Times*, ECF No. 118-1 at 1. Taking the Times's argument at face value means that every other aspect of the case—fact discovery, expert discovery, expert reports, dispositive motion practice—would nonetheless be impacted by the First Amended Complaint.[19]

Courts regularly consolidate cases that are in different stages of litigation. "[S]hort of cases ready for trial, cases at different stages of litigation are routinely consolidated. As such, the fact that discovery has progressed further in . . . [one] action should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery in the [one] action should be applicable to the [other] action." *Internet Law*, 208 F.R.D. at 62. In fact, the *Internet Law* court consolidated one case where the parties had already engaged in eight months of discovery with another case where no discovery had occurred. *Id.*

But the state of discovery here is far less advanced than in *Internet Law*. The New York Times has produced merely 2,707 documents in the nearly three months since OpenAI served its first set of requests for production. Malhotra Decl., ¶ 5. Discovery associated with the seven million additional copyrighted works in the First Amended Complaint has not begun and would

---

[19] Conversely, OpenAI would be severely prejudiced if the consolidated suit were placed on the *New York Times* case schedule. Not only would the First Amended Complaint expand the scope of necessary discovery far beyond what is currently contemplated, *see New York Times*, ECF No. 132, OpenAI would effectively have just over three months to start and finish its offensive fact discovery of the *Daily News* plaintiffs. *Cf. Cornell*, 2021 WL 1663924, at *4 ("[T]he Court finds Soundgarden Defendants' request to consolidate the two actions under the current [more expedited] case schedule in the Copyright Action would prejudice Plaintiffs. Soundgarden Defendants assert the current expert disclosure deadline . . . and discovery deadline . . . provides Plaintiffs adequate time to conduct discovery and prepare expert disclosures in the Buyout Action. The Court disagrees. Plaintiffs only recently initiated the Buyout Action, and the Court has not yet issued a scheduling order in that matter.").

9

not begin until the Court resolves the Times's pending motion for leave to amend. And discovery has not begun in the *Daily News* matter. Given the incipient state of discovery, putting the consolidated case on the same schedule as the *Daily News* litigation makes the most sense.

What would not make sense, however, is to litigate the consolidated case based on the *Daily News* plaintiffs and the Times's so-called "modest" extensions to the current *New York Times* case schedule, which the *Daily News* plaintiffs say is two months and the Times leaves undefined.[20] The *Daily News* plaintiffs are misguided in thinking that fact discovery into eight different plaintiffs—whose combined works purportedly comprise 145,220 entries in the dataset allegedly used to train one accused version of GPT[21]—can wrap up between now and November.

The Times is similarly misguided in believing that the original *New York Times* deadlines—set based on the initial three million asserted works—merely require minor tweaking because the proposed addition of seven million works does "little to alter the scope of the case," and under no circumstances could the deadlines be "decouple[d]" from the "determination of the threshold fair use issue" in the consolidated class actions, where the summary-judgment deadline is January 2025.[22] At minimum, the additional works would affect the fair use calculus, which cannot be short-circuited by analyzing only "the body of works generally" as the Times suggests.[23] Because the newspaper plaintiffs allege that OpenAI infringed through "memorization" and generating infringing outputs, the nature of the outputs, not merely the

---

[20] In its reply brief in support of its motion for leave to amend, the New York Times noted that it did not "oppose a modest extension to the discovery schedule" but did not specify how long. *New York Times*, ECF No. 139 at 2. In a meet and confer call on June 12, 2024, the New York Times counsel suggested "modest" could mean two-to-six months. *See* Malhotra Decl., ¶ 4.

[21] *Daily News* Compl. ¶ 82.

[22] *New York Times*, ECF No. 139 at 2, 5; *Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292-SHS, ECF No. 65 (S.D.N.Y. Jan. 31, 2024).

[23] *New York Times*, ECF No. 139 at 6.

2709187

corpus of asserted works, will also be relevant to the fair-use inquiry. *See, e.g., A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 639 (4th Cir. 2009) (considering the "transformative nature" of the accused infringer's end use of the allegedly infringed works in finding fair use). Fair use, moreover, is merely one issue among many in these cases, and the Court has set a single summary-judgment deadline in the *New York Times* matter and the consolidated *Authors Guild* class actions to cover all issues in those cases. OpenAI should not be forced to rush through discovery in an attempt to get every issue teed up for summary judgment in January 2025 merely to cater to the Times's wish not to fall behind the class action lawyers in *Authors Guild*, who sued OpenAI months earlier than the Times.

\* \* \* \*

In sum, the *Johnson* factors weigh in favor of consolidating the *New York Times* and *Daily News* lawsuits for discovery and pretrial purposes, and putting the consolidated suit on the same schedule as the later-filed *Daily News* case.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant OpenAI's motion to consolidate the *New York Times* and *Daily News* lawsuits, with the consolidated case on the same schedule as the *Daily News* lawsuit. OpenAI respectfully requests the Court grant the parties at least six months to complete fact discovery in the consolidated *New York Times* and *Daily News* matters.

Dated: June 13, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*
ROBERT A. VAN NEST (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
PAVEN MALHOTRA - # 4409397
MICHELLE S. YBARRA (*pro hac vice*)
NICHOLAS S. GOLDBERG (*pro hac vice*)
THOMAS E. GORMAN (*pro hac vice*)
KATIE LYNN JOYCE (*pro hac vice*)
SARAH SALOMON (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
rslaughter@keker.com
pmalhotra@keker.com
mybarra@keker.com
ngoldberg@keker.com
tgorman@keker.com
kjoyce@keker.com

Attorneys for Defendants OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC

2709187

Dated: June 13, 2024                                  LATHAM & WATKINS LLP

                                    By:  */s/ Joseph R. Wetzel*
                                           Joseph R. Wetzel
                                           *joseph.wetzel@lw.com*
                                           Andrew M. Gass (*pro hac vice*)
                                           *andrew.gass@lw.com*
                                           505 Montgomery Street, Suite 2000
                                           San Francisco, CA 94111
                                           Telephone: 415.391.0600

                                           Sarang V. Damle
                                           *sy.damle@lw.com*
                                           Elana Nightingale Dawson (*pro hac vice*)
                                           *elana.nightingaledawson@lw.com*
                                           555 Eleventh Street, NW, Suite 1000
                                           Washington, D.C. 20004
                                           Telephone: 202.637.2200

                                           Allison L. Stillman
                                           *alli.stillman@lw.com*
                                           1271 Avenue of the Americas
                                           New York, NY 10020
                                           Telephone: 212.751.4864

                                           *Attorneys for OpenAI Defendants*

2709187

Dated: June 13, 2024                            MORRISON & FOERSTER LLP

By: */s/ Joseph C. Gratz*
    Joseph C. Gratz (*pro hac vice*)
    jgratz@mofo.com
    Vera Ranieri (*pro hac vice*)
    vranieri@mofo.com
    425 Market Street
    San Francisco, CA 94105-2482
    Telephone: 415.268.7000

    Allyson R. Bennett (*pro hac vice*)
    abennett@mofo.com
    Rose S. Lee (*pro hac vice*)
    rose.lee@mofo.com
    707 Wilshire Boulevard, Suite 6000
    Los Angeles, California 90017-3543
    Telephone: 213.892.5200

    Eric K. Nikolaides
    enikolaides@mofo.com
    250 West 55th Street
    New York, NY 10019-9601
    Telephone: 212.468.8000

    *Attorneys for OpenAI Defendants*

14

2709187