**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:23-cv-11195-SHS<br><br>Hon. Sidney H. Stein<br><br>**ORAL ARGUMENT REQUESTED** |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:24-cv-03285-SHS<br><br>Hon. Sidney H. Stein<br><br>**ORAL ARGUMENT REQUESTED** |

**DECLARATION OF PAVEN MALHOTRA IN SUPPORT OF OPENAI DEFENDANTS'**
**MOTION TO CONSOLIDATE**

2713326

I, Paven Malhotra, declare as follows:

1. I am a partner with the law firm of Keker, Van Nest & Peters LLP, counsel of record for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI"), and am admitted to practice before this Court.

2. I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

3. On June 7, 2024, I emailed plaintiffs' counsel in the above-captioned *New York Times* and *Daily News* matters, requesting the New York Times and *Daily News* plaintiffs' positions on consolidation. In an email that same day, counsel for the *Daily News* plaintiffs responded, stating in relevant part: "The Daily News Plaintiffs have no objection to a consolidation of that case with The New York Times case for discovery and pre-trial purposes, but only if the parties in the Daily News case can come to agreement on a schedule that contains only the most modest extension (we are thinking two months) of the dates in the schedule that Judge Stein set (over your objections) for *The New York Times* case." Furthermore, on June 10, 2024, counsel for the New York Times responded, stating in relevant part: "The Times does not oppose coordination of its case with the Daily News case for discovery and pre-trial purposes, so long as such coordination does not decouple the determination of the threshold fair use issue in The Times's case from the determination of that issue in the consolidated class cases before Judge Stein." A true and correct copy of the email thread containing the aforementioned email correspondence is attached hereto as **Exhibit 1**.

4. On June 12, 2024, the parties met-and-conferred over Zoom regarding potential consolidation and case scheduling. Counsel for the New York Times represented that the Times

would be open to a two-to-six-month extension in its case, so long as the fair-use defenses in the *New York Times* case and *Authors Guild v. OpenAI Inc.*, Case No. 23-cv-08292-SHS (S.D.N.Y.) are resolved at the same time.

5. I understand that on March 8, 2024, OpenAI propounded its first set of requests for production on plaintiff New York Times in *New York Times Co. v. Microsoft Corp.*, Case No 1:23-cv11195-SHS (S.D.N.Y.). To date, I understand the New York Times has produced 2,707 documents.

6. Furthermore, OpenAI is also defending multiple consolidated class action copyright infringement lawsuits filed in the U.S. District Court for the Southern District of New York and the U.S. District Court for the Northern District of California. *See Authors Guild v. OpenAI Inc.*, Case No. 1:23-cv-8292-SHS (S.D.N.Y.); *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO (N.D. Cal.).

7. On May 24, 2024, the Northern District of California ordered "all counsel in the OpenAI cases" to "meet and confer further such as to explore every avenue through which the discovery process (and depositions in particular) in these cases may be streamlined and made efficient. . . . Plaintiffs would be well advised to cooperate with Defendants in the process of streamlining discovery coordination and deposition procedures across the OpenAI cases given that the court is sympathetic to Defendants' concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources." *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO, ECF No. 144 at 3–4 (N.D. Cal. May 24, 2024). A true and correct copy of the Northern District of California's May 24, 2024 order is attached hereto as **Exhibit 2**.

8. On May 30, 2024, I emailed plaintiffs' counsel in the California and New York class action cases, requesting to confer and discuss "how we can all undertake the coordination needed to avoid the 'burden and waste of resources' mentioned in the Court's order." On May 30, 2024, Joseph R. Saveri—counsel for certain plaintiffs in the Northern District of California class action—responded and wrote, inter alia, "I don't think you read the order correctly. I will undertake to speak to other plaintiffs and circle back." On May 31, 2024, I responded, emailing all plaintiffs' counsel to propose various ways to coordinate and consolidate discovery, and on June 5, 2024, I emailed all plaintiffs' counsel again asking for responses to OpenAI's proposals and for a meet and confer. On June 10, 2024, my colleague, R. James Slaughter, followed up with plaintiffs' counsel asking for a response to my June 5 email, to which he received a non-substantive response from Mr. Saveri on the same day. A true and correct copy of the email thread containing the aforementioned email correspondence is attached hereto as **Exhibit 3**. And on June 11, 2024, Christopher Young, plaintiffs' counsel, responded to my June 5 email on a separate thread but did not address plaintiffs' position on coordination; a true and correct copy of this email correspondence is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 13, 2024, at San Francisco, California.

*/s/ Paven Malhotra*
PAVEN MALHOTRA