# EXHIBIT A

**Exhibit A**

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count I: Copyright Infringement (17 U.S.C. § 501)** ||
| ¶ 160.  By building training datasets containing millions of copies of Times Works, including by scraping copyrighted Times Works from The Times's websites and reproducing such works from third-party datasets, the OpenAI Defendants have directly infringed The Times's exclusive rights in its copyrighted works. | ¶ 193.  By illegally building training datasets containing the Publishers' Works, including by scraping copies of the Publishers' Works from the Publishers' websites and reproducing these works from third-party datasets, Microsoft and the OpenAI Defendants have directly infringed the Publishers' exclusive rights in their copyrighted works. |
| ¶ 161.  By storing, processing, and reproducing the training datasets containing millions of copies of Times Works to train the GPT models on Microsoft's supercomputing platform, Microsoft and the OpenAI Defendants have jointly directly infringed The Times's exclusive rights in its copyrighted works. | ¶ 194.  By illegally storing, processing, and reproducing the training datasets containing the Publishers' Works to train the GPT models on Microsoft's supercomputing platform, Microsoft and the OpenAI Defendants have jointly directly infringed the Publishers' exclusive rights in their copyrighted works. |
| ¶ 162.  On information and belief, by storing, processing, and reproducing the GPT models trained on Times Works, which GPT models themselves have memorized, on Microsoft's supercomputing platform, Microsoft and the OpenAI Defendants have jointly directly infringed The Times's exclusive rights in its copyrighted works. | ¶ 195.  On information and belief, by storing, processing, and reproducing the GPT models trained on the Publishers' Works, which GPT models themselves have memorized, on Microsoft's supercomputing platform, Microsoft and the OpenAI Defendants have jointly directly infringed the Publishers' exclusive rights in their copyrighted works. |
| ¶ 163.  By disseminating generative output containing copies and derivatives of Times Works through the ChatGPT offerings, the OpenAI Defendants have directly infringed The Times's exclusive rights in its copyrighted works. | ¶ 196.  By disseminating generative output containing copies and derivatives of the Publishers' Works through the ChatGPT offerings, the OpenAI Defendants have directly infringed the Publishers' exclusive rights in their copyrighted works. |
| ¶ 164.  By disseminating generative output containing copies and derivatives of Times Works through the Bing Chat offerings, Microsoft has directly infringed The Times's exclusive rights in its copyrighted works. | ¶ 197.  By disseminating generative output containing copies and derivatives of the Publishers' Works through the Copilot (formerly known as Bing Chat) offerings, Microsoft has directly infringed the Publishers' exclusive rights in their copyrighted works. |

| | |
|---|---|
| ¶ 165.  On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and carried out with full knowledge of The Times's rights in the copyrighted works. As a direct result of their conduct, Defendants have wrongfully profited from copyrighted works that they do not own. | ¶ 198.  On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and carried out with full knowledge of the Publishers' rights in their Works. As a direct result of their conduct, Defendants have wrongfully profited from copyrighted works that they do not own. |
| ¶ 166.  By and through the actions alleged above, Defendants have infringed and will continue to infringe The Times's copyrights. | ¶ 199.  By and through the actions alleged above, Defendants have infringed and will continue to infringe the Publishers' copyrights. |
| ¶ 167.  As a direct and proximate result of Defendants' infringing conduct alleged herein, The Times has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by this Court, Defendants have demonstrated an intent to continue to infringe the copyrighted works. The Times therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct. | ¶ 200.  As a direct and proximate result of Defendants' infringing conduct alleged herein, the Publishers have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by this Court, Defendants have demonstrated an intent to continue to infringe the Publishers' Works. The Publishers therefore are entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct. |
| ¶ 168.  The Times is further entitled to recover statutory damages, actual damages, restitution of profits, attorneys' fees, and other remedies provided by law. | ¶ 201.  The Publishers are further entitled to recover statutory damages, actual damages, restitution of profits, attorneys' fees, and other remedies provided by law. |

