UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; and NORTHWEST PUBLICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**PLAINTIFFS' RESPONSE TO OPENAI'S MOTION TO CONSOLIDATE (DKT. 87)**

## INTRODUCTION

In an effort to resolve OpenAI's Motion to Consolidate (Dkt. 87), Plaintiffs (the "Publishers"), together with The New York Times ("The Times"), proposed the following:

1. A single, coordinated discovery schedule that would govern *The New York Times* case and the *New York Daily News* case. This schedule would add 2 months to the schedule [for all deadlines] currently governing The New York Times case.

2. Coordination of depositions across the two cases, to be formalized in a deposition coordination protocol. This coordination would involve, at a minimum, consolidated 30(b)(6) deposition notices to be served on Defendants; depositions of Defendants' witnesses to occur in single sittings; and Defendants' cross-production of documents across the two cases.

3. Coordination of other necessary administrative issues, such as a single protective order and ESI order that would govern in both cases.

Maisel Decl. ¶ 5 & Ex. A (Crosby email dated June 18, 2024). In the interest of resolving the scheduling issue, the Publishers would agree to the six-month fact discovery period requested by OpenAI in its motion — that is, fact discovery ending on December 18, 2024, with all other subsequent dates extended by three months.

This proposal resolves all but two issues raised in the Motion: (1) the date for the close of fact discovery (and other dates), and (2) the need for any further unspecified "consolidation" beyond the proposal set forth above.[1] For the reasons set forth below, the Publishers request that the Court adopt the Publishers' proposal in order to resolve OpenAI's motion to consolidate.

**I.   OpenAI's Proposal on the Schedule is Vague and Premature**

The Defendants' proposed close of fact discovery is vague: "at least six months to complete fact discovery." Dkt. 88 at 11, Dkt. 94 at 9. Six months of fact discovery in this case

---

[1] The Publishers are prepared to work with Defendants and The Times to prepare a stipulation that memorializes the above agreement and resolves both motions.

amounts to a fact discovery cutoff in December 2024—one month later than the Publishers' original proposal of November 2024. But instead of accepting the Publishers' proposal or working with the parties in good faith to reach agreement, OpenAI responded with a far more delayed schedule that pushes the close of fact discovery to March 2025. Maisel Decl. ¶ 6 & Ex. B.

The Court should adopt the Publishers' proposal for two reasons. *First*, the Publishers' proposal would better align the schedule of this case with that in *Authors Guild et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-08292), *Alter et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-10211), and *Basbanes et al. v. Microsoft Corporation et al.* (No. 1:24-cv-00084) (collectively the "Consolidated Class Actions"), which also involve overlapping facts, claims, issues, and defenses. *Second*, OpenAI's request for more time is premature. OpenAI filed its motion before the parties even had an opportunity to confer on the case schedule pursuant to Federal Rule of Civil Procedure 26(f), and discovery opened just a few weeks ago. If six months of fact discovery ultimately proves to be insufficient, OpenAI may show that "despite due diligence, it could not have reasonably met the scheduled deadlines." *See, e.g., Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (denying without prejudice parties' request for an extension to the discovery deadline, noting that the parties could renew the request "upon a properly supported application demonstrating good cause").

II. **The Publishers' Proposal Moots the Need for Any Further Consolidation**

The Defendants have not proposed what, if any, consolidation they seek between this action and *The New York Times* action beyond what the Publishers have proposed regarding the coordination of depositions of Defendants' witnesses, cross-production of Defendants' documents, and other necessary administrative issues. While OpenAI "does not, at present, seek

a consolidated trial," (Dkt. 88 at 3, n. 8), any further consolidation of the two actions—such as consolidated summary judgment motions—would not be fair to the Publishers (or The Times) because the plaintiffs differ and the "specific copyrighted works at issue in the lawsuits differ" (Dkt. 88 at 4). *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) ("The benefits of efficiency can never be purchased at the cost of fairness."); *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation.").

## CONCLUSION

The Publishers respectfully ask the Court to adopt the Publishers' proposal to resolve OpenAI's motion to consolidate by: (1) setting a coordinated discovery schedule that would govern this case and *The New York Times* case that offers a three-month extension to the deadlines currently governing *The New York Times* case; (2) ordering the Publishers and The Times to coordinate on depositions, and (3) ordering the Publishers and The Times to coordinate on necessary administrative issues, such as establishing a single protective order and ESI order that would govern in both cases.

Dated: June 27, 2024

/s/ *Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker (*pro hac vice*)
Jenny L. Colgate (*pro hac vice*)
Mark Rawls (*pro hac vice*)
Kristen J. Logan (*pro hac vice*)
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East

Washington, DC 20001  
Telephone: (202) 783-6040  
Facsimile: (202) 783-6031  
slieberman@rothwellfigg.com  
jmaisel@rothwellfigg.com  
rparker@rothwellfigg.com  
jcolgate@rothwellfigg.com  
klogan@rothwellfigg.com  
bthompson@rothwellfigg.com  

Jeffrey A. Lindenbaum (JL1971)  
ROTHWELL, FIGG, ERNST & MANBECK, P.C.  
The Holyoke-Manhattan Building  
80 South Highland Avenue  
Ossining, New York 10562  
Telephone: (202) 783-6040  
Facsimile: (202) 783-6031  
jlindenbaum@rothwellfigg.com  

*Attorneys for Plaintiffs*

4