UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS<br><br>Hon. Sidney H. Stein<br><br>**REPLY MEMORANDUM IN SUPPORT OF OPENAI'S MOTION TO CONSOLIDATE** |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:24-cv-03285-SHS<br><br>Hon. Sidney H. Stein<br><br>**REPLY MEMORANDUM IN SUPPORT OF OPENAI'S MOTION TO CONSOLIDATE** |

**REPLY MEMORANDUM IN SUPPORT OF OPENAI'S MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | A MARCH 2025 FACT-DISCOVERY CUTOFF IS NECESSARY BECAUSE THE NEWSPAPER PLAINTIFFS PROPOSE TO SIGNIFICANTLY EXPAND THE SCOPE OF THE CASES. | 3 |
| III. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Conley v. Stryker Corp.*,
   2011 WL 6888561 (W.D. Mo. Dec. 28, 2011) ............................................................................6

*Eckert v. Dzurenda et al.*,
   Case No. 2:21-cv-01297, ECF No. 48 (E.D.N.Y. Sep. 22, 2022) ..............................................5

*Hachette Book Grp., Inc. v. Internet Archive*,
   664 F. Supp. 3d 370 (S.D.N.Y. 2023) .........................................................................................4

*Henderson v. Nat'l R.R. Passenger Corp.*,
   118 F.R.D. 440 (N.D. Ill. 1987) ..............................................................................................5, 6

*James v. Universal Motown Records, Inc.*,
   2005 WL 665232 (S.D.N.Y. Mar. 22, 2005) ..............................................................................4

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) .....................................................................................................2

*KGK Jewelry LLC v. ESDNetwork*,
   2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) ........................................................................4, 5

*McGucken v. Content IQ LLC*,
   2021 WL 5357473 (S.D.N.Y. Nov. 16, 2021) ............................................................................4

*Reed v. Deja*,
   2014 WL 1316232 (W.D.N.Y. Jan. 13, 2014) ............................................................................5

*Rodriguez v. Athenium House Corp.*,
   2012 WL 2161284 (S.D.N.Y. June 14, 2012) ........................................................................4, 5

*Shane v. Tokai Bank, Ltd.*,
   1997 WL 257480 (S.D.N.Y. May 15, 1997) ..............................................................................5

*SS&C Techs. Holdings, Inc. v. Arcesium LLC*,
   2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) ....................................................................................5

*Stewart v. Stryker*,
   Case No. 4:11-cv-00376, ECF No. 18 (W.D. Mo. Aug. 3, 2011) ..............................................6

*Werner v. Satterlee, Stephens, Burke & Burke*,
   797 F. Supp. 1196 (S.D.N.Y. 1992) ...........................................................................................5

**Federal Statutes**

17 U.S.C. § 102 ............................................................................................................. 1, 3

17 U.S.C. § 201 ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 16 .......................................................................................................... 4, 5

Fed. R. Civ. P. 26 ............................................................................................................. 4

Fed. R. Civ. P. 42 ............................................................................................................. 4

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 2382 (3d ed. 2024) ................................................................................................... 5

I.   **INTRODUCTION**[1]

The newspaper plaintiffs[2] fail to address the elephant in the room: they have put 18.4 million works (and potentially more to come) at issue in the two cases, without any explanation about how discovery can feasibly get done on their suggested timeline. It cannot. The New York Times proposes asserting 10 million works. The Daily News and 7 other regional newspapers estimate asserting 8.4 million works; this is an estimate because they readily admit the number might be higher since they have not even been able to identify each asserted work to date and have no idea when they will be ready to do so.[3] The scope of the newspaper plaintiffs' cases has only recently come into perspective. The New York Times announced its intention to add 7 million more works into the case in late May. And the Daily News announced its intention to litigate 8.4 million works just over a week ago.

In short, these are lawsuits of unprecedented size for the sole reason that plaintiffs made them so. In a normal case, it would be beyond doubt that a defendant like OpenAI would have the right to evaluate, *inter alia*, (a) whether the works it allegedly infringed were in fact properly owned by the plaintiff under 17 U.S.C. § 201; (b) whether the allegedly infringed material was sufficiently "original" to merit protection, *see* 17 U.S.C. § 102; (c) the "nature of the copyrighted work[s]" asserted against it, *see* 17 U.S.C. § 107(2); and (d) whether the plaintiff complied with the necessary and applicable formalities and renewal rules. The fact that these plaintiffs decided

---

[1] In this brief, unless otherwise specified: (1) emphases were added to quotations while internal quotation marks, alterations, footnotes, and citations were omitted from them; (2) Malhotra Decl. cites to the accompanying Declaration of Paven Malhotra in support of reply memorandum regarding consolidation; and (3) references to *New York Times* mean *The New York Times Co. v. Microsoft Corp.*, Case No. 1:23-cv-11195-SHS (S.D.N.Y.), and references to *Daily News* mean *Daily News, LP v. Microsoft Corp.*, Case No. 1:24-cv-03285-SHS (S.D.N.Y.).

