UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daily News, LP; Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Case No. 1:24-cv-03284-SHS |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' PARTIAL MOTIONS TO DISMISS (DKTS. 76, 80)**

Plaintiffs Daily News, LP (the "New York Daily News"); The Chicago Tribune Company, LLC, (the "Chicago Tribune"); Orlando Sentinel Communications Company, LLC (the "Orlando Sentinel"); Sun-Sentinel Company, LLC (the "Sun-Sentinel"); San Jose Mercury-News, LLC (the "Mercury News"); DP Media Network, LLC (the "Denver Post"); ORB Publishing, LLC (the "Orange County Register"); and Northwest Publications, LLC (the "Pioneer Press") (collectively the "Publishers"), by and through their undersigned counsel, respectfully submit this Notice of Supplemental Authority to apprise the Court of a recent order that supports the Publishers' opposition to Microsoft Corporation's partial motion to dismiss (Dkt. 76) as well as the OpenAI Defendants' partial motion to dismiss (Dkt. 80).

On August 12, 2024, the Court in *Andersen v. Stability AI LTD et al.*, No. 23-cv-00201 (N.D. Cal.), denied the defendants' motions to dismiss the plaintiffs' claim for induced copyright

1

infringement based on a theory that Stable Diffusion artificial intelligence ("AI") models "themselves are infringing works." *See* Order Granting in Part and Denying in Part Motions to Dismiss First Amended Complaint, Dkt. 223 at 7-9 (attached hereto as Exhibit 1).

The Court explained in relevant part:

> The theory of this case is not similar to—for example—a case asserting contributory infringement based on the sale of VCRs where, after discovery, plaintiff had no evidence of defendant's intent to induce infringement. The Supreme Court explained that, in those circumstances, intent could not be 'based on presuming or imputing intent to cause infringement solely from the design or distribution of a product capable of substantial lawful use, which the distributor knows is in fact used for infringement.' *See Grokster, Ltd.*, 545 U.S. at 933 (discussing holding of *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)). Instead, this is a case where plaintiffs allege that Stable Diffusion is built to a significant extent on copyrighted works and that the way the product operates necessarily invokes copies or protected elements of those works. The plausible inferences at this juncture are that Stable Diffusion *by operation* by end users creates copyright infringement and was created to facilitate that infringement by design. In addition to the comment of Stability's CEO, plaintiffs reference articles by academics and others that training images can sometimes be reproduced as outputs from the AI products. FAC ¶¶ 90, 130-139.

*Id.* at 9.

This analysis is relevant to the Publishers' contributory infringement claim addressing circumstances in which "an end-user may be liable as a direct infringer based on output of the GPT-based products," Dkt. 1, Compl. ¶ 212, which is similarly based on allegations that "the GPT LLMs themselves have 'memorized' copies of many of those same works encoded into their parameters" and "the current GPT-4 LLM will output near-verbatim copies of significant portions of the Publishers' Works when prompted to do so," *id*. ¶ 96. Both Defendants have moved to dismiss this claim. Dkt. 77 at 8; Dkt. 82 at 10.

Dated: August 14, 2024                     Respectfully Submitted,

                                           By: */s/ Steven Lieberman*

2

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker (*pro hac vice*)
Jenny L. Colgate (*pro hac vice*)
Mark T. Rawls (*pro hac vice*)
Kristen J. Logan (*pro hac vice*)
Bryan B. Thompson (6004147)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
Rothwell, Figg, Ernst & Manbeck, P.C.
3 Manhattanville Rd.
Purchase, New York 10577
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiffs*