**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; and NORTHWEST PUBLICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION; OPENAI, INC.; OPENAI LP; OPENAI GP, LLC; OPENAI, LLC; OPENAI OPCO, LLC; OPENAI GLOBAL, LLC; OAI CORPORATION, LLC; and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Case No. 1:24-cv-03285-SHS-OTW |

**OPENAI DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION TO DISMISS**

Defendants Open AI, Inc., OpenAI L.P., OpenAI GP, L.L.C., OpenAI, L.L.C., OpenAI OpCo, L.L.C., OpenAI Global, L.L.C., OAI Corporation, L.L.C., and OpenAI Holdings, L.L.C. (collectively, "OpenAI"), by and through counsel, respectfully submit this Notice of Supplemental Authority to apprise the Court of a recent order that further supports Defendants' pending Motion to Dismiss (Dkt. 80).

On August 12, 2024, in *Andersen, et al. v. Stability AI LTD.*, et al., No. 23-cv-00201 (N.D. Cal.), the United States District Court for the Northern District of California granted Stability AI's motion to dismiss the claim under Section 1202(b) of the Digital Millenium Copyright Act ("DMCA") with prejudice "[b]ecause there are no allegations that any output from [Stability AI's

1

product] was identical to a plaintiff's work." See Order Granting in Part and Denying in Part Motions to Dismiss First Amended Complaint, *Andersen*, No. 23-cv-00201, Dkt. 223 at 13 (attached hereto as Exhibit 1). In so holding, the Court reasoned that "Section 1202(b) claims require that copies be 'identical'" and "allegations stat[ing] that output[s]" from the product are "modification[s] of . . . licensed works, as opposed to an 'identical copy' . . . effectively plead[]" a plaintiff out of a Section 1202(b) claim. *Id.* at 12 (quoting *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823, 2024 WL 235217, at *8 (N.D. Cal. Jan. 22, 2024)).

The Court's decision in *Andersen* is relevant to OpenAI's pending Motion to Dismiss the Plaintiffs' DMCA claim "because the Complaint does not allege that OpenAI distributed identical copies of Plaintiffs' works." Dkt. 82 at 19. Plaintiffs argued that their DMCA claim is viable because the DMCA does not confine DMCA "claim[s] to 'entire' copies." Dkt. 100 at 19.

Dated: August 15, 2024

Respectfully Submitted,

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
    Andrew M. Gass (*pro hac vice*)
    *andrew.gass@lw.com*
    Joseph R. Wetzel
    *joseph.wetzel@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: 415.391.0600

    Sarang V. Damle
    *sy.damle@lw.com*
    Elana Nightingale Dawson (*pro hac vice*)
    *elana.nightingaledawson@lw.com*
    555 Eleventh Street, NW, Suite 1000
    Washington, D.C. 20004
    Telephone: 202.637.2200

    Allison L. Stillman
    *alli.stillman@lw.com*
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: 212.906.1200

By: /s/ *Vera Ranieri*

**MORRISON & FOERSTER LLP**
    Joseph C. Gratz (*pro hac vice*)
    *jgratz@mofo.com*
    Vera Ranieri *(pro hac vice)*[*]
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415.258.7522

    Allyson R. Bennett (*pro hac vice*)
    *abennett@mofo.com*
    707 Wilshire Boulevard, Suite 6000
    Los Angeles, CA 90017-3543
    Telephone: 213.892.5454

By: /s/ *Paven Malhotra*

**KEKER, VAN NEST & PETERS LLP**
    Robert A. Van Nest (*pro hac vice*)
    *rvannest@keker.com*

3

Paven Malhotra (*pro hac vice*)[*]
*pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
*mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
*ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
*tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
*kjoyce@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.