September 6, 2024

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re: *Daily News LP, et al. v. Microsoft Corporation, et al.*, Case No.: 1:24-cv-03285-SHS | Dispute Regarding Cross-Production of Defendants' Documents

Dear Magistrate Judge Wang:

The parties have a dispute regarding whether the documents Defendants produced in *The New York Times Company v. Microsoft Corp. et al.*, Case No. 1:23-cv-11195-SHS (S.D.N.Y.) ("*The New York Times* case") should also be produced in the above-captioned case (the "*Daily News* case"), or deemed produced in view of the overlap between the cases. Plaintiffs' position is that all of Defendants' documents from *The New York Times* case should be promptly produced with the same Bates numbers in the *Daily News* case because: (a) Defendants previously agreed to the cross-production of documents; and (b) without such cross-production of documents, the benefits gained by coordination of *The New York Times* case and the *Daily News* case for discovery purposes will accrue only to Defendants.

This issue first came up in connection with OpenAI's motion for pre-trial consolidation (Dkt. 87), which Microsoft joined (Dkt. 94), where OpenAI represented to this Court that the *The New York Times* and the *Daily News* cases are "functionally identical" and "[t]here is no real dispute over the benefits of consolidation, which promises consistent rulings on overlapping discovery and merits issues, and the elimination of duplicative discovery to alleviate significant burdens on the parties, witnesses, and the Court." Dkt. 88 at 5. Plaintiffs agreed, and, together with The New York Times, proposed coordination of discovery between the two cases, including depositions, which would "involve, at a minimum . . . cross-production of documents across the two cases." Dkt. 102 at 2.

Plaintiffs served their first set of requests for production on June 14, 2024, attached hereto as Exhibits A-B, which included a request that Defendants produce their documents already produced in *The New York Times* case. Ex. A at p. 23, Ex. B at p. 22. The remaining requests are, with just a few exceptions, substantively the same as those previously served in *The New York Times* case. In addition to seeking discovery specific to the Defendants' use of Plaintiffs' content, Plaintiffs' requests also seek discovery into Defendants' use of journalism content more broadly, which would include their use of The New York Times's content. *See,*

*e.g.,* Ex. A at pp. 10-12 (Plaintiffs' RFP #s 19, 20-21, 23-25 to OpenAI) and Ex. B at pp. 10-12 (Plaintiffs' RFP #s 18-20, 22-24 to Microsoft).

Both Defendants subsequently agreed to cross-production of documents across the two cases. Ex. C at 7-8. OpenAI stated: "Provided that Plaintiffs do not oppose consolidation, OpenAI does not oppose cross-production once a protective order has been entered in the *Daily News* case." *Id*. at pp. 7-8 (7/26/24 email from Ken Sexauer; emphasis added). Microsoft similarly stated: "We can discuss further on the call, but once the parties agree on a protective order and the order is entered by the Court, Microsoft will plan to cross-produce documents it produced in New York Times as well." *Id*. at p. 7 (7/26/24 email from Jared Briant; emphasis added). Moreover, both Defendants have already agreed that certain overlapping discovery disputes between the two cases should be first resolved in *The New York Times* case and apply equally to this case in order to avoid duplicative discovery disputes before the Court. *See* Ex. D at p. 1 (7/15/24 email from Ken Sexauer); Ex. E at p. 1 (8/16/24 email from Elizabeth Scheibel).

On August 20, 2024, the Protective Order was entered in the *Daily News* case.[1] After two weeks passed and Defendants failed to produce documents from *The New York Times* case (or any other documents at all), Plaintiffs notified Defendants that, pursuant to the Parties' agreement, they intended to treat the documents previously produced in *The New York Times* case as also having been produced in the *Daily News* case. Ex. C at pp. 6-7 (9/3/24 email from Jennifer Maisel). Both Defendants objected. *See id*. at pp. 3, 6. (9/4/24 email from Vera Ranieri and 9/4/24 email from Jared Briant). In a good faith effort to resolve any dispute, Plaintiffs requested that Defendants identify what documents they were refusing to cross-produce. *Id.* at p. 3 (9/4/24 email from Jennifer Maisel). However, neither Defendant identified any documents in response to Plaintiffs' request. OpenAI refused to meet and confer promptly, and counsel for Microsoft responded: "We have no obligation to answer your question." *See id*. at p. 1 (9/24/24 email from Annette Hurst). Ironically, that same day, Defendants circulated a proposal for coordinated depositions across cases, including the *Daily News* and *The New York Times* cases. Ex. F (9/4/24 email from Sheryl Koval Garko).

Under Defendants' proposal, where some (but not all) of Defendants' documents would be produced separately and with different Bates numbers from *The New York Times* case, Defendants' proposal for coordinated depositions would be confusing, inefficient, and cumulative. For example, Defendants may take the position that a witness did not properly authenticate a document where the document shown to the witness in deposition bore a different Bates number from a different case or that testimony about a document produced in one case could not be used in another, thereby requiring different plaintiffs to respectively question Defendants' witnesses about the same document. The Protective Order also does not permit the

---

[1] The Protective Order in the *Daily News* case was modeled off of the Protective Order in *The New York Times* case, and thus the Protective Orders entered in the two cases are virtually the same. During negotiations on the *Daily News* Protective Order, minor changes were made in this Protective Order. To the extent this has any bearing on Defendants' position, a singular protective order could be issued to govern both cases.

sharing of a document produced in this case for another case, which would further complicate deposition procedures. The inefficiencies may also extend into discovery disputes, such as whether the Court's ruling regarding a document (or category of documents) produced in one case extends to a document produced (under a different Bates number) in another case. Defendants themselves have also reviewed and produced thousands of pages of information already in *The New York Times* case, and producing different documents, with different Bates numbers, across the two related cases would "waste considerable time and resources of both the parties and the Court." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-3956, 2009 WL 3150320, at *7 (E.D.N.Y. Sept. 28, 2009); *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. Apr. 10, 2002) ("The chief advantage of ***consolidation is that it avoids the waste associated with duplicative discovery***…") (emphasis added).

Plaintiffs request that the Court order that the documents Defendants produced (and will produce in the future) in *The New York Times* case be promptly produced, or deemed produced, in the *Daily News* case.

Respectfully submitted,

*/s/ Steven Lieberman*

Steven Lieberman

Rothwell, Figg, Ernst & Manbeck

*Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)