# Exhibit B

## Agenda For September 12, 2024 Status Conference Organized By Issue

I. **CASE SCHEDULING & ADMINISTRATION**

  A. **Outstanding Docketed Issues**

  1. OpenAI's Motion to Consolidate[1] The *New York Times* [Dkt. 142] & New York *Daily News* [Dkt. 87] matters for discovery and pretrial purposes

  2. OpenAI's Motion for Extension of Case Schedule: *New York Times* [Dkt. 131/163] (motion seeking to extend the fact discovery deadline to March 17, 2025 in light of the additional works placed at issue in the First Amended Complaint)

  3. Joint Motion to Extend Case Schedule: *Consolidated Class Actions* [Dkt. 180][2] & *New York Times* [Dkt. 235]

  4. Rule 26(f) Report / Case Schedule TBD: *Daily News et al.* [Dkt. 104]. The Parties addressed their proposed case schedules in Section VIII of the Rule 26(f) Report at pages 14-19. With respect to the close of fact discovery, Plaintiffs proposed that fact discovery end in mid-December 2024. Defendants proposed that fact discovery end three months later, in mid-March 2025.

  5. Plaintiffs Request for Bi-Weekly Discovery Status Conferences: *Consolidated Class Actions* [Dkt. 147] & *New York Times* [Dkt. 117] (seeking an order establishing recurring, twice-monthly discovery status conferences to run through the close of fact discovery)

---

[1] Microsoft joined this Motion. *New York Times* [Dkt. 148]; *Daily News* [Dkt. 94]
[2] All docket references relating to the *Consolidated Class Actions* are to the docket number in the *Authors Guild* Action.

B. **Non-Docketed Issues**

1. **Status of *Basbanes, et al.* with respect to *Consolidated Class Actions***

    **Class Plaintiffs' position** is that the class allegations asserted by the *Basbanes* Plaintiffs' action should be dismissed in light of the Court's order appointing LCHB, SG, and CDAS interim class counsel and simultaneously denying the *Basbanes* Plaintiffs' request from the creation of a steering committee. ECF No. 70, 23-CV-8292; ECF No. 32, 24-CV-84. Plaintiffs also maintain that the *Basbanes* action should be stayed pending resolution of class certification in the *Authors Guild* consolidated class action.

    ***Basbanes* Plaintiffs' position** is that they are not opposed to a stay of this action, however, any such stay should not take effect until the Defendants respond to the *Basbanes* Plaintiffs' discovery.

    **Defendants** believe the *Basbanes* action should be dismissed and/or stayed in its entirety.

2. **Deposition Coordination**

    The parties who have filed Rule 26(f) Reports are working to reach agreement on a deposition coordination protocol. Defendants have proposed that this protocol would apply across all matters currently pending before this Court as well as the putative class action *In re OpenAI ChatGPT Litigation* (Case No. 3:23-cv-03223-AMO) pending in the United States District Court for the Northern District of California.

3. **Case Scheduling**

    In the *Center for Investigative Reporting*, Plaintiff is seeking a Rule 16 conference date.

## II. ESI PROTOCOLS

### A. Resolved Docketed Issues

1. Consolidated Class Actions [Dkt. 138 & 140]; *New York Times* [Dkt. 110 & 135] - The parties have resolved their dispute. The parties will withdraw their proposals and the parties will submit a stipulated proposed ESI order in advance of Thursday's conference.

## III. DOCKETED DISCOVERY DISPUTES

### A. *Consolidated Class Actions*

1. **Outstanding Issues**

    a. Plaintiffs' motion to compel OpenAI to respond to requests for admission regarding whether Plaintiffs' works-in-suit were used for AI training [Dkt. 77/78]

    b. Plaintiffs' motion to compel OpenAI to produce document(s) from an FTC investigation, in particular, responses to particular written interrogatories shared with the FTC [Dkt. 106/107]

        (1) *N.B.* – The parties have reached a resolution as to 1 of the 2 issues raised in this motion. The sole issue remaining is identified above

    c. Plaintiffs' motion to compel Microsoft to produce documents regarding training [Dkt. 168/169]

    d. Plaintiffs' motion to compel OpenAI to produce documents from six custodians [*Authors Guild*, Dkt. 193/194; *Alter*, 165/166]

    2.    **Resolved Issues**

        a.    OpenAI's Motion to Compel Discovery from Authors Guild [Dkt. 164]

B.    *The New York Times* – **Outstanding Issues**

    1.    Dkt. 124 – OpenAI's Motion to Compel production of documentation regarding Plaintiff's regurgitation efforts relied on in the complaint (seeking an order compelling the Times to produce documents regarding (a) accounts used to obtain ChatGPT outputs cited in Complaint (b) the Times's attempts, including failed attempts, to reproduce works with ChatGPT, and (c) the process for obtaining cited outputs).

