faegre drinker

September 11, 2024

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285-SHS: Response to Plaintiffs' Letter Motion re Cross-Production of Defendants' Documents

Dear Magistrate Judge Wang:

Microsoft and OpenAI ("Defendants") submit this response to Plaintiffs' September 6, 2024 letter (ECF No. 135) requesting that all documents produced by Defendants in *The New York Times v. Microsoft Corp., et al.*, No. 1:23-cv-11195-SHS (S.D.N.Y.) ("*The New York Times* case") be automatically deemed produced in the above-captioned case (the "*Daily News* case").

The eight commonly-owned Plaintiffs in the *Daily News* case and *The New York Times* sued Defendants in different lawsuits. They resisted Defendants' proposal to consolidate their lawsuits. Each Plaintiff has served its own discovery requests on Microsoft and OpenAI, and Defendants have responded to them.

One of the law firms representing *The New York Times* also represents the *Daily News* Plaintiffs. This issue arose when counsel unilaterally announced that they "intend to treat the documents previously produced in *The New York Times* litigation as also having been produced in the *Daily News* case as of September 4." (ECF No. 135-3 at 6-7.) Microsoft and OpenAI objected to counsel's apparent intention to simply start using documents produced in *The New York Times* case in another case by "deeming" them produced in both cases, thereby disregarding the strictures of confidentiality designations under the Protective Order. The Protective Order entered in *The New York Times* case states unequivocally that "[r]ecipients of Protected Discovery Material under this Protective Order may use such material solely for prosecuting, defending, or attempting to settle ***this litigation***." (*The New York Times* case, ECF No. 127 ¶ 20 (emphasis added).)

Defendants immediately communicated to counsel that the *Daily News* Plaintiffs had no right to unilaterally declare that all documents received by their attorneys in their capacity as counsel for *The New York Times* were automatically available and "deemed produced" to the *Daily News* Plaintiffs as well. Instead, Defendants informed Plaintiffs' counsel that they would cross-produce relevant and responsive documents produced in *The New York Times* case in the *Daily News* case, but with document control numbers specific to each case. (ECF No. 135-3 at 1-2). Not only is this customary practice, but it is necessary for two equally important reasons: accurate document tracking and Protective Order compliance. Plaintiffs' response was to file this premature and wholly unnecessary letter motion.

Honorable Ona T. Wang — - 2 - — September 11, 2024

    To be clear, Defendants agree that relevant and responsive documents produced in *The New York Times* case should be produced in this case, and Defendants never said anything to the contrary. That issue is not in dispute. Instead, Plaintiffs have created this dispute by insisting that they are entitled to unilaterally deem documents produced in one case to have been produced in both cases. The only explanation for this demand is Plaintiffs want the documents in both cases to have the same document control numbers, ostensibly for easier use in depositions. This makes very little sense.

    Even in a single case, it is common for the same document to have different document control numbers. For example, an email could be produced by both the plaintiff and the defendant, and yet depositions go on. It is even less surprising to find the same situation in overlapping multi-case litigations that are not formally consolidated. The fact that the same document has multiple control numbers should have next to no impact on the conduct of depositions in such cases.

    This is even more evident here. The parties' discussions related to coordinated depositions include not only *The New York Times* and the *Daily News* cases, but also (1) the already-consolidated class cases pending before this Court and (2) a set of consolidated class cases pending in the Northern District of California. Of course, Defendants have already produced documents in each of the class cases with document control numbers specific to those cases, and no party has suggested that depositions cannot be coordinated across all these cases unless all documents are produced with the same control numbers. And Plaintiffs' suggestion that Defendants will manufacture authenticity disputes where identical documents are produced with different numbers is baseless, especially when that can easily be addressed through agreements between the parties related to the coordinated depositions. Any concerns regarding cross-production should be resolved in the context of these larger case management issues.

    This letter motion never should have been filed. Defendants will produce relevant and responsive documents in this case with document control numbers specific to this case, and Defendants have not at any time refused to produce these documents. Because the sole dispute in this letter motion is entirely resolved by Defendants' production of relevant and responsive documents from *The New York Times* case with document control numbers specific to this case, Plaintiffs' letter motion should be denied in its entirety.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Jared B. Briant* | */s/ Michelle Ybarra* |
| Jared B. Briant | Michelle Ybarra |
| *Counsel for Defendant Microsoft Corporation* | *Counsel for Defendant OpenAI* |

cc:    Counsel of Record (via ECF)