UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>  Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| DAILY NEWS, LP, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>  Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**STIPULATED SOURCE CODE ORDER**

ONA T. WANG, United States Magistrate Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue an order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential source code material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Source Code Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Source Code Order does not create entitlement to file confidential information under seal;

WHEREAS, the Parties acknowledge that this Source Code Order is to be read in conjunction with and as a supplement to the Stipulated Protective Order entered in this action on May 31, 2024 (Dkt. 127) ("Protective Order"); and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential source code the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential source code, this Court finds good cause for issuance of an appropriately tailored confidentiality order regarding source code governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Source Code Order—including without limitation the parties to this action, their representatives, agents, experts and consultants,

all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Source Code Order—shall adhere to the following terms:

      1.      A Party may designate extremely sensitive Protected Discovery Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if the material represents confidential, proprietary, or trade secret computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, ("Source Code Material"), and disclosure of that material to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not Source Code Material but may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."  A Receiving Party may make reasonable requests that if particular documents are made available for inspection that contain both Source Code Material and material that is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL," or otherwise non-confidential, that the documents also be produced with the Source Code Material redacted and the documents marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," if applicable.  If the parties have a dispute regarding such a request, the Receiving Party shall follow the procedures outlined in Paragraph 4 of the Protective Order.

      2.      For Protected Discovery Material designated HIGHLY CONFIDENTIAL –

SOURCE CODE, the following additional restrictions apply:

   (a) Source Code Material, to the extent any producing Party makes it available for inspection, shall be made available in native format. Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer(s) may be interconnected with one another as well as to other devices necessary for accessing the source code (e.g., an external hard drive on which the producing Party provides the Source Code Material), but may not be linked to any other network, including a local area network ("LAN"), an intranet or the Internet) (the "Source Code Computer(s)"). Each standalone Source Code Computer should be connected to an external monitor, an external keyboard, and an external mouse. The hardware and software specifications of the Source Code Computer(s) (e.g., processor speed, RAM, operating system, monitor, compatible IDE and any dependencies) shall be commensurate with that of computers used by the producing Party to review source code in the ordinary course of business. Additionally, the Source Code Computer(s) may only be located at the offices of the producing Party, the offices of the producing Party's outside counsel or its vendors, or other location mutually agreed upon by the producing Party and the receiving Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the Source Code Computer(s);

   (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 6:00 p.m, Monday through Friday, local time where the Source Code Computer(s) are physically located, excluding any local holidays. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's reasonable request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that

maintaining the producing Party's Source Code Material shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

    (c)  The receiving Party shall provide the producing Party with notice of its intent to inspect the Source Code Computer(s) at least seven (7) business days prior to first inspection and four (4) business days for any non-contiguous subsequent inspection. The notice may state that the review will continue from day-to-day as needed. The receiving Party shall provide the name(s) of the individual(s) who will be attending the inspection in writing to the producing Party at least seven business days in advance of the first time that such person inspects the Source Code Computer(s). All authorized persons inspecting the Source Code Computer(s) shall, on each day they view the Source Code Computer(s), sign a log that will include the names of persons who enter the secured room to view the Source Code Computer(s) and when they enter and depart. Proper identification of all authorized persons shall be provided by the receiving Party prior to any access to the secure inspection room or the secured Source Code Computer(s). Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured Source Code Computer(s) may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification;

    (d)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s). The receiving Party's personnel are prohibited from bringing outside electronic devices, including but not limited to phones,

5

computers, recording devices, flash drives, cameras, or other hardware into the room with the Source Code Computer(s). The hosting facility for the producing Party shall provide a secure location to store personal electronic devices;

