# Exhibit 2

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                  EUREKA DIVISION

7

8      PAUL TREMBLAY, et al.,                  Case No.  23-cv-03223-AMO   (RMI)

9                    Plaintiffs,

10             v.                              **ORDER RE: THIRD DISCOVERY
                                               DISPUTE**

11     OPENAI, INC., et al.,                   Re: Dkt. No. 143

12                    Defendants.

13

14             Now pending before the court is a jointly-filed discovery dispute letter brief through which

15     Defendants seek a protective order: (1) that imposes a 30-day stay as to Plaintiffs' intent to take a

16     deposition while the Parties in this case and the parties in other copyright actions[1] against these

17     Defendants (in another district) complete their meet and confer efforts about discovery

18     coordination and deposition procedures; (2) that requires these Plaintiffs to serve a single,

19     exhaustive deposition notice "rather than allowing serial depositions"; and, (3) clarifies that

20     individuals will be deposed only once in their individual and Rule 30(b)(6) capacities. *See* Ltr. Br.

21     (dkt. 143) at 1. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the

22     court finds the matter suitable for disposition without oral argument. For the reasons stated below,

23     Defendants' request is granted in part, denied in part.

24             Defendants argue that "the California and New York plaintiffs are already seeking separate

25     _____

26     [1] Defendants ("OpenAI") are defending copyright infringement allegations related to the ChatGPT product
       in the three consolidated actions in this district, and in four more actions currently pending in the Southern

27     District of New York: *Authors Guild, et al., v. OpenAI, Inc.*, et al., No. 23-CV-8292 (S.D.N.Y.); *The New
       York Times Co. v. Microsoft Corp., et al.*, No. 23-CV-11195 (S.D.N.Y.); *Alter, et al., v. OpenAI, Inc., et al.*,

28     No. 23-CV-10211 (S.D.N.Y.); and *Basbanes, et al., v. Microsoft Corp., et al.*, No. 24-CV-84 (S.D.N.Y.). The
       California and New York cases will be collectively referred to herein as "the OpenAI cases."

*United States District Court*
*Northern District of California*

depositions of the same OpenAI employee and inquiring into the same topics[,] [a]nd there is good reason to expect that the various plaintiffs will continue to seek duplicative depositions ... [a]sking each of these witnesses to sit for multiple, duplicative depositions is unduly burdensome and oppressive." *Id*. at 3. As Defendants see it, "coordinating depositions across the OpenAI Cases and prohibiting serial depositions of the same witness will preserve Court and party resources without prejudice to Plaintiffs." *Id*. Defendants also assert that Plaintiffs' demand for a deposition by June 4 is unrealistic; that a 30-day stay would have no impact on the case schedule given that the close of fact discovery is not until October 29; and, because "[t]he parties are [only] in the nascent stages of meeting and conferring on the scope of Plaintiffs' 30(b)(6) deposition . . . OpenAI will prepare and present one or more witness on these topics, but needs sufficient time to do so." *Id*. Lastly, Defendants report that Plaintiffs claim an entitlement to taking serial Rule 30(b)(6) depositions – in essence, Defendants submit that "where Plaintiffs refuse to serve a single, comprehensive, 30(b)(6) notice, there is a significant risk that a subsequent notice on new topics will require OpenAI to put up the same witness for a second time." *Id*. at 3-4.

For their part, Plaintiffs respond by claiming that "OpenAI's delay campaign continues." *Id*. at 4. Plaintiffs are adamant about moving forward with their deposition now, and (in their portion of the letter brief) have set forth the topics they intend to cover and have asserted their relevance to their case. *Id*. What Plaintiffs have not done is address the question of why a 30-day stay would prejudice their case other than stating – without explanation – that not taking this deposition now would "limit[] Plaintiffs' ability to prepare for the June 18 settlement conference." *Id*. at 6. Plaintiffs do state that the have already "engaged in good faith negotiation on the topics of the Rule 30(b)(6) deposition precisely to ameliorate any unnecessary burden on OpenAI," and that they have already withdrawn a topic from their notice and clarified four others; thus, Plaintiffs contend that "[t]here remains no dispute that the notice identifies matters subject to discovery regarding the merits in addition to the matters to be addressed at the June 18, 2024, settlement conference." *Id*. at 5.

Plaintiffs add that they "have the right to conduct their Rule 30(b)(6) deposition in order to prosecute their case" and "[t]he SDNY Plaintiffs are likewise free to take discovery in order to

1   advance their case," and that they are "willing to discuss scheduling and other matters in order to

2   minimize the inconvenience to potential witnesses, but OpenAI's proposal for coordination . . .

3   appears to be more [of] an attempt to hamstring Plaintiffs as opposed to advancing judicial

4   efficiency," which means that "the first deposition would not take place until July at the earliest,

5   leaving scant time for the Parties to complete discovery under the present schedule, and limiting

6   Plaintiffs' ability to prepare for the June 18 settlement conference." *Id*. at 5-6. Plaintiffs' concerns

7   might prove true – or they may not. However, they have not addressed the fact that Defendants

8   have claimed that they also need the additional 30-day period to prepare their witness. Likewise,

9   as to Defendants' concerns about Plaintiffs' reported intention to seek multiple depositions from

10  the same witness (something which the court would view with disfavor absent a showing of good

11  cause); those concerns might prove true – or they may not.

12          The picture that seems to be emerging from the Parties' series of discovery disputes thus

13  far is that the Parties are not exactly proceeding through the discovery process with the degree of

14  collegiality and cooperation that might be optimal. This is the third dispute the Parties have

15  brought before the court and, frankly, the court believes that all three disputes should have been

16  resolved without the need for judicial intervention. The court hopes that, moving forward, counsel

17  for the Parties will put forth a significantly greater effort at narrowing or resolving their disputes

18  without having to involve the court each and every time they can find something about which to

19  disagree.

20          That said, the court finds that Defendants' request for a 30-day delay as to the schedule for

21  depositions in this case is well founded – not just because Defendants have claimed they need the

22  time to prepare their witness, but also so that all counsel in the OpenAI cases can meet and confer

23  further such as to explore every avenue through which the discovery process (and depositions in

24  particular) in these cases may be streamlined and made efficient. Thus, Defendants' request to stay

25  depositions in this case for a 30-day period is **GRANTED**. In the meantime, Plaintiffs would be

26  well advised to cooperate with Defendants in the process of streamlining discovery coordination

27  and deposition procedures across the OpenAI cases given that the court is sympathetic to

28  Defendants' concerns about duplicative depositions on the same topics constituting an avoidable

United States District Court
Northern District of California

3

1    burden and a waste of resources. As to the remainder of Defendants' request – meant to foreclose

2    Plaintiffs' reported desire to subject the same witness to multiple depositions, or to otherwise take

3    serial depositions for no good reason, that request is **DENIED** as premature. The court will

4    address those issues when – or if – they arise.

5          **IT IS SO ORDERED.**

6    Dated: May 24, 2024

7

8    _____

9    ROBERT M. ILLMAN
    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California