Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

                      Re: *The New York Times Company v. Microsoft Corporation, et al.*, 23-cv-11195; *Daily News, L P, et al. v. Microsoft Corp., et al.*, 1:24-cv-3285

Dear Magistrate Judge Wang:

      I write on behalf of Plaintiffs The New York Times Company ("The Times") and Daily News, LP et al. ("Daily News") (collectively, the "News Plaintiffs"). We ask the Court to adopt the News Plaintiffs' proposal for a deposition protocol coordinating depositions across the News Plaintiffs' cases. *See* **Exhibit 1** (copy of proposal). Plaintiffs in the consolidated *Authors Guild* class action ("SDNY Class Plaintiffs")[1] are submitting a separate proposal to join depositions across all class cases–which, as discussed herein, includes a materially different consolidated case that encompasses three putative class actions pending in the Northern District of California.[2] Defendants seek coordination across all New York and California cases, which involve approximately 50 named plaintiffs, in a proposal that dramatically cabins the deposition time afforded to the News Plaintiffs.[3]

      There are four material differences among the parties' proposals: (1) the scope of coordination and cross-production of documents; (2) the hours allotted for each side's depositions; (3) per-witness time limits; and (4) limits on 30(b)(6) depositions. *See* **Exhibit 2** (summary chart of the parties' proposals). We address each.

      **1. The Court should order separate deposition coordination protocols for the News Cases and for the Class Cases.**

      **It is true that** Microsoft and OpenAI are now being sued by numerous plaintiffs for their misuse of copyrighted content, which is a natural consequence of their having copied the work of a vast number of content creators. But these cases are not the same. Despite significant differences among these cases – including as to the parties, law firms, scope, claims, timing, jurisdiction, and more – the News Plaintiffs made a proposal that would limit their own depositions to promote efficiency while protecting the News Plaintiffs' right to pursue their own cases. But Defendants have refused to consider the differences among these cases, instead insisting on full deposition coordination across all of the News Cases, consolidated SDNY class actions, and consolidated California class actions. That proposal should be rejected, for at least three reasons.

      *First*, there cannot be coordination without cross-production of documents. Indeed, this Court has already ordered Defendants to cross-produce all documents in *The Times* and *Daily News* cases. Yet Defendants have refused to agree to cross-production of documents across the cases for which they seek coordination. The end result would be an extremely inefficient

---

[1] The consolidated SDNY class cases include *Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292 (S.D.N.Y.), and *Alter v. OpenAI Inc.*, Case No. 23-cv-10211.
[2] *See In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223 (N.D. Cal.).
[3] Including *Center for Investigative Reporting v. OpenAI, Inc.*, Case No. 24-cv-04872 (S.D.N.Y.) ("CIR"), which Defendants have moved to consolidate with the *New York Times* and *Daily News* cases (Dkt. 256), this would involve coordination among five cases, two of which are themselves consolidated class actions that fold in multiple named plaintiffs and law firms.

October 15, 2024
Page 2

coordination process. For example, without cross-production, the News Plaintiffs may not even understand why the either the SDNY or California class plaintiffs seek to depose a particular witness, and given the protective orders, those class plaintiffs will be unable to tell them. Even documents produced in both cases will trigger confusion (and eventually disputes) because the documents will have different Bates numbers. The only way to avoid this confusion (and the resulting disputes) is to examine the same witness on the same document (with different Bates numbers), a waste of time that benefits no one. Cross-production solves all of these problems, with no burden to Defendants, yet Defendants have refused.

*Second,* coordinating depositions across all SDNY and NDCA cases would substantially prejudice the News Plaintiffs. The California cases are significantly narrower than the News Cases, including because ***Microsoft is not a Defendant in California***. In its own words, "the presence of Microsoft in the New York Actions significantly changes the complexion of the cases," given that the New York cases "seek to investigate the role Microsoft played in developing supercomputer technology for OAI's training of its models [and] the relationship between Microsoft and OAI." Dkt. 48 at 5. Beyond Microsoft's absence, OpenAI has conceded that the SDNY cases are "different and broader in scope" relative to the California class cases and argued that "the claims are different" because the SDNY cases involve allegations of secondary infringement not present in the California matters. California Class Actions, Dkt. 139 at 4-5.

The News Cases are also broader than the SDNY class actions. According to Microsoft, the News Cases "inherently require[] additional discovery" because they implicate an "additional technology"—"retrieval augmented generation," Dkt. 153 at 1-2, which is "not at issue" in the class actions, Dkt. 148 at 7.[4] OpenAI similarly contends that the News Cases are "very different" from the SDNY class actions because, while the class cases are "narrowly focused" on Defendants' use of works for "training" the models, the News Cases *also* implicate the "outputs" of Defendants' models and products, which means "the scope of discovery [] will differ substantially." Dkt. 72 at 16. Having argued that (1) the SDNY class cases are significantly broader than the California cases, *and* (2) the News Cases are significantly broader than the SDNY class cases, it makes little sense for Defendants to insist that the News Plaintiffs coordinate with the California plaintiffs.

