KEKER VAN NEST & PETERS        LATHAM & WATKINS LLP        MORRISON FOERSTER

October 18, 2024

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:**   *Daily News, et al. v. Microsoft Corp., et al., Case No. 1:24-cv-3285-SHS-OTW*

Dear Judge Wang:

Pursuant to Paragraph 16 of the Protective Order, Dkt. 129, Defendant OpenAI respectfully requests a pre-motion conference to address OpenAI's request for a protective order[1] to prevent the disclosure of its highly confidential documents, including source code ("OpenAI Confidential Information"), to Dr. Ricardo Baeza-Yates, a "retained consultant" for the Daily News Plaintiffs ("Daily News") and the co-founder and current Chief Scientific Officer of Theodora AI.[2] Theodora AI, like OpenAI, works with "revolutionary AI" to "create[] deep tech" and "develop[]" "AI-based tools." Nightingale Dawson Decl., Ex. D. Dr. Baeza-Yates is one of 13 experts and/or consultants (hereafter "experts") that the Daily News has disclosed in this case. OpenAI has not requested a protective order as to any of the other 12 experts, including the three experts who also work directly in the field of artificial intelligence. *See id.* ¶ 3; *see also id.*, Exs. E, F, G (CVs for Daily News disclosed experts Melanie Mitchell, Vinay Hooloomann, and Oren Etzioni).

**Protective Order Standard.** Federal Rule of Civil Procedure 26(c)(7) specifically permits a court to order that "trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." The Protective Order in this case, in turn, contemplates invocation of Rule 26(c) with regard to disclosure to experts and consultants. *See* Dkt. 129 ¶ 16(b). Under the Protective Order, a party that has produced discovery designated as highly confidential may object to the disclosure of such discovery to an opposing party's expert where, as here, "the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the recipient's need to disclose" the material. *Id.*

A protective order limiting the disclosure of confidential information is warranted where "good cause for the order exists"—that is, where there is "a particular need for protection." *Flores v.*

---

[1] The parties conferred in good faith regarding the dispute addressed herein by video conference on Thursday, October 10, 2024, as well as by written correspondence both before and after. *See* Nightingale Dawson Decl. ¶ 5. The parties' conferral efforts were unsuccessful. *Id.* ¶ 6.

[2] Notably, and of concern to OpenAI, in its initial request to share the OpenAI Confidential Information with Dr. Baeza-Yates, Daily News did not disclose Dr. Baeza-Yates's founding of and work at Theodora AI, and had provided a CV for Dr. Baeza-Yates that did not list Theodora AI. *See* Nightingale Dawson Decl., Ex. A. Only when OpenAI flagged for Daily News that Dr. Baeza-Yates's CV appeared to be incomplete did Daily News then provide an updated resume identifying that Dr. Baeza-Yates co-founded Theodora AI. *See id.*, Ex. B. Even then, however, Daily News failed to disclose that Dr. Baeza-Yates is the current Chief Scientific Officer of Theodora AI, which OpenAI only learned through its own independent investigation. *Id.* ¶ 4.

*Stanford*, No. 18-cv-02468, 2021 WL 4441614, at *4 (S.D.N.Y. Sep. 28, 2021).[3] "Although the burden is on the movant to establish good cause for the entry of a protective order, the court ultimately weighs the interests of both sides in fashioning an order." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).

When the question before the Court is whether a particular expert should be permitted to review certain materials, "the court balances that party's need to have its chosen expert review the materials against the producing party's interest in protecting the materials from a potential competitor." *Flores*, 2021 WL 4441614, at *4. "Relevant considerations in striking this balance include: 1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the materials, 2) the risk of inadvertent disclosure of proprietary information, 3) the hardship imposed by the restriction, 4) the timing of the remedy, and 5) the scope of the remedy." *Id.* Courts also consider "the specific expertise of th[e] [chosen] consultant and whether other consultants possess similar expertise." *Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05-cv-6430, 2008 WL 577284, at *1 (S.D.N.Y. Feb 27, 2008).

***A Protective Order is Warranted Here.*** Here, all of the relevant factors weigh in favor of granting a protective order. First, Dr. Baeza-Yates is "involved in competitive decision making" and "scientific research relating to the subject matter of [the OpenAI Confidential Information]"—artificial intelligence technology and the fine-tuning of large language models. *See* Nightingale Dawson Decl., Exs. C, D, H at 2; *Flores*, 2021 WL 4441614, at *4. OpenAI's research and development efforts include the refinement of large language models. Trinh. Decl. ¶ 2. As such, the OpenAI Confidential Information, which is designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" under the Protective Order, includes highly technical, internal documentation related to OpenAI's scientific efforts to invent, develop, and test not only its artificial intelligence products but also its techniques to "fine-tune" language models. *See id.* ¶¶ 2–3.[4] OpenAI has invested nearly a decade of work into carefully and expertly designing fine-tuning processes to reduce harmful outputs and improve usefulness, ensuring that OpenAI's models effectively address subtle biases and enhance their usefulness and commercial competitiveness. *Id.* ¶ 4.

