UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| DAILY NEWS, LP, et al.,<br><br>Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**[PROPOSED] MODEL INSPECTION PROTOCOL**

Upon the stipulation of the parties, the following protocol will apply to the inspection, review, and/or disclosure of Models produced by OpenAI[1]:

1. For the purposes of this protocol, "Models" shall be defined as the GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT 4o models available at https://platform.openai.com/docs/models as well as certain deprecated models (text-davinci-001 and text-davinci-003). If the Inspecting Party requests that additional deprecated models

---

[1] OpenAI refers to, collectively, Defendants OpenAI, Inc., OpenAI, L.P., OpenAI L.L.C., OpenAI OpCo, L.L.C., OpenAI Global L.L.C., OAI Corporation L.L.C., OpenAI Holdings L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC.

be made available for inspection, the Parties agree to meet and confer in good faith to discuss the feasibility and burden in making such models available.

2. The "Inspecting Party" shall be defined as each Plaintiff group in the above captioned actions, including its attorneys of record, agents, retained consultants, experts, and any other persons or organization over which it has control.

3. Nothing in this Model Inspection Protocol shall alter or change in any way the requirements of any operative Protective Order or Training Data Inspection Protocol or Order. In the event of any conflict, however, this Model Inspection Protocol shall control for any use of the Models made available for inspection.

4. Models shall be produced for inspection and review subject to the following provisions:

a. OpenAI will make the Models available through an API and provide three (3) accounts ("Accounts") and access credentials for those Accounts to each Inspecting Party. OpenAI will provide each Inspecting Party with API credits in each Account to use for its inspection such that the Account will qualify for the Tier 5 usage tier. See https://platform.openai.com/docs/guides/rate-limits/usage-tiers. If the Inspecting Party exhausts the initial API credits it was provided and requests additional API credits to complete its inspection, the Parties agree to meet and confer in good faith to discuss how to address any purported need for additional API credits. Each party reserves all rights, including the right to seek relief with the Court, if agreement cannot be reached. OpenAI will reasonably cooperate with the Inspecting Party to address any technical concerns the Inspecting Party may have regarding the Accounts and Models provided.

b. The Inspecting Party is responsible for all activities that occur under its use of the Models and Accounts. The Inspecting Party may not make Account access credentials available to third parties or resell or lease access to the Inspecting Party's Accounts. The Inspecting Party will promptly notify OpenAI if it becomes aware of any unauthorized access to or use of the Inspecting Party's Accounts or OpenAI's Models. Notwithstanding anything contained herein to the contrary, OpenAI acknowledges and agrees that the

Inspecting Party may access and inspect the Models in order to ascertain whether and to what extent the Models use, rely, embody, or reproduce the Inspecting Party's content and other intellectual property.

   c.  OpenAI owns all right, title, and interest in and to the Models. The Inspecting Party only receives rights to use the Models as explicitly granted in this Model Inspection Protocol.

   d.  The Inspecting Party will not:

    i.  use the Models in a manner that violates any applicable laws or this Model Inspection Protocol;

    ii.  use the Models in a manner that infringes, misappropriates, or otherwise violates any third party's rights;

    iii.  send OpenAI any personal information of children under 13 or the applicable age of digital consent or allow minors to use OpenAI's Models without consent from their parent or guardian;

    iv.  reverse assemble, reverse compile, decompile, translate, engage in model extraction or stealing attacks, or otherwise attempt to discover the source code or underlying components of the Models, algorithms, and systems of the Models (except to the extent these restrictions are contrary to applicable law);

    v.  use output from the services based on the input ("Output") to develop any artificial intelligence models that compete with OpenAI products and services; or

    vi.  buy, sell, or transfer API keys from, to or with a third party.

   e.  The Inspecting Party is responsible for all input provided to the Models ("Input") and represents and warrants that it has all rights, licenses, and permissions required to provide Input to the Models. The Inspecting Party is solely responsible for all use of the Outputs and evaluating the Output for accuracy and appropriateness for its use case, including by utilizing human review as appropriate.

        f.        If the Inspecting Party uses the Models to process personal data, the Inspecting Party must (a) provide legally adequate privacy notices and obtain necessary consents for the processing of personal data by the Models, (b) process personal data in accordance with applicable law, and (c) if processing "personal data" or "Personal Information" as defined under applicable data protection laws, execute OpenAI's Data Processing Addendum (available at https://openai.com/policies/data-processing-addendum/) by filling out the form located at https://ironcladapp.com/public-launch/63ffefa2bed6885f4536d0fe.

