# EXHIBIT 1

| | |
|---|---|
| **From:** | Ellie Dupler |
| **To:** | Briant, Jared B.; Alex Frawley |
| **Cc:** | KVP-OAI; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR; NYT-AI-SG-Service@simplelists.susmangodfrey.com |
| **Subject:** | Re: NYT v. Microsoft et al. |
| **Date:** | Friday, October 18, 2024 11:05:23 AM |

Hi Jared,

I'm following up on Alex's email and the meet and confer we had on Wednesday, during which we discussed The Times's proposal on the remaining custodians in dispute. We understand Microsoft to be taking the position that Suleyman should not be a custodian, and that the parties are at an impasse as to him.

As for Counts and Manivannan, we understand Microsoft will agree to add one of these employees as a custodian and that, for the one not selected, Microsoft will agree: (1) not to call him at trial, and (2) not to rely on him at summary judgment, except for the purpose of authenticating a document. Assuming that is Microsoft's counter-proposal, The Times agrees to it. Please confirm.

Thank you,

Ellie Dupler
Associate | **Susman Godfrey L.L.P.**
1900 Ave. of the Stars, Ste. 1400
Los Angeles, CA 90067
310-789-3107 (o) | 231-649-4283 (c)
edupler@susmangodfrey.com

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of Briant, Jared B. <jared.briant@faegredrinker.com>
**Date:** Friday, October 11, 2024 at 4:34 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>, OpenAICopyright@mofo.com <OpenAICopyright@mofo.com>, openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>, NewYorkTimes_Microsoft_OHS@orrick.com <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>, NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex –

Thanks for your email, we will provide you a response on this question and request early next week.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, October 10, 2024 9:57 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

**This Message originated outside your organization.**

Hi Jared,

Thank you for confirming Microsoft will add as custodians Mohamed El-Kamhawy, Dean Carignan, Matt Dahlin, Padma Gaggara, Brent Hecht, Jaron Lanier, and Luis Vargas.

As for Counts and Manivannan, we can revise our proposal to request that, for the person whom Microsoft does not designate as a custodian, Microsoft (1) agree not to call that person at trial, and (2) not to rely on that person's testimony in connection with moving for or opposing any summary judgment motion in this case. Does Microsoft agree to this revised proposal?

As for Suleyman, the current CEO of Microsoft AI, The Times stands by its view that he should be a custodian given his reported role in analyzing OpenAI's models, using those models to produce training data, and commercializing Microsoft's generative AI products (among other things). As a compromise proposal, rather than seeking to run all custodial search terms for this custodian, we ask that Microsoft run these more limited terms:

1. ChatGPT
2. GPT*
3. OpenAI OR OAI
4. distill*
5. Freeware OR (public* /10 available) OR "Open web"
6. paywall*
7. robots.txt
8. (train* OR stage* OR layer*) w/5 (data OR learn* OR iteration OR cycle OR batch OR epoch)
9. "NY Times" OR NYT OR "New York Times" OR "The Times" OR *nytimes*
10. "The Athletic" OR *theathletic*
11. *wirecutter*
12. Copyright OR "fair use"
13. valu* /50 (content OR data* OR news* OR publish*)
14. (Phi* OR SLM OR LLM OR Synthetic) /50 (train* OR data* OR content)
15. Scrape* OR scraping OR crawl*
16. "Social contract"
17. Bing /10 (chat /5 log*)
18. (copy* OR recreat* OR reproduce*) /50 (content* OR work* OR info*)
19. Tech* /50 (transform* OR innovat*)
20. AI-first OR (AI /10 first)
21. (Copilot OR Bing OR Edge OR ChatGPT OR GPT*) /50 (product* OR consumer OR business* OR commercial* OR *profit*)
22. AI /50 (safe* OR ethic* OR benefit*)
23. (fast* OR speed* OR quick*) /50 (retriev* OR RAG)

As part of negotiating this proposal, please send us hit counts for this proposal so we can make any warranted adjustments.

Best,
Alex

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> **On Behalf Of** Briant, Jared B.
**Sent:** Thursday, September 26, 2024 7:06 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Alex –

I'm writing to follow up on our discussions regarding Microsoft custodians (I will address search

terms in a separate email).

Thank you for discussing your request for additional custodians with us during our September 9 call. Following that discussion, we agree to add the following individuals you requested as custodians: Mohamed El-Kamhawy, Dean Carignan, Matt Dahlin, Padma Gaggara, Brent Hecht, Jaron Lanier, and Luis Vargas.

