# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC.,<br>OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,<br>OPENAI OPCO LLC, OPENAI GLOBAL LLC,<br>OAI CORPORATION, LLC, and OPENAI<br>HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO OPENAI OPCO, LLC'S SECOND SET OF
REQUESTS FOR PRODUCTION (NOS. 62-104)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times

Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") Second

Set of Requests for Production of Documents and Things (the "Requests") as follows:

### GENERAL OBJECTIONS

1.      The Times objects to each Request to the extent it seeks information or documents

subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information

not within The Times's possession, custody, or control or that are already in the possession,

custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and

oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce

documents within its possession, custody, or control, and will do so in the manner such documents

are kept in the usual course of business. Such productions will be made subject to the terms of the anticipated ESI Order, which has not yet been entered.

3.      The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

4.      The Times objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include The Times's "managers"—a vague term that is at best duplicative of the term "employees," which is already part of the definitions. The Times also objects to these definitions because they include The Times's "parent companies," of which there are none. The Times further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of The Times. The Times further objects to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3. The Times construes "Plaintiff" as that term is defined in Local Rule 26.3.

5.      The Times objects to the definition of "Defendant" as vague and ambiguous because it includes "any defendant named in the Complaint" without specifying a particular defendant. The Times further objects to this definition because it includes defendants named in a "subsequent complaint" that does not yet exist, making the definition even more vague and ambiguous. In any event, the term "Defendant" appears nowhere in the Requests. The Times construes and uses the term "Defendants" to refer collectively to all Defendants named in the Complaint.

6.      The Times objects to the definition of "Generative AI" as overbroad and also vague and ambiguous insofar as it includes "other systems," a virtually limitless term. The Times further objects to this definition as overbroad because it applies to products not implicated by the

2

Complaint, including Gemini and Claude. The Times further objects to this definition as inaccurate insofar as it is limited to models or algorithms that generate "new" content. That definition is inaccurate because the at-issue products generate copies of Times content. The Times construes "Generative AI" to mean Defendants' AI models that emulate the structure and characteristics of input content in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

7.      The Times objects to the definition of "Communication" as contrary to the definition of that term provided by Local Rule 26.3. The Times construes "Communication" as that term is defined by Local Rule 26.3.

8.      The Times objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by The Times. The Times further objects to this definition as unintelligible because it does not specify who "asked, hired, retained, or contracted" the agent. The Times construes "Agent" to mean a person retained by The Times to assist The Times in connection with this litigation.

9.      The Times objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated. The Times further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees as well as "trustees," "officers," and "directors." The Times further objects to this definition as vague and ambiguous insofar as it applies to "partners." The Times further objects to this definition as circular because it includes the term "employee" within the proposed definition, which just proves the term does not need to be defined. The Times construes "Employee" to mean an employee.

10.      The Times objects to the definition of "Document" as contrary to the definition provided by Local Rule 26.3, which incorporates by reference the meaning of the term "documents

or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). The Times construes "Document" as that term is defined by Local Rule 26.3.

11.     The Times objects to the definition of "Published Work" as overbroad and unduly burdensome insofar as it includes works "created" by The Times but not published. The Times construes "Published Work" to mean works published by The Times.

12.     The Times objects to the definition of "GPT Services" as overbroad as well as vague and ambiguous because it includes "other third-party services"—a term which makes the definition limitless. The Times construes "GPT Services" to mean any GPT-based product, including but not limited to ChatGPT, ChatGPT Enterprise, Bing Chat, Azure OpenAI Service, Microsoft Copilot, and the underlying large language models for these products.

13.     The Times objects to the definition of "Electronically Stored Information" as contrary to how that term is described by Federal Rule of Civil Procedure 34. The Times construes the term "Electronically Stored information" consistent with that Rule.

14.     The Times objects to the definitions of "Concern," "Concerning," "Related to," and "Relating to" as contrary to the definition of "concerning" provided by Local Rule 26.3. The Term construes these terms to mean "concerning," as that term is defined by the Local Rule.

15.     The Times objects to the Instruction suggesting that "the present tense shall be construed to include the past tense, and vice versa." The Times will respond to the Requests as written.

16.     The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications relating to the provenance and process of publishing Your April 6, 2024 article titled "How Tech Giants Cut Corners to Harvest Data for A.I."

**RESPONSE NO. 62**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "provenance" and "process of publishing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications relating to the provenance, production, and process of publishing Your April 16, 2024 The Daily podcast episode titled "A.I.'s Original Sin."