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count II: Vicarious Copyright Infringement** ||
| ¶ 170.  Microsoft controlled, directed, and profited from the infringement perpetrated by the OpenAI Defendants. Microsoft controls and directs the supercomputing platform used to store, process, and reproduce the training datasets containing millions of Times Works, the GPT models, and OpenAI's ChatGPT offerings. Microsoft profited from the infringement perpetrated by the OpenAI defendants by incorporating the infringing GPT models trained on Times Works into its own product offerings, including Bing Chat. | ¶ 203.  Microsoft controlled, directed, and profited from the infringement perpetrated by the OpenAI Defendants. Microsoft controls and directs the supercomputing platform used to store, process, and reproduce the training datasets containing the Publishers' Works, the GPT models, and OpenAI's ChatGPT offerings. Microsoft profited from the infringement perpetrated by the OpenAI defendants by incorporating the infringing GPT models trained on the Publishers' Works into its own product offerings, including Copilot (formerly known as Bing Chat). |
| ¶ 171.  Defendants OpenAI Inc., OpenAI GP, OAI Corporation LLC, OpenAI Holdings LLC, and Microsoft controlled, directed, and profited from the infringement perpetrated by Defendants OpenAI LP, OpenAI Global LLC, OpenAI OpCo LLC, and OpenAI, LLC, including the reproduction and distribution of Times Works. | ¶ 204.  Defendants OpenAI, Inc.; OpenAI, GP; OAI Corporation, LLC; OpenAI Holdings, LLC; and Microsoft controlled, directed, and profited from the infringement perpetrated by Defendants OpenAI LP; OpenAI Global, LLC; OpenAI OpCo, LLC; and OpenAI, LLC, including the reproduction and distribution of the Publishers' Works. |
| ¶ 172.  Defendants OpenAI Global LLC and OpenAI LP directed, controlled, and profited from the infringement perpetrated by Defendants OpenAI OpCo LLC and OpenAI, LLC, including the reproduction and distribution of Times Works. | ¶ 205.  Defendants OpenAI Global, LLC and OpenAI LP directed, controlled, and profited from the infringement perpetrated by Defendants OpenAI OpCo, LLC and OpenAI, LLC, including the reproduction and distribution of the Publishers' Works. |
| ¶ 173.  Defendants OpenAI Inc., OpenAI LP, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Global LLC, and Microsoft are vicariously liable for copyright infringement. | ¶ 206.  Defendants OpenAI, Inc.; OpenAI LP; OAI Corporation, LLC; OpenAI Holdings, LLC; OpenAI Global, LLC; and Microsoft are vicariously liable for copyright infringement. |

3

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count III: Contributory Copyright Infringement** ||
| ¶ 175.  Microsoft materially contributed to and directly assisted in the direct infringement attributable to the OpenAI Defendants. | ¶ 208.  Microsoft materially contributed to and directly assisted in the direct infringement attributable to the OpenAI Defendants. |
| ¶ 176.  Microsoft provided the supercomputing infrastructure and directly assisted the OpenAI Defendants in: (i) building training datasets containing millions of copies of Times Works; (ii) storing, processing, and reproducing the training datasets containing millions of copies of Times Works used to train the GPT models; (iii) providing the computing resources to host, operate, and commercialize the GPT models and GenAI products … [.] | ¶ 209.  Microsoft provided the supercomputing infrastructure and directly assisted the OpenAI Defendants in: (i) building training datasets containing copies of the Publishers' Works; (ii) storing, processing, and reproducing the training datasets containing copies of the Publishers' Works used to train the GPT models; and (iii) providing the computing resources to host, operate, and commercialize the GPT models and GenAI products. |
| ¶ 177.  Microsoft knew or had reason to know of the direct infringement perpetrated by the OpenAI Defendants because Microsoft and OpenAI's partnership extends to the development, commercialization, and monetization of the OpenAI Defendants' GPT-based products. Microsoft was fully aware of the capabilities of OpenAI's GPT-based products. | ¶ 210.  Microsoft knew or had reason to know of the direct infringement perpetrated by the OpenAI Defendants because Microsoft and OpenAI's partnership extends to the development, commercialization, and monetization of the OpenAI Defendants' GPT-based products. Microsoft was fully aware of the capabilities of OpenAI's GPT-based products. |