[2] The Times filed a much lengthier brief than the *Daily News* plaintiffs, who do not object to consolidation and whose response is focused on the consolidated case schedule. *See New York Times*, ECF No. 143 ("*New York Times* Resp."); *Daily News*, ECF No. 88 ("*Daily News* Resp.").

[3] Malhotra Decl., ¶ 3.

to assert tens of millions of works in the same lawsuit to justify their demand for billions of dollars in statutory damages does not deprive OpenAI of the right to evaluate the same issues.

Preexisting deadlines need to be extended regardless of whether the cases are consolidated. In fact, in OpenAI's response to the Times's motion for leave to amend its complaint, filed well *before* the consolidation motion, OpenAI requested a fact-discovery extension to March 2025.[4] OpenAI's position remains unchanged here. In its opening consolidation brief, OpenAI requested a fact-discovery extension of "*at least* six months"[5] because the *Daily News* plaintiffs had not yet disclosed how many works are at issue. The bottom line is that no party disagrees about the benefits of consolidation, and the only bone of contention concerns the consolidated case schedule. The undisputed similarities between the two cases mean the Second Circuit's *Johnson* test[6] is easily met because consolidation would alleviate the risk of inconsistent adjudications of common factual and legal issues, and lighten the burdens on the Court, parties, and witnesses.

As discussed below, a fact-discovery extension to March 2025 is necessary in view of the sprawling cases the newspaper plaintiffs propose, and any shorter deadline would greatly prejudice OpenAI. To be clear, any prejudice to the newspaper plaintiffs—and there is none—would be self-inflicted. If the Times does not want an amended case schedule commensurate with its oversized complaint, ***it can elect not to expand its case***. For at least these reasons, the Court should consolidate the *New York Times* and *Daily News* actions and grant the parties until March 2025 to complete fact discovery in the consolidated case.

---

[4] *New York Times*, ECF No. 132 at 1.

[5] *See New York Times*, ECF No. 143 at 11, *and Daily News*, ECF No. 88 at 11 (collectively, "Mot.").

[6] *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

2733218

## II. A MARCH 2025 FACT-DISCOVERY CUTOFF IS NECESSARY BECAUSE THE NEWSPAPER PLAINTIFFS PROPOSE TO SIGNIFICANTLY EXPAND THE SCOPE OF THE CASES.

A March 2025 fact-discovery deadline is needed because the Times expanded the scope of its own case *five months after* it first filed its complaint; the Times wants to triple the number of asserted works in its case by its amended complaint. The Daily News and its sister newspapers, meanwhile, have proposed a case that approaches the size of the Times's case—assuming it does not grow in size, which is a real possibility since the regional newspapers have still not yet identified all of the works at issue.

Specifically, The Times's proposed first amended complaint would add 7 million more asserted works on top of the 3 million already at issue, bringing the total up to 10 million works in that case.[7] Notably, the Court set the current schedule in the *New York Times* case *before* the Times moved to amend.[8] And the eight different *Daily News* plaintiffs, spread out across the country, did not even disclose how many asserted works were at issue in their action until June 24, 2024, about two months after filing their complaint, when their counsel wrote to say they are asserting 8.4 million works—but also that the number "is an approximation" and their "investigation is ongoing."[9]

Consolidation with a March 2025 fact-discovery cutoff would benefit everyone involved. As explained in OpenAI's opening brief, this Court cannot adjudicate the fair use defense without evaluating the nature of the copyrighted works at issue, *see* 17 U.S.C. § 107(2), particularly in light of these plaintiffs' decision to focus their claims on the outputs of OpenAI's

---

[7] *New York Times*, ECF No. 118-1 at 1.
[8] *See New York Times*, ECF No. 112.
[9] Malhotra Decl., Ex. A.

services. Mot. at 10-11.[10] In proposing to extend deadlines by merely three months,[11] the newspaper plaintiffs tacitly concede that the current schedule in the *New York Times* matter would be unworkable and so *some* extension is necessary. But this District has allowed copyright cases with far fewer works at issue far more time to complete discovery than what the newspaper plaintiffs propose. For example, in an action where only four copyrighted photographs were at issue, the court gave the parties fourteen months to complete fact discovery. *See McGucken v. Content IQ LLC*, Case No. 20-cv-8114-AKH, ECF No. 1 at ¶ 8 (S.D.N.Y. Sept. 30, 2020); *id.*, 2021 WL 5357473, at *1 (S.D.N.Y. Nov. 16, 2021) (noting that the parties were given until November 2021 to complete non-expert discovery).[12]

Instead of grappling with the logistical realities and the merits of OpenAI's opening brief, however, the Times resorts to distractions and gamesmanship. None of the Times's arguments is persuasive and, notably, all completely ignore the prejudice to OpenAI from their accelerated discovery schedule and massive expansion of the asserted works.