    2.    Dkt. 128 – Plaintiff's Motion to Compel production of documents re: three disputes with OpenAI (seeking an order compelling OpenAI to produce documents concerning large language models developed before 2022, specifically GPT (released in 2018), GPT-2 (released in 2019), and GPT-3 (released in 2020))

        a.    *N.B.* – Agreement has been reached on 2 out of 3 disputes raised in this motion [Dkt. 136]. The sole remaining issue is the one called out above in the parenthetical.

    3.    Dkt. 141 – Plaintiff's Motion to Compel production of documents re: six RFPs (seeking an order requiring OpenAI to produce documents in response to <u>RFP 5</u> (policies regarding use of IP in large language models); <u>RFP 6</u> (documents concerning alternatives to using copyrighted content for model training, including communications regarding licensing agreements); <u>RFP 11</u> (documents concerning OpenAI's formation of a for-profit entity); <u>RFPs 12 and 13</u> (documents concerning retrieval augmented generation); and <u>RFP 15</u> (documents concerning OpenAI's collaboration with Microsoft)

    4.    Dkt. 152 – OpenAI's Motion to Compel production of documents regarding creation, registration and ownership of copyrighted works put at issue by Plaintiff (seeking an order requiring the Times to produce documents regarding a) the creation and authorship of the asserted

copyrighted works and b) the registration and ownership of the asserted copyrighted works)

5. Dkt. 204 – Plaintiff's Motion to Compel additional custodians from OpenAI (seeking an order requiring OpenAI to produce documents from eleven additional custodians: Chris Berner, James Betker, William Fedus, Alex Gray, Daniel Kokotajlo, Brad Lightcap, Ryan Lowe, Bianca Martin, William Saunders, Ilya Sutskever, and Wojciech Zaremba).

6. Dkt. 221 – Plaintiff's Motion re Microsoft's Confidentiality Designations (seeking an order compelling Microsoft to re-review the documents it designated as "Highly Confidential – Attorneys' Eyes Only")

7. Dkt. 228 – Plaintiff's Motion to Compel additional search terms from OpenAI (seeking an order compelling OpenAI to apply additional search terms to its custodians' ESI; the proposed terms are listed at Dkt. 228-1)

8. Dkt. 236 – OpenAI's Motion to Compel production of documents related to The Times' adoption of, reliance on, and support of generative artificial intelligence from Plaintiff (seeking an order compelling the Times to produce documents regarding the Time's a) use of generative artificial intelligence tools b) creation of its own generative artificial intelligence tools and c) positions regarding generative artificial intelligence tools).

C. *New York Daily News et al.* **– Outstanding Issues**

1. Dkt. 135 – Plaintiffs' Motion to Compel cross-production of all documents produced, and to be produced, in *The New York Times* matter with the same Bates numbers

## IV. DISCOVERY DISPUTES NOT YET FILED

### A. *The New York Times*

#### 1. Protocols for Model Inspection, Training Data Inspection, Source Code Inspection

**The New York Times's Position**: The Times served Fed. R. Civ. P. Rule 34 Requests for Inspection on each Defendant on May 22, 2024, and despite months of negotiations, the parties have been unable to agree to the protocols governing The Times's inspection of the Defendants' models, training datasets, and source code. The inspection is crucial to The Times's case, and any further delay threatens to derail the Discovery schedule.

**OpenAI's Position**: There is no dispute ripe for the Court's attention. With respect to the source code protocol, the parties appear on the verge of finalizing the protocol, with only minor edits being negotiated as of September 9. As for the training data inspection protocol, those negotiations are ongoing. The parties paused negotiations because the same protocol was being finalized in the Authors Guild case. Now that the protocol has been finalized in that case, OpenAI anticipates a protocol in The Times case will be finalized in short order. Finally, with respect to the model inspection protocol, OpenAI circulated a protocol on July 22. The Times responded on August 20. Since then, the parties have been negotiating about various terms. OpenAI provided the latest draft on September 6, which The Times is reviewing.  .

**Microsoft's Position**: To date, Microsoft has only been substantively involved in negotiations relating to a protocol for the inspection of its source code. These negotiations are ongoing and the parties are working in good faith to reach agreement. In light of the ongoing negotiations, Microsoft does not believe that there is any need for Court intervention on this issue at this time. With respect to the protocols for inspection of training data and models, Microsoft's position is that these inspection protocols do not apply to it as it did not create or train the models at issue in these cases and thus is not in possession of the training data or models to be inspected. As such, Microsoft has not been substantively involved in any such negotiations, nor has The New York Times sought to negotiate these protocols with Microsoft.