        (e)        The receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code Materials but may not copy the Source Code Materials into such notes. To the extent the receiving Party desires to take notes electronically, the producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computer(s)), that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type (including but not limited to camera or video functionality) disabled) ) ("note-taking computer") with a current, widely used word processing program in the Source Code Material review room for the receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of notetaking and shall be retained by the producing Party. Such notes shall be downloaded to or uploaded from a removable disk or drive for the receiving Party (but not the producing Party) by the producing Party each review day at the request of the reviewer. The note-taking computer shall have no features which would hinder the complete clearing of the receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the Source Code Material; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. The producing Party shall not review the substance of the notes at any time. Notwithstanding the

foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(f) The producing Party may visually monitor the activities of the receiving Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. Any monitoring must be conducted from outside the room where the inspection is taking place;

(g) Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this protocol, the receiving Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secure inspection room. The producing Party shall not be responsible for any items left in the room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Nothing in the foregoing prohibits the receiving Party from designating items left in the room as privileged under paragraph 13 of the Protective Order;

(h) The producing Party shall reasonably attempt to provide telephone and internet access in a room separate from the room housing the Source Code Computer(s) chosen by the producing Party that is within close proximity to the secure source code review room. A reviewer shall be permitted to access the internet and use a personal cell phone in that room;

(i) The producing Party shall load its Source Code Material in a text-searchable file format, as it is kept in the ordinary course of business, on the Source Code Computer(s). The receiving Party may request that the producing Party install licensed software on the Source Code Computer(s) that is reasonably necessary to assist with review of the producing Party's Source Code Material. Such request shall be subject to the approval of the producing Party, which shall

not be unreasonably withheld. To allow the producing Party reasonable time to prepare the Source Code Computer(s), the receiving Party must provide the producing Party the computer medium (e.g., CD, DVD, USB drive, or FTP) containing the requested software tools and required licenses at least ten (10) business days in advance of the inspection. The producing Party will install and confirm installation of said software on the Source Code Computer(s) prior to the inspection;

(j) Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to five (5) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 15(c) of the Protective Order[2];

(k) A receiving Party may include Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Document"), provided that the Source Code Documents are also designated "HIGHLY CONFIDENTIAL – SOURCE CODE", restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. The receiving Party

---

[1] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's support personnel within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that each outside person has signed the Non-Disclosure Agreement and been disclosed under the terms of the Protective Order.

[2] It may be appropriate under certain circumstances to allow a designated in-house counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as excerpts of Source Code Material cited in motions or expert reports. The parties will work together in good faith and in a manner that preserves work product protection to ensure that the designated in-house counsel has a reasonable opportunity to review draft derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information as needed to approve such papers for service or filing, provided that such person has signed the Non-Disclosure Agreement.

shall only include such excerpts or portions of Protected Material as reasonably necessary for the purposes for which such Protected Material is used. To the extent Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted or attached as exhibit(s) in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE", or (2) those pages containing quoted Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(l) Except as set forth in paragraph 2(r) below, no electronic copies of printouts of Source Code Material (as described in paragraph 2(m)) shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically. The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used;

(m) The receiving Party shall be permitted to request a reasonable number of printouts of Source Code Material (which shall presumptively be a total of five hundred (500) pages of Source Code Material per producing Party), but no more than 50 pages of consecutive source code[3], that is reasonably necessary for the preparation of court filings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of avoiding electronic review on the Source Code Computer(s) in the first instance, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving Party shall maintain a log of all such files that are printed and of any individual who has inspected any portion of the Source Code Material in electronic or paper form. All printouts shall be given

---

[3] Source code printout limits apply only to computer code and associated comments.

to the producing Party for inspection by placing the files requested to be printed in a folder designated for such printouts on the Source Code Computer(s) and identifying the files by file path, file name, and line numbers, and will notify the producing Party of a request to print those pages. Within five (5) business days of such request, the producing Party shall provide five (5) bates-stamped paper copies of such unobjected pages to the receiving party. A receiving Party may in good faith request additional printouts. The Parties understand and agree that the above page limitations were agreed upon without knowledge of the number of pages of source code that may or should be necessary for use in this Action, and therefore agree to meet and confer in good faith in the event a Party requests a reasonable enlargement;