As a result of these differences, Defendants' proposal would prejudice the News Plaintiffs. Plaintiffs in all of the cases–including two sets of class plaintiffs–would share just eight hours with each witness for the Defendants, leaving only four hours to be split among the two News Plaintiffs. That is not nearly enough time for the News Plaintiffs to explore central issues unique to their cases. And that juggling act would become even more difficult if the Court grants Defendants' pending motion to consolidate the CIR's case with the consolidated News Cases, adding yet another case to the mix. Dkt. 256. While Defendants may prefer for their witnesses to sit for a

---

[4] Retrieval Augmented Generation ("RAG") enables Defendants' products to integrate content from the "live" web—including publisher websites—with their large language models, a function that is particularly important to show that Defendants are using news content in a substitutive way.

October 15, 2024
Page 3

deposition only once and argue that this would promote efficiency, "the Second Circuit has instructed courts that the benefits of efficiency can never be purchased at the cost of fairness." *KGK Jewelry v. ESDNetwork*, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014).[5]

*Third*, coordination with the California plaintiffs would raise logistical concerns. The cases are being litigated by different law firms[6] and are proceeding on different schedules. The California cases will complete discovery later than the SDNY cases, and they will then proceed to class certification – unlike the SDNY cases, which are proceeding to summary judgment next. These differences will create tension in terms of when and why parties seek to depose witnesses. Moreover, because the cases are presided over by different judges in different courts, coordination with the California cases may even lead to competing court orders on common disputes.

The simplest and most practical deposition coordination solution is the one that Defendants themselves proposed when they moved to consolidate The Times and Daily News cases: consolidate depositions among the News Cases only. As Defendants stated in that briefing, "discovery sought from OpenAI by all the newspaper plaintiffs will no doubt be overlapping," including for "individual and corporate-representative depositions." Dkt. 143 at 6. OpenAI also represented that any deposition coordination for the SDNY and California class actions "would *not* apply to the NYT and Daily News cases." Dkt. 144-3 at 3

### 2. Total Hour Allotments

The second dispute concerns the number of hours allotted for each side's depositions.

|  | **Depositions Taken by News Plaintiffs** | **Depositions Taken by Defendants** |
|---|---|---|
| **News Plaintiffs' Proposal** | <ul><li>280-hour cap[7]</li><li>200-hour cap for each Defendant Group's witnesses</li><li>50-hour cap for third-parties</li></ul> | <ul><li>250-hour cap</li><li>200-hour cap for News Plaintiffs' witnesses</li><li>110-hour cap for any one individual News Plaintiff</li><li>50-hour cap for third-parties</li></ul> |
| **Defendants' Proposal** | <ul><li>220-hour cap</li><li>85-hour cap for OpenAI witnesses</li><li>85-hour cap for Microsoft witnesses</li></ul> | <ul><li>250-hour cap for News Cases, with maximum of 200 hours for Plaintiffs' witnesses and 50 hours for non-party fact witnesses</li></ul> |

---

[5] The News Plaintiffs are not opposed to coordination with the SDNY class actions, provided that the appropriate guardrails are in place to ensure they have an adequate opportunity to question witnesses. The News Plaintiffs made an SDNY-only deposition coordination proposal as an alternative, which is attached to this letter as **Exhibit 3**.

[6] Lead counsel in the California class case is Joseph Saveri Law Firm, which is also litigating an AI copyright class action against Meta. *See Kadrey et al v. Meta Platforms, Inc.*, 23-cv-03417-VC (N.D. Cal.). In *Kadrey*, Judge Chhabria recently told the Saveri firm that it had "failed to adequately and diligently litigate," after which lawyers from another firm, Boies Schiller LLP, entered appearances. *See* https://www.law.com/therecorder/2024/09/24/chastised-by-judge-authors-lawyers-bring-boies-schiller-into-meta-ai-copyright-suit/.

[7] The parties agree that total hours caps should also apply to third-party depositions and 30(b)(6) depositions.

October 15, 2024
Page 4

There are two problems with Defendants' proposal. *First*, the 85-hour cap for News Plaintiffs to depose each Defendant is too low. It translates to only 12 full-day depositions per Defendant, despite the broad sweep of Defendants' conduct at issue. Even worse, if CIR is added to the consolidated News Cases, Defendants insist that the total cap should only go up by 10 hours, for a total of 230 hours, with the per-Defendant cap increasing to just 90 hours.

The News Plaintiffs reasonably propose a higher number of hours (280), including to account for the breadth of issues in these cases. *See In re Weatherford*, 2013 WL 5762923, at *3 (S.D.N.Y. Oct. 24, 2013) (granting leave to conduct "sixteen additional nonexpert depositions," reasoning that courts "must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative"). Defendants have already disclosed 15 witnesses under Rule 26, and they will be producing documents from at least 54 custodians (26 for OpenAI, and 28 for Microsoft). Not every custodian will be deposed, but many should be. The list of issues to explore during depositions is a long one.[8] Relatedly, Defendants' proposal to give more time to the class plaintiffs cannot be reconciled with Defendants' assertions that the News Cases require "additional discovery." *See supra* Section 1.