Dr. Baeza-Yates, in turn, is the Chief Scientific Officer for a company—Theodora AI—that, based on publicly available information as well as information belatedly disclosed by the Daily News, operates within the same space as OpenAI—that is, in the area of developing AI-based tools, including important fine-tuning techniques. *See* Nightingale Dawson Decl. Exs. C, D, H at 2. The Daily News has revealed to OpenAI that one of Theodora AI's principal commercial

---

[3] Internal quotation marks and citations omitted throughout.

[4] Although OpenAI makes public disclosures describing certain aspects of its innovations, other aspects of its innovations remain confidential. OpenAI takes extensive measures to protect the confidentiality of the OpenAI Confidential Information, protecting such information with a comprehensive security strategy including physical, network, system, application, data, cloud and hardware security measures, enforced by robust security practices, programs, and policies. OpenAI further protects the OAI Confidential Information by restricting access to training environments and high-value algorithmic secrets on a need-to-know basis, as well as internal and external penetration testing. M. Trinh Decl. ¶ 5; *see also* trust.openai.com.

activities is based on techniques the company has developed to "fine-tune" language models. Nightingale Dawson Decl., Ex. H at 2. According to the Daily News, Theodora AI works with the RoBERTa model released by Meta Platforms. *Id.* And as Dr. Baeza-Yates's company itself says, it works with "revolutionary AI" to develop "AI-based tools," Nightingale Dawson Decl., Ex. D—that is, it works in the exact same space as OpenAI.

Second, there is not only risk of inadvertent disclosure of OpenAI's proprietary information—but indeed, there is a *guarantee* of *advertent* disclosure directly to Theodora AI via Dr. Baeza-Yates. This risk is typically triggered "when the proposed recipient of sensitive information has an active relationship with one or more of the disclosing party's competitors, and is involved in competitive decision-making." *Flores*, 2021 WL, at *9. Here, Dr. Baeza-Yates *himself* founded and currently works directly for Theodora AI as its Chief Scientific Officer. It would be impossible for Dr. Baeza-Yates to segregate what he would learn from OpenAI's highly confidential technical documentation from the work he is doing for Theodora AI.

Third, during the parties' conferrals, Daily News did not identify a single hardship that would be imposed by this restriction. Nightingale Dawson Decl. ¶ 5. That is not surprising, as the Daily News already has three other experts who do work directly related to artificial intelligence, all of whom are able to review all of the OpenAI Confidential Information produced in this litigation. Nightingale Dawson Decl. ¶ 3. For example, the Daily News is able to disclose the OpenAI Confidential Information to Melanie Mitchell, a professor at the Santa Fe Institute who has a Ph.D. in Computer Science and whose research has included, *inter alia*, "large language models," "[a]rtificial intelligence," and "machine learning." *Id.*, Ex. F. The Daily News is also able to disclose the OpenAI Confidential Information to Vinay Hooloomann, whose work includes the development of large language models, as well as to Oren Etzioni, the "Founding CEO" of the "Allen Institute for Artificial Intelligence" whose research has spanned from language models to data mining. *Id.*, ¶¶ E, G. The Daily News also has five other experts who work in computer-related fields to whom Daily News can disclose the OpenAI Confidential Information. Nightingale Dawson Decl. ¶ 3. Indeed, this is the first time OpenAI has sought to limit the disclosure of its information to any Daily News expert. Where, as here, the specifically claimed expertise of a disclosed expert—Dr. Baeza-Yates—appears to overlap entirely with the claimed expertise of the Daily News's numerous other disclosed experts, no hardship will result from granting the requested protective order.

The fourth and fifth factors likewise support the granting of a protective order. As to the timing of the remedy, OpenAI is seeking to prevent disclosure immediately after the Daily News disclosed Dr. Baeza-Yates. Expert discovery deadlines have not been set and, as such, the Daily News has ample time to address any disclosure limitations the Court imposes. As to the scope of the remedy, the scope of the requested protective order here is appropriate to the circumstances. OpenAI is not seeking to prevent the Daily News from working with Dr. Baeza-Yates in connection with this litigation. All OpenAI is seeking to prevent is the disclosure of its highly confidential, internal technical and scientific documentation, along with the source code for OpenAI's proprietary technology and products—to the Chief Scientific Officer of a company that both works in the same space as OpenAI, and develops technology and techniques directly related to what OpenAI does.

For the foregoing reasons, OpenAI respectfully requests that the Court enter a protective order prohibiting disclosure of the OpenAI Confidential Information to Dr. Baeza-Yates.

Respectfully,

| KEKER, VAN NEST & PETERS LLP* | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Thomas E. Gorman*<br>Thomas E. Gorman* | */s/ Elana Nightingale Dawson*<br>Elana Nightingale Dawson | */s/ Vera Ranieri*<br>Vera Ranieri* |

cc: All Counsel of Record Line (via ECF)

---

* Elana Nightingale Dawson uses Thomas E. Gorman's and Vera Ranieri's electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.