        g.        The Inspecting Party agrees not to use the Models to create, receive, maintain, transmit, or otherwise process any information that includes or constitutes "Protected Health Information", as defined under the HIPAA Privacy Rule (45 C.F.R. Section 160.103), unless the Inspecting Party has signed a Healthcare Addendum and Business Associate Agreement (together, the "Healthcare Addendum") with OpenAI prior to creating, receiving, maintaining, transmitting, or otherwise processing this information.

        h.        The Inspecting Party agrees that it is responsible for any liabilities, damages, and costs (including reasonable attorneys' fees) payable to a third party arising out of a third party claim related to the Inspecting Party's use of the Models in violation of this Model Inspection Protocol.

        i.        The Inspecting Party agrees to comply with all applicable trade laws, including sanctions and export control laws. OpenAI's Models may not be used in or for the benefit of, or exported or re-exported to (a) any U.S. embargoed country or territory or (b) any individual or entity with whom dealings are prohibited or restricted under applicable trade laws. OpenAI's Models may not be used for any end use prohibited by applicable trade laws, and the Inspecting Party's Input may not include material or information that requires a government license for release or export.

    5.        The Inspecting Party does not waive any applicable work-product protection over its use of the Models. OpenAI, including its attorneys of record, agents, retained consultants, experts, and any other persons or organization over which it has control, will not

access any logs or monitor any other activity associated with the Accounts, and any such logs or activity will be subject to work-product production.

6.   The Inspecting Parties' searches and outputs shall be subject to a zero-day retention policy on OpenAI's systems.

7.   Notwithstanding any provisions of this Model Inspection Protocol or the Protective Order entered on May 31, 2024, the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 21, 2024               MORRISON & FOERSTER LLP

By: *Joseph C. Gratz*
   Joseph C. Gratz (*pro hac vice*)
   JGratz@mofo.com
   Vera Ranieri (*pro hac vice*)
   VRanieri@mofo.com
   425 Market Street
   San Francisco, CA  94105-2482
   Telephone:  415.268.7000
   Facsimile:  415.268.7522

   Rose S. Lee (*pro hac vice*)
   RoseLee@mofo.com
   707 Wilshire Boulevard
   Los Angeles, California 90017-3543
   Telephone:     (213) 892-5200
   Facsimile:     (213) 892-5454

   Attorneys for Defendants
   OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

Dated: October 21, 2024  LATHAM & WATKINS LLP

By: *Elana Nightingale Dawson*
Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson
elana.nightingaledawson@lw.com
555 Eleventh Street NW
Suite 100
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Allison Levine Stillman
alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

| | |
|---|---|
| Dated: October 21, 2024 | KEKER, VAN NEST & PETERS LLP<br><br>By: *Paven Malhotra*<br>Robert A. Van Nest (*pro hac vice*)<br>RVanNest@keker.com<br>R. James Slaughter (*pro hac vice*)<br>RSlaughter@keker.com<br>Paven Malhotra<br>PMalhotra@keker.com<br>Michelle S. Ybarra (*pro hac vice*)<br>MYbarra@keker.com<br>Nicholas S. Goldberg (*pro hac vice*)<br>NGoldberg@keker.com<br>Thomas E. Gorman (*pro hac vice*)<br>TGorman@keker.com<br>Katie Lynn Joyce (*pro hac vice*)<br>KJoyce@keker.com<br>633 Battery Street<br>San Francisco, California  94111-1809<br>Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188<br><br>Attorneys for Defendants<br>OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC |

Dated: October 21, 2024                    By:   *Ian Crosby*
                                                 Ian Crosby (pro hac vice)
                                                 Susman Godfrey L.L.P.
                                                 401 Union Street, Suite 3000
                                                 Seattle, WA 98101
                                                 Telephone: (206) 516-3880
                                                 icrosby@susmangodfrey.com

                                                 Davida Brook (pro hac vice)
                                                 SUSMAN GODFREY L.L.P.
                                                 1900 Ave of the Stars, Suite 1400
                                                 Los Angeles, CA 90067
                                                 Telephone: (310) 789-3100
                                                 dbrook@susmangodfrey.com

                                                 Steven Lieberman (SL8687)
                                                 ROTHWELL, FIGG, ERNST
                                                 & MANBECK, P.C.
                                                 901 New York Avenue, N.W., Suite 900 East
                                                 Washington, DC 20001
                                                 Telephone:  (202 783-6040
                                                 slieberman@rothwellfigg.com

                                                 ***Attorneys for Plaintiff The New York Times Company***

| | | |
|---|---|---|
| Dated: October 21, 2024 | By: | *Jennifer B. Maisel* |

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker (admitted pro hac vice)
Jenny L. Colgate (admitted pro hac vice)
Mark Rawls (admitted pro hac vice)
Kristen J. Logan (admitted pro hac vice)
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

***Attorneys for Plaintiffs Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC.***

      **IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

_____

HON. ONA T. WANG

United States Magistrate Judge