Wwe are agreeing to your you proposal to add these custodians without conceding or agreeing to The Times' position that these individuals are appropriate custodians—that is, that they are in roles at Microsoft such that their documents are relevant to the issues in the case and further that their documents are responsive to discovery served by The Times and non-cumulative. For example, Brent Hecht and Jaron Lanier are not appropriate custodians because they very clearly do not have any role within the company that is relevant to the issues in this case. Similarly, we do not agree that the document your September 5 email referenced shows that "███████████████████████████████████████████████████████████," as you asserted. Although we are agreeing to add these individuals as custodians in an effort to reach agreement on this issue, I want to be absolutely clear that we do not think that they have relevance in this case, and continued requests for Microsoft to add custodians who are not in roles that are substantively relevant to this case are unreasonable.

For Scott Counts and Sathish Manivannan, we may be able to reach a compromise but your suggestion that Microsoft not be able to rely on these individuals for any purposes if they are not made custodians is too broad. In an effort to reach some agreement here, if we drop one of these individuals as a custodian, we will not call him as a witness at tiral.

We do not agree to add Mustafa Suleyman, for the reasons that I stated during our call, including the fact that Mr. Suleyman did not even join Microsoft until well after both the events alleged in The Times' complaint and the filing of the complaint itself.

In terms of next steps, we will proceed with collecting documents from Mohamed El-Kamhawy, Dean Carignan, Matt Dahlin, Padma Gaggara, Brent Hecht, Jaron Lanier, and Luis Vargas.

Let us know if helpful to discuss these custodians further.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential

and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, September 5, 2024 11:40 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

**This Message originated outside your organization.**

Hi Jared,

Thank you for your email. We can meet and confer tomorrow at 2 CT, and we will send an invite.

We disagree with your suggestion that The Times withdrew its request for these custodians. The Times has been clear and consistent that it believes these employees should be custodians since we requested them on July 2. We also disagree with your assertions about the burdens associated with The Times's custodian and search term proposals.

Below we include our positions on the remaining custodians in dispute. If we cannot reach an agreement, The Times will file a motion to compel and may request that the dispute be addressed during the September 12 conference. The Times first requested these custodians on July 2, and it is long passed time to reach a resolution of the issue. We are providing additional information in response to your request, which we hope will facilitate this meet and confer.

The Times at this time is not requesting that Scott Guthrie be added as a custodian.

The Times stands by its request to add **Scott Counts** and **Sathish Manivannan**, including because Microsoft identified them in response to Interrogatory 3, which sought the names of employees who are knowledgeable about Microsoft's ███████████████████████████████████████████████████████ That said, we are open to a potential compromise in which Microsoft adds one of these two employees as a custodian. Can you please during the meet and confer explain why Microsoft identified both of these employees in this Interrogatory response? Any agreement to drop one of them would also be contingent on Microsoft committing that it will not rely on that person for any purpose in the case, including but not limited to calling that person as a trial witness.

The Times stands by its request to add **Mohamed El-Kamhawy**, including because Microsoft identified him in Response to Interrogatory 4 as an employee "███████████

■■■ The Times recognizes, however, that Microsoft identified additional employees in response to this Interrogatory, some of whom are custodians. During the meet and confer, The Times would appreciate any information you can provide about the roles played by each employee listed in the Interrogatory, so The Times can better evaluate whether a compromise is possible in which Mohamed El-Kamhaway does not become a custodian in exchange for Microsoft committing that it will not rely on him for any purpose in the case, including but not limited to calling him as a trial witness.

The Times stands by its request for the following custodians: Dean Carignan, Matt Dahlin, Padma Gaggara, Brent Hecht, Jaron Lanier, Mustafa Suleyman, and Luis Vargas.

**Dean Carignan** will have documents relevant ■■■ *E.g.*, MSFT_TNYTC 000221463.

**Matt Dahlin** will have documents related ■■■. *E.g.*, MSFT_TNYTC_000191581.

**Padma Gaggara** will have documents relevant to ■■■. *E.g.*, OPCO_NYT_0137989.

**Brent Hecht** will have documents relevant to ■■■. *E.g.*, MSFT_TNYTC_000021403.

**Jaron Lanier** will have documents to support The Times's argument that ■■■. *E.g.*, MSFT_TNYTC_ 000005339.

**Mustafa Suleyman** will have documents about the at-issue GPT models, including Microsoft's ongoing collaboration with OpenAI to further develop these models. *E.g.*, https://www.semafor.com/article/06/14/2024/microsoft-ai-ceo-mustafa-suleyman-audits-openais-code.

**Luis Vargas** will have documents about ■■■. *E.g.*, MSFT_TNYTC_000206371.

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, September 4, 2024 1:30 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex –

We are writing in response to your email below regarding Microsoft's custodians. As an initial matter, we did not understand that you still wished to meet and confer regarding custodians, since your July 29 email also requested new search terms and we have since met and conferred with The Times several times, in addition to sending hit reports, and The Times never raised any further issue regarding custodians. We articulated our concerns with the proposed custodians that we rejected in our July 12 email, which stated, "[T]he proposed 21 custodians, when the searches Microsoft has already been using to collect are run, result in over ▓▓▓▓▓▓▓▓ Again, the burden of collecting, storing, and reviewing such a large number of documents is disproportionate to the needs of the case. Moreover, many of the custodians are not relevant to the issues in the case and/or are very likely, to the extent they have relevant information, to possess information that is duplicative of other custodians."