**RESPONSE NO. 63**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "provenance," "production," and "process of publishing" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications relating to Your processes and discussions regarding the use and form of conflict-of-interest disclosures in Your Published Works.

**RESPONSE NO. 64**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "processes," "use," "form," and "conflict-of-interest disclosures in Your Published Works" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks

6

material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Published Works against anyone, or to monitor for or investigate infringement of Your Published Works.

**RESPONSE NO. 65**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material regarding all of The Times's "Published Works" without limitation to the Asserted Works at issue in this dispute or to The Times's copyrighted works and seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "any efforts undertaken," "enforce," and "monitor for" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to and based on these objections, The Times will produce non-privileged communications with third parties from the past three years in which The Times asserted that a

7

third-party entity engaged in copyright infringement that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications produced or provided to You by any third party in this Litigation or concerning this Litigation.

**RESPONSE NO. 66**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "produced. . . in this Litigation" as vague and ambiguous. The Times reasonably construes "produced. . . in this Litigation" to mean documents produced to The Times by a party or by a third party pursuant to a subpoena or formal discovery request in this Litigation. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce any non-privileged documents that it receives from third parties in response to third-party requests or subpoenas that The Times serves in this Litigation.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use in Your Published Works content not owned by You.

**RESPONSE NO. 67**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "reference" and "use in Your Published Works" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use in Your Published Works content not owned by You.

**RESPONSE NO. 68**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "reference" and "use in Your Published Works" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications relating to any "benefits of [Your] work" that You were deprived of as a result of OpenAI's conduct, as alleged in Paragraph 197 of the Complaint.

**RESPONSE NO. 69**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-

h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 70:

All Documents and Communications concerning (i) OpenAI's alleged use of Your Published Works for training GPT Services; (ii) OpenAI's relationship with Plaintiff; (iii) the impact of GPT Services on Your business and/or revenues; or (iv) the benefits of GPT Services to You or journalism generally.

## RESPONSE NO. 70

The Times incorporates the General Objections set forth above. The Times objects to this Request as compound, overbroad, and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses in this dispute, including by seeking material concerning "the benefits of GPT Services to You" and to "journalism generally." The Times further objects to the terms "impact of GPT Services on Your business and/or revenues," "relationship," and "benefits. . . to You or journalism generally" as vague and ambiguous. The Times reasonably construes the "impact of GPT Services on Your business and/or revenues" to mean the impact of Defendants' conduct relating to GPT Services as alleged in the Complaint for which The Times is seeking recovery in this Action. The Times reasonably construes "OpenAI's relationship with Plaintiff" to mean OpenAI's potential business relationship with The Times. The Times further objects to this Request to the extent that it seeks material protected

by the attorney-client privilege, work-product doctrine, or common interest.  The Times further

objects to this Request to the extent that it seeks material protected by the reporters' privilege

pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York

Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal.

Evid. Code § 1070.  The Times will not search for or produce Documents or Communications

protected by the reporters' privilege in response to this Request.

Subject to and based on these objections, The Times responds that it will produce non-

privileged documents concerning (i) OpenAI's alleged use of its Published Works for training

GPT Services; (ii) OpenAI's business relationship with Plaintiff; and (iii) the impact of

OpenAI's conduct relating to GPT Services as alleged in the Complaint on The Times's business

and/or revenue for which The Times is seeking to recover in this Action that are in its possession,

custody, and control and that can be located after a reasonable search and pursuant to an agreed-

upon search protocol.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications relating to Your procedures and efforts to detect or

prevent plagiarism in Your Published Works.

**RESPONSE NO. 71**

The Times incorporates the General Objections set forth above.  The Times objects to

this Request as overbroad and unduly burdensome because it seeks material that is not relevant

to any party's claims or defenses in this dispute, and to the extent that it seeks material relating

to all of The Times's Published Works not limited to the Asserted Works at issue in this case.

The Times further objects to the terms "procedures," "efforts," and "plagiarism in Your

Published Works" as vague and ambiguous.  The Times further objects to this Request to the

extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications regarding projected or anticipated compensation for the exploitation of Your Published Works by any other person or entity, including but not limited to, sales projections, royalty projections, future licensing plans, or any other Documents evidencing projections of future compensation.