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count IV: Contributory Copyright Infringement** ||
| ¶ 179.  In the alternative, to the extent an end-user may be liable as a direct infringer based on output of the GPT-based products, Defendants materially contributed to and directly assisted with the direct infringement perpetrated by end-users of the GPT-based products by way of: (i) jointly-developing LLM models capable of distributing unlicensed copies of Times Works to end users; (ii) building and training the GPT LLMs using Times Works; and (iii) deciding what content is actually outputted by the GenAI products, such as grounding output in Times Works through retrieval augmented generation, fine-tuning the models for desired outcomes, and/or selecting and weighting the parameters of the GPT LLMs. | ¶ 212.  In the alternative, to the extent an end-user may be liable as a direct infringer based on the output of the GPT-based products, Defendants materially contributed to and directly assisted with the direct infringement perpetrated by end-users of the GPT-based products by way of: (i) jointly-developing LLM models capable of distributing unlicensed copies of the Publishers' Works to end-users; (ii) building and training the GPT LLMs using the Publishers' Works; and (iii) deciding what content is actually outputted by the GenAI products, such as grounding output in the Publishers' Works through retrieval augmented generation, fine-tuning the models for desired outcomes, and/or selecting and weighting the parameters of the GPT LLMs. |
| ¶ 180.  Defendants knew or had reason to know of the direct infringement by end-users because Defendants undertake extensive efforts in developing, testing, and troubleshooting their LLM models and GPT-based products. Defendants are fully aware that their GPT-based products are capable of distributing unlicensed copies or derivatives of copyrighted Times Works. | ¶ 214.  Defendants had either actual knowledge or constructive knowledge of the direct infringement by end-users or were willfully blind to the direct infringement of end-users because: (i) Defendants undertake extensive efforts in developing, testing, and troubleshooting their LLM models and GPT-based products; … and (v) Defendants have publicly recognized and admitted that their GPT-based products are capable of distributing unlicensed copies of copyrighted works and derivatives thereof. |

5

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count V: Digital Millennium Copyright Act – Removal of Copyright Management Information (17 U.S.C. § 1202)** | |
| ¶ 182. The Times included one or more forms of copyright-management information in each of The Times's infringed works, including: copyright notice, title and other identifying information, terms and conditions of use, and identifying numbers or symbols referring to the copyright-management information. | ¶ 216. The Publishers included one or more forms of copyright-management information in each of the Publishers' Works, including: a copyright notice, authors' names, publisher's name, title and other identifying information, terms and conditions of use, and identifying numbers or symbols referring to the copyright-management information. |
| ¶ 183. Without The Times's authority, Defendants copied The Times's works and used them as training data for their GenAI models. | ¶ 217. Without the Publishers' authority, Defendants copied the Publishers' Works and used them as training data for their GenAI models. |
| ¶ 184. Upon information and belief, Defendants removed The Times's copyright management information in building the training datasets containing millions of copies of Times Works, including removing The Times's copyright-management information from Times Works scraped directly from The Times's websites and removing The Times's copyright-management information from Times Works reproduced from third-party datasets. | ¶ 218. On information and belief, Defendants removed the Publishers' copyright management information in building the training datasets containing copies of the Publishers' Works, including removing the Publishers' copyright-management information from the Publishers' Works scraped directly from the Publishers' websites and removing the Publishers' copyright-management information from the Publishers' Works reproduced from third-party datasets. |
| ¶ 185. Upon information and belief, Microsoft and OpenAI removed The Times's copyright-management information through generating synthetic search results, including removing The Times's copyright-management information when scraping Times Works from The Times's websites and generating copies or derivatives of Times Works as output for the Browse with Bing and Bing Chat offerings. | ¶ 219. On information and belief, Microsoft and OpenAI removed the Publishers' copyright-management information through generating synthetic search results, including removing the Publishers' copyright-management information when scraping the Publishers' Works from the Publishers' websites and generating copies or derivatives of the Publishers' Works as output for the Browse with Bing and Copilot (formerly known as Bing Chat) offerings. |
| ¶ 186. Microsoft and OpenAI removed The Times's copyright-management information in generating outputs from the GPT models containing copies or derivatives of Times Works. | ¶ 220. Microsoft and OpenAI removed the Publishers' copyright-management information in generating outputs from the GPT models containing copies or derivatives of the Publishers' Works. |