*First*, OpenAI's motion to consolidate was filed properly pursuant to Federal Rule of Civil Procedure 42(a). Contrary to the Times's assertions,[13] "a new schedule is in [o]rder" when

---

[10] *See* Mot. at 10–11.

[11] *New York Times* Resp. at 11; *Daily News* Resp. at 11.

[12] And in a case involving "plaintiffs' copyrights in 127 books" allegedly infringed through "scanning print copies of the Works in Suit and lending the digital copies to users of the defendant's website without the plaintiffs' permission[,]" the court initially set the discovery cutoff for 13 months after the parties' Rule 26(f) conference but ultimately extended discovery to end 20 months after the Rule 26(f) conference. *Hachette Book Grp., Inc. v. Internet Archive*, 664 F. Supp. 3d 370, 374 (S.D.N.Y. Aug. 28, 2020; Sep. 7, 2021; Jan. 21, 2022); *id.*, Case No. 1:20-cv-04160-JGK, ECF Nos. 35, 50, 70 (S.D.N.Y.). Similarly, in a dispute concerning copyrights in two musical works, the discovery cutoff was ten months after the plaintiffs filed their complaint. *See James v. Universal Motown Records, Inc.*, Case No. 1:03-cv-04487-LAK, ECF No. 1 (S.D.N.Y. June 20, 2003); *id.*, 2005 WL 665232, at *1 (S.D.N.Y. Mar. 22, 2005).

[13] The Times incorrectly asserts that OpenAI's motion should have been brought under Fed. R. Civ. P. 16(b), relying on *Rodriguez v. Athenium House Corp.*, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012) and *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014). *See New York Times* Resp. at 3-4. Neither case supports their

cases are consolidated because no two cases being consolidated will be exactly alike. *Reed v. Deja*, 2014 WL 1316232, at *5 (W.D.N.Y. Jan. 13, 2014).

***Second***, there is widespread agreement that "[a]ctions pending at different stages of discovery may be consolidated[.]" 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2024); *see also Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992) ("The fact that the cases may be in different stages does not bar consolidation."). Here, in the *New York Times* action, the parties are still negotiating custodians and search terms and exchanging hit counts, and discovery associated with the 7 million additional asserted works in the Times's proposed amended complaint has not begun yet.[14] Moreover, discovery in the *Daily News* case has been open for less than three weeks.[15] The actions are therefore far more similarly situated than the Times suggests in its response brief and are not analogous to the cases cited by the Times, where the candidates for consolidation were nothing alike procedurally.[16]

---

position—indeed, neither case even analyzed a motion to consolidate under Rule 16. *Rodriguez* involved a motion to extend expert discovery deadlines due to the plaintiff's medical condition, 2012 WL 2161284, at *2, and *KGK Jewelry* denied a consolidation motion without any mention of revising the scheduling order under Rule 16(b), 2014 WL 7333291, at *2–3. In fact, courts routinely amend scheduling orders when granting motions to consolidate without reference to Rule 16(b). *See, e.g.*, *Shane v. Tokai Bank, Ltd.*, 1997 WL 257480, at *5 (S.D.N.Y. May 15, 1997) (revising scheduling order in light of consolidation without reference to Rule 16); *Reed*, 2014 WL 1316232, at *5 (same); *Eckert v. Dzurenda et al.*, Case No. 2:21-cv-01297, ECF No. 48 (E.D.N.Y. Sep. 22, 2022) (staying discovery and ordering parties to submit a revised scheduling order in light of case consolidation, without reference to Rule 16).

[14] Malhotra Decl., ¶ 4.

[15] *See Daily News*, ECF No. 104 at ¶ 34 (reflecting parties' agreement that discovery opened on June 14, 2024).

[16] The only case that the Times cites from this Circuit is *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, 2024 WL 64781, at *3 (S.D.N.Y. Jan. 5, 2024). In *SS&C Techs.*, the plaintiff attempted to amend its complaint under the guise of a motion to consolidate. *See id.* at *4. The court rejected that attempt, explaining that the plaintiff's motion to consolidate was filed just one month prior to the close of fact discovery in the original litigation, and that the two litigations involved distinct defenses. *See id.* at *4–5. Similarly misplaced is the Times's citation to *Henderson v. Nat'l R.R.*

2733218

***Third***, the newspaper plaintiffs would not be prejudiced by consolidation with a March 2025 fact-discovery cutoff. Indeed, the Times never actually explains *why* it would be prejudiced, pointing solely to its preference for its case not to fall behind the schedule in the book authors' class actions in *Authors Guild*.[17]

The Times, tellingly, gives no substantive reasons for why it needs to be on the same summary-judgment timeline as the *Authors Guild* class action. There is no denying that the newspaper plaintiffs' cases and *Authors Guild* raise a host of similar issues. But such similarities are not in and of themselves sufficient grounds to force OpenAI to rush through discovery here, where the newspaper plaintiffs themselves created the problem by putting 18.4 million works, and possibly more, at issue. The question before the Court is whether the newspaper plaintiffs can deprive OpenAI (and Microsoft) of required time to properly litigate the case, just so the newspaper plaintiffs can remain on a similar schedule as the *Authors Guild* class action.