(n) The producing Party may challenge the amount of requested Source Code Material printouts pursuant to the dispute resolution procedure and timeframes set out in paragraph 4 of the Protective Order;

(o) Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts as outlined in 2(k);

(p) Should such printouts be transferred back to electronic media as permitted in paragraphs 2(l) and 2(r), such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(q) If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at: (i)

the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport (e.g., a hotel prior to a Court proceeding or deposition), provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(r) Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may only be transported by the receiving Party at the direction of a person authorized under paragraph 2(j) above to another person authorized under paragraph 2(j) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, flash memory "stick," or external hard drive) via hand carry, Federal Express or other similarly reliable courier. Source Code Material, and printouts or excerpts thereof, may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Printouts of Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 2(q) above and is at all times subject to the transport and labeling restrictions set forth herein. But, for those purposes only, printouts of the Source Code Materials may be loaded onto a non-networked, stand-alone computer; and

(s) All copies of any Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in whatever form shall be securely destroyed if they are no longer reasonably necessary in this Action (e.g., extra copies at the conclusion of deposition). Copies of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production

numbers.

(t) Nothing in this Source Code Order shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Source Code Order shall control for any Source Code Material made available for inspection.

**IT IS SO STIPULATED**, through Counsel of Record.

| | |
|---|---|
| */s/ Ian Crosby* | /s/ *Andrew L. Perito* |
| Ian Crosby (pro hac vice) | |
| Susman Godfrey L.L.P. | Andrew L. Perito (*pro hac vice*) |
| 401 Union Street, Suite 3000 | MORRISON & FOERSTER LLP |
| Seattle, WA 98101 | 425 Market Street |
| Telephone: (206) 516-3880 | San Francisco, CA 94105 |
| icrosby@susmangodfrey.com | Telephone: (415) 268-7000 |
| | Email: APerito@mofo.com |
| Davida Brook (pro hac vice) | |
| SUSMAN GODFREY L.L.P. | Andrew Gass  (*pro hac vice*) |
| 1900 Ave of the Stars, Suite 1400 | LATHAM & WATKINS, LLP |
| Los Angeles, CA 90067 | 505 Montgomery Street, Ste. 2000 |
| Telephone: (310) 789-3100 | San Francisco, CA 94111 |
| dbrook@susmangodfrey.com | Telephone: (415)391-0600 |
| | Email: andrew.gass@lw.com |
| Steven Lieberman (SL8687) | |
| ROTHWELL, FIGG, ERNST | Robert A. Van Nest (*pro hac vice*) |
| & MANBECK, P.C. | KEKER, VAN NEST & PETERS LLP |
| 901 New York Avenue, N.W., Suite 900 East | 633 Battery Street |
| Washington, DC 20001 | San Francisco, CA 94111 |
| Telephone:  (202 783-6040 | Telephone: (415) 391-5400 |
| slieberman@rothwellfigg.com | Email: rvannest@keker.com |

***Attorneys for Plaintiff***
***The New York Times Company***

***Attorneys for Defendants***
***OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC***

| | |
|---|---|
| */s/ Jennifer B. Maisel* | |
| Steven Lieberman (SL8687) | */s/ Jared B. Briant* |
| Jennifer B. Maisel (5096995) | Jared B. Briant |
| Robert Parker (admitted pro hac vice) | FAEGRE DRINKER BIDDLE |
| Jenny L. Colgate (admitted pro hac vice) | & REATH LL |
| Mark Rawls (admitted pro hac vice) | 1144 Fifteenth Street, Suite 3400 |
| Kristen J. Logan (admitted pro hac vice) | Denver, CO 80202 |

Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

***Attorneys for Plaintiffs Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC***

Telephone: (303) 607-3500
Emal: jared.briant@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE
& REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Annette L. Hurst
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Email: ahurst@orrick.com

***Attorneys for Defendant Microsoft Corporation***

 

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 9/30/2024

_____
HON. ONA T. WANG
United States Magistrate Judge