*Second*, Defendants' proposal allots more time for them to depose News witnesses (200) than News Plaintiffs have to depose Defendants' witnesses (170). That framework does not make sense because discovery in these cases has rightly focused on Defendants' conduct as alleged in the Amended Complaint. The News Plaintiffs will prove their prima facie copyright claims through evidence that *Defendants* produce about their models and products. While Defendants might seek to depose News Plaintiffs' witnesses about some additional issues (e.g., harm allegations), the topics Defendants will explore pales in comparison to what the News Plaintiffs must discover through Defendants' witnesses. *Supra* n.8. The News Plaintiffs' proposal for 250 hours, with a 100-hour cap per News plaintiff is more than sufficient.

### 3. Per-Witness Time Limits

Defendants propose that each witness sit for a maximum of 8 hours across all of the cases they propose to be coordinated, including not only the SDNY class actions and News Cases but also the California class actions. This cap, which is only one hour more than a standard deposition, is far too low. In effect, each subgroup of Plaintiffs would each receive only two hours with any witness.[9] The News Plaintiffs propose a more reasonable 10-hour cap, which should apply to the

---

[8] It includes, at a minimum: Defendants' use of publisher content to train the models; the technical process by which these models were trained, including the various stages of training; the functionality of Defendants' user-facing products, including ChatGPT and Microsoft Copilot; Defendants' reliance on publisher content for RAG and generative search, problems with the outputs of Defendants' products, including hallucination, regurgitation, and memorization; Defendants' circumvention of paywalls; Defendants' policies for using copyrighted content; how users interact with Defendants' products; the relationship between Microsoft and OpenAI; the commercialization of OpenAI; Defendants' licensing agreements; and Defendants' unjustly earned profits.

[9] The four plaintiffs are: The Times, the Daily News, SDNY Class Plaintiffs, and California Class Plaintiffs. If CIR is consolidated as well, Defendants' proposal would equate to five Plaintiffs sharing 1.6 hours per witness.

October 15, 2024
Page 5


News Cases only.[10] Under this proposal, each News Plaintiff receives five hours per witness, which is tight but more reasonable than Defendants' proposal. *Pierre v. City of N.Y*, 2022 WL 2384150, at *1 (S.D.N.Y. July 1, 2022) (extending deposition by four hours, reasoning that in "multi-party cases, the need for each party to examine the witness may warrant additional time").

### 4. Rule 30(b)(6) Depositions

The parties have disputes about various limits for 30(b)(6) depositions. Defendants propose a cap of 21 hours for 30(b)(6) testimony from each party. The News Plaintiffs propose a 30-hour limit per Defendant Group and per News Plaintiff group, which is necessary to address the numerous issues in the case relating to Defendants' conduct.

Regardless of the exact number of hours, the agreement on some hours cap renders unnecessary any limits on the number of 30(b)(6) notices. During meet and confers, there have been numerous discussions on these topics. For example, Defendants have proposed limiting the News Plaintiffs to serving one 30(b)(6) notice on Microsoft and one notice on OpenAI, thus treating all OpenAI entity defendants as a single party. The News Plaintiffs agreed to limit the number of 30(b)(6) notices to avoid serving one on each entity, but sought a second notice for each Defendant to focus on custodial topics (e.g., the storage of information), and a third notice for OpenAI's non-profit entity. Defendants have also insisted on serving a separate notice on each plaintiff that comprises the Daily News Plaintiffs, notwithstanding that OpenAI has opposed News Plaintiffs' seeking a separate 30(b)(6) deposition from OpenAI's non-profit entity. Adopting the proposed 30-hour time limit, without limitations on the number of 30(b)(6) depositions, would solve these issues. The News Plaintiffs' proposal also includes a 20-hour minimum for conducting 30(b)(6) deposition from any party (*i.e.*, Microsoft, OpenAI Defendants, The New York Times, and Daily News Plaintiffs), which protects against a party limiting total 30(b)(6) time to just 7 or 14 hours by designating one or two corporate representatives to cover all 30(b)(6) topics.

Finally, Defendants' proposed 12-hour limit for witnesses deposed under both 30(b)(1) and 30(b)(6) is premature. The parties have not served 30(b)(6) notices, much less selected corporate representatives. A 12-hour limit may be sufficient, but it is too early to tell. This issue should be revisited later, based on specific designations.

October 15, 2024                                             Respectfully submitted,

                                                             */s/ Ian Crosby*
                                                             Ian B. Crosby

---

[10] This 10-hour cap should only apply to witnesses deposed solely in their individual capacity. Timing for 30(b)(6) witnesses is addressed below in Section 4. In addition, if the News Plaintiffs coordinate with the SDNY Class Plaintiffs, the News Plaintiffs request a higher per-witness cap of 14 hours, which still only provides each group with 3.5 hours.

October 15, 2024
Page 6

                                                  */s/ Steven Lieberman*
                                                  Steven Lieberman

cc:    All Counsel of Record (via ECF)