The Times has not responded to or otherwise alleviated any of these concerns. And as we have also stated previously, these concerns are compounded by the hits – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – being returned by The Times' search terms counter-proposals.

Regardless, we have been continuing our investigation and collection of documents and to that end agree to add Jamie Huynh as a custodian, whom you requested. We will also add Karmel Allison and Misha Bilenko, whom we have determined likely have relevant and non-duplicative documents. We are working on getting hit reports for these custodians.

For purposes of clarity, the list of Microsoft's custodians is below:

- Elbio Abib
- Brad Abrams
- Karmel Allison
- Misha Bilenko
- Sarah Bird
- Fabrice Canel
- Nidhi Chappel
- Kate Cook
- Jamie Huynh
- Brian King
- Luke Melton
- Satya Nadella
- Mikhail Parakhin
- Melur Raghuraman
- Jordi Ribas
- Geraldine Russell
- Kevin Scott
- Dee Templeton
- Jon Tinter
- Phil Waymouth
- Mike Wetter

We are available at 2pm CT or later on Friday to meet and confer on the custodian issue as necessary. Before any further call, please provide your position on the remaining custodians on your list, including whether you are still requesting each and your position on why searching for and collecting documents from each is relevant, proportional, and not duplicative of other custodians in this case.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, August 29, 2024 5:28 PM
**To:** NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** NYT v. Microsoft et al.

**This Message originated outside your organization.**

Counsel,
As you know, The Times made a proposal to Microsoft for 21 additional custodians on July 2. The Times has since then reiterated its request for those custodians, including on July 29. Microsoft has agreed to add 9 of the requested custodians, plus two additional custodians that Microsoft selected, for a total of 11 new custodians. But Microsoft has so far refused to add the remaining 12 custodians proposed by The Times. Please let us know by Tuesday at noon PT if Microsoft will agree to add any of the additional custodians whom The Times requested. We are available to meet and confer.
Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**

One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=iPMey5I3PxeB2QtiFlSjtv2b9ngrYUVd

**From:** Alex Frawley
**Sent:** Monday, July 29, 2024 6:13 PM
**To:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Cc:** NYT-AI-SG <NYT-AI-SG@groups.susmangodfrey.com>; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al. - The Times' counter-proposal for search terms and additional custodians

Hi Liz,

Attached please find The Times's revised search term proposal to Microsoft. As for custodians, The Times stands by its request for each custodian included in The Times's July 2 proposal.

Please send us hit counts for these revised search terms and please let us know when you can meet and confer this week about search terms and custodians.

The Times reserves the right to propose additional terms and custodians, including based on our review of the documents that Defendants have produced and will produce.

Best,
Alex

**From:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Sent:** Friday, July 12, 2024 10:23 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG <NYT-AI-SG@groups.susmangodfrey.com>; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al. - The Times' counter-proposal for search terms and additional custodians

EXTERNAL Email
Alex-

Thank you for agreeing to today for a response to The Times' July 2 search-terms and custodians counter-proposal. Microsoft's response is detailed below, and the hit reports discussed are attached. Microsoft rejects The Times' search term proposal and accepts in part and rejects in part The Times' proposal for additional custodians.

First, to answer the questions accompanying The Times' counter-proposal: Microsoft's hit counts cover all types of documents, and the timeframe applied to custodial collections is 1/1/2018 to 12/27/2023.

Second, Microsoft rejects The Times' counter-proposal for search terms. As the attached "NYT v. Microsoft - Microsoft Hit Report for NYT 7-2 Search Term Counter-Proposal" shows, the proposed terms approach ▮▮▮▮ across Microsoft's existing 6 custodians. These are parent-level items, so the actual number of documents at issue is likely nearly ▮▮▮▮ The burden of collecting, storing, and reviewing such a large number of documents is disproportionate to the needs of the case. Moreover, if The Times intends to pursue the same terms for the additional 21 custodians The Times has already requested, which would be on top of the search terms Microsoft proposed at the outset, the number of hits likely climbs to ▮▮▮▮

Note also that many terms as run are likely somewhat narrower than The Times intended because some of the syntax used in the proposed terms is not supported by Microsoft's collection tool, as detailed below. We made a good-faith effort to modify the affected terms in ways that would run without error but have the least impact on scope as possible.