**RESPONSE NO. 72**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material relating to any of The Times's Published Works not limited to the Asserted Works at issue in this case or The Times's copyrighted works. The Times further objects to the term "exploitation" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

13

Subject to these objections and construing the term "exploitation" to mean "use," The Times responds that it will produce non-privileged documents responsive to this Request concerning The Times's Asserted Works that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 73:**

All documents identified by You in Your Rule 26(a)(1) Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE NO. 73**

The Times incorporates the General Objections set forth above.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents pertaining to any allegations or claims raised by You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided

(sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

**RESPONSE NO. 74**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material regarding any intellectual property without limitation to the Asserted Works or The Times's copyrighted works at issue in this dispute. The Times further objects to the terms "relating to intellectual property infringement" and "any assertions of intellectual property rights" as vague and ambiguous. The Times reasonably construes this Request to mean allegations or claims raised by The Times regarding its own intellectual property rights and/or the infringement of The Times's intellectual property by a third party. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to and based on these objections, The Times will produce non-privileged documents created during the past three years in which The Times asserted that an entity engaged in copyright infringement that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents pertaining to any allegations or claims raised against You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial

proceedings), including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

## RESPONSE NO. 75

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material regarding any intellectual property without limitation to the Asserted Works or The Times's copyrighted works at issue in this dispute.  The Times further objects to the terms "relating to intellectual property infringement" and "any assertions of intellectual property rights" as vague and ambiguous.  The Times reasonably construes this Request to mean allegations or claims raised against The Times regarding The Times's alleged infringement of a third party's intellectual property rights.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that The Times will produce documents relating to judicial or quasi-judicial determinations that any of the Asserted Works infringed a third party's rights that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 76:

All Documents and Communications regarding any study, survey, or other research regarding the market for Your Published Works or the impact of Generative AI on the journalism

market, regardless of whether conducted by You or some other entity, from January 1, 2019 to present.

**RESPONSE NO. 76**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and is not limited to The Times, The Times's Asserted Works, or Defendants' Generative AI products. The Times further objects to the terms "the market for Your Published Works," "the impact of Generative AI," "on the journalism market generally," and "some other entity" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks premature expert discovery. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communication regarding Your allegation that OpenAI's conduct in this case was willful, as alleged in Paragraphs 124–126 and 165 of the Complaint.

**RESPONSE NO. 77**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents sufficient to show all "copyright management information" associated with Your Published Works.

**RESPONSE NO. 78**

The Times incorporates the General Objections set forth above. The Times objects to the phrase "associated with" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material relating to any of The Times's Published Works without limitation to the Asserted Works at issue in this case or The Times's copyrighted works. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to Your coverage of lawsuits that You are a party to, including Your processes and discussions regarding the coverage of these lawsuits.

**RESPONSE NO. 79**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material relating to any lawsuits in which The Times is a party. The Times further objects to the terms "coverage of" and "processes" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications relating to formal employee evaluations for reporters who cover and report on lawsuits that You are a party to.

**RESPONSE NO. 80**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "cover," "formal employee evaluations," and "reporters" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications relating to employee evaluations outside Your formal review process for reporters who cover and report on lawsuits that You are a party to.

**RESPONSE NO. 81**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant

to any party's claims or defenses in this dispute.  The Times further objects to the terms "cover,"

"evaluations outside Your formal review process," and "reporters" as vague and ambiguous.

The Times further objects to this Request to the extent that it seeks material protected by the

attorney-client privilege, work-product doctrine, or common interest.  The Times further objects

to this Request to the extent that it seeks material protected by the reporters' privilege pursuant

to the First Amendment of the U.S. Constitution, federal common law, the New York Shield

Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid.

Code § 1070.  The Times will not search for or produce Documents or Communications

protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications regarding Your application of "internal or third

party artificial intelligence large language models or applications . . . for the purposes of

improving Times Services, for marketing research, to personalize marketing of Times Services

to you and/or to create audiences for third party advertisers" as per Your Privacy Policy.  *See*

https://help.nytimes.com/hc/en-us/articles/10940941449492-The-New-York-Times-Company-

Privacy-Policy.

**RESPONSE NO. 82**

The Times incorporates the General Objections set forth above.  The Times objects to

this Request as overbroad and unduly burdensome because it seeks material that is not relevant

to any party's claims or defenses in this dispute, including by seeking material regarding any

"artificial intelligence large language models or applications" not limited to Defendants'

Generative AI tools at issue in this case. The Times further objects to the term "application" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 83:

All Documents and Communications concerning any Generative AI tools and product features, or prototypes thereof, You are building, considering implementing, and/or have implemented for Your use.