| | |
|---|---|
| ¶ 187.  By design, the training process does not preserve any copyright-management information, and the outputs of Defendants' GPT models removed any copyright notices, titles, and identifying information, despite the fact that those outputs were often verbatim reproductions of Times content. Therefore, Defendants intentionally removed copyright-management information from The Times's works in violation of 17 U.S.C. § 1202(b)(1). | ¶ 221.  By design, Defendants' GPT-based products do not preserve any copyright management information, and the outputs of Defendants' GPT models removed any copyright notices, titles, and identifying information, despite the fact that those outputs were often verbatim reproductions of the Publishers' Works. Therefore, Defendants intentionally removed copyright management information from the Publishers' Works in violation of 17 U.S.C. § 1202(b)(1). |
| ¶ 188.  Defendants' removal or alteration of The Times's copyright-management information has been done knowingly and with the intent to induce, enable, facilitate, or conceal infringement of The Times's copyrights. | ¶ 222.  Defendants' removal or alteration of the Publishers' copyright-management information has been done knowingly and with the intent to induce, enable, facilitate, or conceal Defendants' or end-users' infringement of the Publishers' copyrights. |
| ¶ 189.  Without The Times's authority, Defendants created copies and derivative works based on The Times's works. By distributing these works without their copyright-management information, Defendants violated 17 U.S.C. § 1202(b)(3). | ¶ 223.  Without the Publishers' authority, Defendants created copies and derivative works based on the Publishers' Works. By distributing these works without their copyright-management information, Defendant violated 17 U.S.C. § 1202(b)(3). |
| ¶ 190.  Defendants knew or had reasonable grounds to know that their removal of copyright-management information would facilitate copyright infringement by concealing the fact that the GPT models are infringing copyrighted works and that output from the GPT models are infringing copies and derivative works. | ¶ 224.  Defendants knew or had reasonable grounds to know that their removal of copyright-management information would facilitate copyright infringement by concealing the fact that the GPT models are infringing copyrighted works and that outputs from the GPT models are infringing copies and derivative works. |
| ¶ 191.  The Times has been injured by Defendants' removal of copyright-management information. The Times is entitled to statutory damages, actual damages, restitution of profits, and other remedies provided by law, including full costs and attorneys' fees. | ¶ 225.  The Publishers have been injured by Defendants' removal of copyright management information. The Publishers are entitled to statutory damages, actual damages, restitution of profits, and other remedies provided by law, including full costs and attorneys' fees. |