Indeed, OpenAI would be severely prejudiced by the deadlines proposed by the newspaper plaintiffs. As discussed in OpenAI's opening brief,[18] the current schedule will prejudice OpenAI's ability to evaluate plaintiffs' cases—*i.e.* the ownership, originality, and nature of the asserted works, and whether plaintiffs complied with the necessary and applicable formalities and renewal rules. It therefore comes as no surprise that the newspaper plaintiffs'

---

*Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987), and *Conley v. Stryker Corp.*, 2011 WL 6888561, at *1 (W.D. Mo. Dec. 28, 2011). In both of those cases, discovery in the first-filed litigation had been proceeding for months without any proposed amendment to the plaintiff's claims. *See Henderson*, 118 F.R.D. at 441 (noting that discovery in the initial litigation was "almost completed"); *Stewart v. Stryker*, Case No. 4:11-cv-00376, ECF No. 18 (W.D. Mo. Aug. 3, 2011) (setting discovery schedule four months prior to consolidation order, without any intervening motion to amend plaintiff's complaint).

[17] *New York Times* Resp. at 9–11; *see generally Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292-SHS (S.D.N.Y.).

[18] *See* Mot. at 10–11.

2733218

response briefs never mention the fact that they want to inject millions of asserted works into the cases while on the other hand insisting that discovery needs to be completed as soon as possible. The prejudice to OpenAI of an expedited discovery schedule is plain. The Court should consolidate the cases, but to ensure that no party is prejudiced, order a March 2025 fact-discovery cutoff.

## III.   CONCLUSION

For at least the foregoing reasons, and those stated in OpenAI's opening brief, the Court should consolidate the *New York Times* and *Daily News* actions and order a fact-discovery cutoff of March 2025.

Dated: July 3, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*
ROBERT A. VAN NEST (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
PAVEN MALHOTRA - # 4409397
MICHELLE S. YBARRA (*pro hac vice*)
NICHOLAS S. GOLDBERG (*pro hac vice*)
THOMAS E. GORMAN (*pro hac vice*)
KATIE LYNN JOYCE (*pro hac vice*)
SARAH SALOMON (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
rvannest@keker.com
rslaughter@keker.com
pmalhotra@keker.com
mybarra@keker.com
ngoldberg@keker.com
tgorman@keker.com
kjoyce@keker.com

Attorneys for Defendants OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC

Dated: July 3, 2024				LATHAM & WATKINS LLP

					By: */s/ Joseph R. Wetzel*
						Joseph R. Wetzel
						 *joseph.wetzel@lw.com*
						Andrew M. Gass (*pro hac vice*)
						 *andrew.gass@lw.com*
						505 Montgomery Street, Suite 2000
						San Francisco, CA 94111
						Telephone: 415.391.0600

						Sarang V. Damle
						 *sy.damle@lw.com*
						Elana Nightingale Dawson (*pro hac vice*)
						*elana.nightingaledawson@lw.com*
						555 Eleventh Street, NW, Suite 1000
						Washington, D.C. 20004
						Telephone: 202.637.2200

						Allison L. Stillman
						 *alli.stillman@lw.com*
						1271 Avenue of the Americas
						New York, NY 10020
						Telephone: 212.751.4864

						*Attorneys for OpenAI Defendants*

Dated:  July 3, 2024				MORRISON & FOERSTER LLP


        By:  */s/ Joseph C. Gratz*
           Joseph C. Gratz (*pro hac vice*)
           j*gratz@mofo.com*
           Vera Ranieri (*pro hac vice*)
           *vranieri@mofo.com*
           425 Market Street
           San Francisco, CA 94105-2482
           Telephone: 415.268.7000

           Allyson R. Bennett (*pro hac vice*)
           *abennett@mofo.com*
           Rose S. Lee (*pro hac vice*)
           r*ose.lee@mofo.com*
           707 Wilshire Boulevard, Suite 6000
           Los Angeles, California 90017-3543
           Telephone: 213.892.5200

           Eric K. Nikolaides
           *enikolaides@mofo.com*
           250 West 55th Street
           New York, NY 10019-9601
           Telephone: 212.468.8000

           *Attorneys for OpenAI Defendants*