For future reference, below is guidance on the syntax used by our client's collection tool:
- The tool does not have a sentence (/s) proximity operator; we suggest NEAR(25) as a substitute.
- The tool uses NEAR(x) instead of /x for proximity.
- The symbols ™ and ® are not included in the search index so cannot be search terms. (These were not in your proposal, including for future reference.)
- The tool does not support suffix, infix, or substring wildcard searches (that is, only prefix searches, such as term*, are possible): for example, *nytimes* and *gpt* are not possible.
- Prefix search can only be placed at the end of a term or phrase – NEAR(2) should be used instead of a phrase in quotes; for example, "ethic* Team" is not possible.
- The tool uses * instead of ! for prefix searches.
- Prefix searches are preferred to be 3 or more characters: for example, "generative a*" and "us*" are not advised.

We view many of The Times' proposed terms as unnecessarily broad and/or aimed at irrelevant material, but in light of Microsoft's rejection of the proposal, a term-by-term discussion of the 60+ new searches is not an efficient way to proceed at this time.

Finally, although Microsoft rejects The Times' proposed terms, Microsoft is already in the process of collecting and reviewing documents from two additional terms for our original 6 custodians. This is reflected in the attached "NYT v. Microsoft - Microsoft Selected Custodians and Terms" Hit Report.

<u>Third</u>, Microsoft accepts in part and rejects in part The Times' request for additional custodians. As the attached "NYT v. Microsoft - Microsoft Hit Report for NYT 7-2 Custodian Counter-Proposal" shows, the proposed 21 custodians, when the searches Microsoft has already been using to collect are run, result in over ▇▇▇▇▇▇▇▇▇▇ the burden of collecting, storing, and reviewing such a large number of documents is disproportionate to the needs of the case. Moreover, many of the custodians are not relevant to the issues in the case and/or are very likely, to the extent they have relevant information, to possess information that is duplicative of other custodians. Accordingly, Microsoft rejects The Times' proposed custodians as to collecting and reviewing documents from all 21 proposed custodians for all searches.

However, Microsoft offers the following proposal, which has several components. The first piece is that Microsoft will collect and review for production the documents reflected in the attached hit report for Satya Nadella and Jordi Ribas.

The second piece is Microsoft proposes, and indeed has already begun, to collect and review documents that hit on selected search terms for the following custodians:
- Brad Abrams
- Kate Cook
- Geraldine Russell

Kate Cook was on your proposal; the others are individuals we have determined as likely having responsive documents. The search terms were selected to target the roles of each of these individuals, i.e., to not collect from searches using concepts that are not relevant to these specific people in order to cut down on the burden and expense of collecting and reviewing likely nonresponsive documents. The terms selected for these individuals, with corresponding hit reports, are in the attached "NYT v. Microsoft - Microsoft Selected Custodians and Terms." (As described above, we are also already collecting and review documents from two additional searches for our existing 6 custodians.)

The third piece is that Microsoft agrees to collect and review documents from the following custodians, but using search terms targeted to the individuals' roles, as we have done for Abrams, Cook, and Russell:
- Sarah Bird
- Fabrice Canel
- Brian King
- Luke Melton

Microsoft is working on crafting appropriate search terms for these individuals and will provide hit reports as soon as we are able.

Thank you,
Liz

**Elizabeth M.C. Scheibel**
Associate
Pronouns: she/her/hers
elizabeth.scheibel@faegredrinker.com
Connect: vCard / LinkedIn

+1 612 766 7628 direct

**Faegre Drinker Biddle & Reath** LLP
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, July 3, 2024 3:33 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG <NYT-AI-SG@groups.susmangodfrey.com>; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** RE: NYT v. Microsoft et al.

**This Message originated outside your organization.**

---

Thank you, Jared. That is agreeable to The Times.

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, July 3, 2024 2:34 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG <NYT-AI-SG@groups.susmangodfrey.com>; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex –

We received your search term counter-proposal and request for 21 additional custodians. Given the upcoming holiday and the number of search terms and custodians, we will provide responses on the counter-proposal and additional custodian request on or before next Friday, July 13, and we can meet and confer as necessary after that.

Please confirm that this is agreeable.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, July 2, 2024 8:32 PM
**To:** #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG <NYT-AI-SG@groups.susmangodfrey.com>; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** NYT v. Microsoft et al.

**This Message originated outside your organization.**

---

Counsel,

Attached please find The Times's counter-proposal for search terms to be run on Microsoft's custodians' ESI. This proposal also includes The Times's request for additional Microsoft custodians. The Times reserves the right to propose additional search terms and custodians, including based on its review of recent and forthcoming document productions.

We also have two questions. First, for the hit counts you provided to us, can you please clarify whether those hit counts cover all types of documents (e.g., emails, chats, presentations, etc) or, alternatively, whether the hit counts only cover certain categories of documents? Second, did Microsoft apply a particular timeframe for its investigation and production of documents?

Thank you.

Best,
Alex


**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com


To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=wFa7rsJ17XdHUKRstmifjg6lJUp8twxP