## RESPONSE NO. 83

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material relating to Generative AI tools not limited to Defendants' Generative AI tools at issue in this case. The Times further objects to the terms "product features," "prototypes thereof," "building," "considering implementing," and "for Your use" as vague, ambiguous, and overbroad. The Times reasonably construes "for Your use" to mean use by The Times's employees in furtherance of their work for The Times. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search

for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents concerning Defendants' Generative AI tools and products that The Times has implemented for use in its reporting and presentation of content that are in its possession, custody, and control that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents You considered for use as training data to train any Generative AI prototypes, tools, or products You are developing or have already implemented for Your use.

**RESPONSE NO. 84**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking material any Times employee "considered" at any point. The Times further objects to this Request as failing to specify with reasonable particularity the documents sought. The Times further objects to the terms "considered for use," "training data," "any Generative AI prototypes, tools, or products," "developing," "implemented," and "for Your use" as vague and ambiguous.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents You used as training data to train any Generative AI prototypes, tools, or products You are developing or have already implemented for Your use.

**RESPONSE NO. 85**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "training data," "any Generative AI prototypes, tools, or products," "developing," "implemented," and "for Your use" as vague and ambiguous.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications concerning the rules or guidance for choosing what is and is not included in the training dataset for any Generative AI prototypes, tools, or products You are developing or have already implemented for Your use.

**RESPONSE NO. 86**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "choosing," "included," "training dataset," "any Generative AI prototypes, tools, or products," "developing," "implemented," and "for Your use" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

24

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Communications between You and any named plaintiff in *Daily News LP et al. v. Microsoft Corporation, et al.*, Case No 1:24-cv-03285 (S.D.N.Y.), directly or through any Employee, Agent, or third party, related to copyright and artificial intelligence.

**RESPONSE NO. 87**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including material related to "copyright" and "artificial intelligence" and not limited to the copyright infringement by Defendants' Generative AI products at issue in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times will produce non-privileged documents and communications, if any, between The Times and any named plaintiff in *Daily News LP et al. v. Microsoft Corporation, et al.*, Case No 1:24-cv-03285 (S.D.N.Y.), concerning this litigation or Defendants' use of The Times's content in connection with Defendants' Generative AI products.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Communications between You and the Center for Investigative Reporting, Inc. or its affiliated organizations (including but not limited to, Mother Jones, Reveal, and CIR Studios), directly or through any Employee, Agent, or third party, related to copyright and artificial intelligence.

**RESPONSE NO. 88**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking any material related to "copyright" and "artificial intelligence" not limited to the copyright infringement by Defendants' Generative AI products at issue in this dispute. The Times further objects to the term "its affiliated organizations" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times will produce non-privileged documents and communications, if any, between The Times and the Center for Investigative Reporting, Inc. concerning this litigation or Defendants' use of The Times's content in connection with Defendants' Generative AI products.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications between You and other news, media, or writers' organizations and publishers, as well as any other named plaintiff in *Tremblay v. OpenAI, Inc.*, No. 3:23-cv-03223 and *Silverman v. OpenAI, Inc.*, No. 3:23-cv-03416 in the Northern District of California, and *Authors Guild v. OpenAI Inc.*, No. 1:23-cv-08292, *Alter v. OpenAI Inc.*, No. 1:23- cv-10211, *Basbanes v. Microsoft*, No. 1:24-cv-00084, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01515, and *Raw Story Media,* Inc. v. OpenAI, Inc., No. 1:24-cv-01514, *Daily News LP et al. v. Microsoft Corporation, et al.*, No. 1:24-cv-03285, *The Center for Investigative Reporting, Inc., v. OpenAI Inc.*, No. 1:24-cv-04872, in the Southern District of New York, directly or through any Employee, Agent, or third party, related to the use of published content for training Generative AI.

**RESPONSE NO. 89:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking any material related to "the use of published content for training Generative AI" not limited to use by Defendants or to The Times's Asserted Works at issue in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will

not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times will produce non-privileged documents and communications, if any, between non-newsroom Times employees and other news, media, writers' organizations and publishers, or named plaintiffs in the above-named litigations concerning this litigation or Defendants' use of The Times's content in connection with Defendants' Generative AI products that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 90:

All Documents and Communications supporting Your contention that OpenAI competes with Your Published Works, as alleged in Paragraph 2 of the Complaint.

### RESPONSE NO. 90

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications supporting Your contention that OpenAI "gave Times content particular emphasis when building [its] LLMs," as alleged in Paragraph 2 of the Complaint.

**RESPONSE NO. 91**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications regarding Your contention that OpenAI "create[s] products that substitute for The Times and steal audiences away from it," as alleged in Paragraph 8 of the Complaint.