7

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count VI: Common Law Unfair Competition By Misappropriation** ||
| ¶ 193.  The Times gathers information, which often takes the form of time-sensitive breaking news, for its content at a substantial cost to The Times. Wirecutter likewise compiles and produces time-sensitive recommendations for readers. | ¶ 227.  The Publishers gather information, which often takes the form of time-sensitive breaking news, for their content at a substantial cost to the Publishers, including the hundreds of millions of dollars and countless "people hours" that the Publishers have spent in their commitment to investigate and accurately report local news to local communities and distribute the paper in print and digital forms. |
| ¶ 194.  By offering content that is created by GenAI but is the same or similar to content published by The Times, Defendants' GPT models directly compete with Times content. | ¶ 228.  By offering GenAI content that is the same as or similar to content published by the Publishers, Defendants' GenAI products directly compete with the Publishers' content. |
| ¶ 195.  Defendants' use of Times content to train models that produce informative text of the same general type and kind that The Times produces competes with Times content for traffic. | ¶ 229.  Defendants' use of the Publishers' content in the outputs of its GenAI products to produce informative text of the same general type and kind that the Publishers produce competes with the Publishers' content for traffic. |
| ¶ 196.  Defendants' use of Times content without The Times's consent to train Defendants' GenAI models constitutes free-riding on The Times's significant efforts and investment of human capital to gather this information. | ¶ 230.  Defendants' use of the Publishers' content without the Publishers' consent constitutes free-riding on the Publishers' significant efforts and investment of human capital to gather this information, by allowing Defendants to reap the benefits of providing the time-sensitive content that had been gathered through the Publishers' efforts. |
| ¶ 197.  Defendants' misuse and misappropriation of Times content has caused The Times to suffer actual damages from the deprivation of the benefits of its work, such as, without limitation, lost advertising and affiliate referral revenue. | ¶ 231.  Defendants' misuse and misappropriation of the Publishers' content has caused the Publishers to suffer actual damages from the deprivation of the benefits of their work, such as, without limitation, lost advertising and subscription revenue. |

| The Times' Complaint | Daily News' Complaint |
|---|---|
| **Count VII: Trademark Dilution (15 U.S.C. § 1125(c))** ||
| ¶ 200.  The Times's trademarks are distinctive and famous. | ¶ 235.  The Diluted Trademarks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and are widely recognized by the general consuming public of the United States. |
| ¶ 201.  Defendants have, in connection with the commerce of producing GenAI to users for profit throughout the United States, including in New York, engaged in the unauthorized use of The Times's trademarks in outputs generated by Defendants' GPT-based products. | ¶ 246.  Defendants have, in connection with the commerce of producing GenAI to users for profit throughout the United States, including in New York, engaged in the unauthorized use of the Diluted Trademarks in branding outputs generated by Defendants' GPT-based products. |
| ¶ 202.  Defendants' unauthorized use of The Times's marks on lower quality and inaccurate writing dilutes the quality of The Times's trademarks by tarnishment in violation of 15 U.S.C § 1125(c). | ¶ 247.  Defendants' unauthorized use of the Diluted Trademarks on lower-quality and inaccurate writing dilutes the quality of the Diluted Trademarks by tarnishment, in violation of 15 U.S.C § 1125(c). |
| ¶ 203.  Defendants are aware that their GPT-based products produce inaccurate content that is falsely attributed to The Times and yet continue to profit commercially from creating and attributing inaccurate content to The Times. As such, Defendants have intentionally violated 15 U.S.C § 1125(c). | ¶ 248.  Defendants are aware that their GPT-based products produce inaccurate content that is falsely attributed to the Daily News, LP; Chicago Tribune Company, LLC; San Jose Mercury- News, LLC; and DP Media Network, LLC, and yet continue to profit commercially from creating and attributing inaccurate content to the Daily News, LP; Chicago Tribune Company, LLC; San Jose Mercury-News, LLC; and DP Media Network, LLC. As such, Defendants have intentionally violated 15 U.S.C § 1125(c). |
| ¶ 204.  As an actual and proximate result of the unauthorized use of The Times's trademarks, The Times has suffered and continues to suffer harm by, among other things, damaging its reputation for accuracy, originality, and quality, which has and will continue to cause it economic loss. | ¶ 249.  As an actual and proximate result of the unauthorized use of the Diluted Trademarks, the Daily News, LP; Chicago Tribune Company, LLC; San Jose Mercury-News, LLC; and DP Media Network, LLC have suffered and continue to suffer harm by, among other harms, harming their reputation for accuracy, originality, and quality, which has and will continue to cause them economic loss. |