**RESPONSE NO. 92**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-

product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 93:**

Documents and Communications sufficient to identify the harms You contend OpenAI has caused You by impeding Your ability to monetize Your content, as alleged in Paragraph 48 of the Complaint.

**RESPONSE NO. 93**

The Times incorporates the General Objections set forth above.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications regarding Your contention that "synthetic search results divert important traffic away from copyright holders like The Times," as alleged in Paragraph 110 of the Complaint.

**RESPONSE NO. 94**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 95:**

Documents and Communications sufficient to reflect the revenue Wirecutter has generated via "affiliate referral," as alleged in Paragraph 128 of the Complaint.

**RESPONSE NO. 95**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications regarding any "decreases in traffic" or impact on the Wirecutter "advertising and subscription revenue" that You attribute to OpenAI or its products, as alleged in Paragraphs 128–29 of the Complaint.

**RESPONSE NO. 96**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents and Communications regarding Your contention that "synthetic outputs" "erode consumer trust" in its products, such as Wirecutter, as alleged in Paragraph 133 of the Complaint.

**RESPONSE NO. 97**

The Times incorporates the General Objections set forth above.  The Times reasonably construes this Request to refer to its contentions in Paragraphs 127-133 of the Complaint that Defendants' Generative AI products' synthetic outputs cause incidents that damage Wirecutter's brand.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents and Communications regarding Your contention that OpenAI and its products have "divert[ed] readers, including current and potential subscribers, away from The Times," as alleged in Paragraph 157 of the Complaint.

**RESPONSE NO. 98**

The Times incorporates the General Objections set forth above.  The Times objects to the term "its products" as vague and ambiguous.  The Times reasonably construes this Request to refer to The Times's allegation that OpenAI's "unlawful conduct threatens to divert readers" as alleged in Paragraph 157 of the Complaint.   The Times reasonably construes "its products"

to mean OpenAI's Generative AI products at issue in this dispute. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Communications regarding the development of The New York Times Annotated Corpus, including the decision to develop the Corpus.

**RESPONSE NO. 99**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "development" and "decision to develop" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications regarding Your promotion and publicization of The New York Times Annotated Corpus.

**RESPONSE NO. 100**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "promotion" and "publicization" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents, if any, responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications regarding the decision to take down The New York Times Annotated Corpus.

**RESPONSE NO. 101**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "decision

to take down" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request, if any, that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications regarding third parties' access, download, and/or use of The New York Times Annotated Corpus.

**RESPONSE NO. 102**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "access," "download," and "use of" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the terms of use of the New York Times Annotated Corpus that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications regarding the Published Works that make up The New York Times Annotated Corpus.

**RESPONSE NO. 103**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "make up" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the content of the corpus responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications regarding revenue received for use of The New York Times Annotated Corpus.

**RESPONSE NO. 104**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "for use of" as vague and ambiguous. The Times reasonably construes this to mean revenue The Times received from its agreement to license The New York Times Annotated Corpus to the Linguistic Data Consortium. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show revenue The Times received from its agreement to license The New York Times Annotated Corpus to the Linguistic Data Consortium responsive to this

Request that are in its possession, custody, and control and that can be located after a reasonable search.

Dated: August 12, 2024

/s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, NY 10001

38

Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 12, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO OPENAI OPCO, LLC'S SECOND SET OF
REQUESTS FOR PRODUCTION (NOS. 62-104)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California this 12th day of August, 2024.

*/s/ Emily Cronin*
Emily Cronin

## SERVICE LIST

**OpenAICopyright@mofo.com**

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants**
**OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI,**
**LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI**
**Corporation, LLC, And OpenAI Holdings, LLC**

**OpenAICopyrightLitigation.lwteam@lw.com**

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
Elana Nightingale Dawson
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com
Email: elana.nightingaledawson@lw.com

**Attorneys for Defendants**
**OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,**
**OpenAI, LLC, OpenAI OpCo LLC, OpenAI**
**Global LLC, OAI Corporation, LLC, And**
**OpenAI Holdings, LLC**

**kvpoai@keker.com**

Robert A. Van Nest
Paven Malhotra
R. James Slaughter
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI,
LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI
Corporation, LLC, And OpenAI Holdings, LLC**

**NewYorkTimes_Microsoft_OHS@orrick.com**

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com

**Attorneys for Defendant
Microsoft Corporation**

**MicrosoftNYClassActionFDBR@faegredrinker.com**

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com

**Attorneys for Defendant**
**Microsoft Corporation**