

November 21, 2024

**VIA ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York

Re:   *The New York Times Company v. Microsoft Corp.* No.: 23-cv-11195;
      *Daily News, LP v. Microsoft Corp.*: No. 1:24-cv-3285;
      *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*: No. 1:24-cv-04872:
      Dispute Regarding Defendants' Production of Text and Social Media Messages [ECF 309]

Dear Magistrate Judge Wang:

The News Plaintiffs ask the Court to enter "an order establishing a framework to govern the parties' collection and production of text messages and social media messages." ECF 309. But OpenAI is already meeting its discovery obligations on these issues. Although the News Plaintiffs fail to acknowledge various offers and representations that OpenAI has already made on this score, those commitments moot Plaintiffs' motion.

This motion is also duplicative. These issues have already been briefed, argued, and are currently pending before this Court. *Authors Guild*, ECF 231. To the extent the News Plaintiffs' requested "framework" differs from the relief sought in *Authors Guild*, this motion seeks to needlessly introduce inconsistencies between the cases before this Court. The motion should be denied.

I.   **OpenAI has *already* agreed to conduct a reasonable investigation regarding its custodians' use of text messages.**

The News Plaintiffs claim that "OpenAI has refused to respond" to questions about "whether it has asked its [] custodians about their use of Text Messaging . . . let alone whether OpenAI is collecting and producing Text Messages from any custodian who uses it to communicate about relevant issues." ECF 309 at 2. That is false.

To the contrary, OpenAI has made clear that it *is* investigating whether any of its "custodians engaged in relevant business communications by text message" and, for any who have, OpenAI has committed to "produce those custodians' non-privileged, responsive text messages in OpenAI's possession, custody, or control." ECF 309-2 at 5. Moreover, OpenAI has agreed to "us[e] the parties' agreed-upon search terms for its ESI searches, including searches of text

2833773

messages" and it has agreed to produce text messages in the format that the News Plaintiffs requested. *Id.* at 6. The News Plaintiffs failed to acknowledge any of these facts in their motion. OpenAI is at a loss as to what the News Plaintiffs want that OpenAI has not already agreed to do.

The News Plaintiffs also imply that OpenAI has limited its commitments on this score to "just a select few" custodians. ECF 309 at 2. Plaintiffs do not offer any citation to support that assertion. Nor could they. OpenAI has not taken such a position. Similarly, the News Plaintiffs assert that "OpenAI has disregarded its discovery obligations by refusing to search for ***all*** custodians' relevant documents[.]" *Id.* (emphasis in original). That is impossible to square with the correspondence from OpenAI that the News Plaintiffs attached to their own brief. As OpenAI told Plaintiffs, "OpenAI is collecting and producing documents from its agreed custodians from platforms in OpenAI's possession, custody, or control that the custodians used to communicate about the issues relevant to this action." *See* ECF 309-2 at 5. In the relevant emails, OpenAI did not limit its commitments to a subset of its custodians. That is perhaps why the News Plaintiffs do not cite any document to support this assertion either.

The ***only*** dispute on this issue is something the ***News Plaintiffs*** have refused to do. Following the October 30, 2024 conference before this Court, Plaintiffs in *Authors Guild* served an interrogatory, asking OpenAI to identify what platforms each custodian in that case uses for relevant communications. OpenAI has since served an analogous interrogatory on the *Authors Guild* plaintiffs. Although the News Plaintiffs have not served an analogous interrogatory, OpenAI agreed to provide them with the same response—adjusted for the OpenAI custodians at issue in the News cases—if the News Plaintiffs agreed to provide reciprocal information about their own custodians. *Id.* The News Plaintiffs were apparently unwilling to do so, as they ignored multiple emails from OpenAI about this request. Given the News Plaintiffs' silence, OpenAI has now served an analogous interrogatory on the News Plaintiffs. OpenAI remains willing to respond to a similar request if the News Plaintiffs serve it.

Because OpenAI has already agreed to fulfill its discovery obligations with regard to its custodians' text messages, including by committing to perform the investigation and production the News Plaintiffs have sought in their letter brief, the Plaintiffs' motion should be denied.

II.     **OpenAI is working cooperatively with Plaintiffs to move social media discovery forward.**

The only other aspect of the News Plaintiffs' motion that targets OpenAI[1] relates to social media messages. Here, the News Plaintiffs explicitly seek to join the pending motion from the *Authors*

---

[1] The News Plaintiffs have moved to compel Microsoft to search for and produce Slack messages between Microsoft employees and OpenAI employees. Although this portion of the motion does not target OpenAI, OpenAI notes that it is already collecting and producing relevant

*Guild* plaintiffs, ECF 309 at 3, which seeks an order that "OpenAI must collect and search the X.com messages" of three OpenAI executives, *Authors Guild*, ECF 231 at 1.

Again, the News Plaintiffs misrepresent OpenAI's position. As the Court is aware, OpenAI believes that California Labor Code § 980 prohibits OpenAI from asking its employees for access to their social media accounts. To avoid running afoul of that statute, however, OpenAI has informed Plaintiffs that if they choose to serve subpoenas targeting OpenAI's employees' social media messages, OpenAI will cooperate with Plaintiffs and its employees to move that process forward efficiently. ECF 309-2 at 5-6.

Instead of engaging with that logical and efficient process, the News Plaintiffs filed this motion. It should be denied.

* * *

For the reasons set forth above, the News Plaintiffs' motion, ECF 309, should be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP* | LATHAM & WATKINS LLP | MORRISON FOERSTER |
|---|---|---|
| */s/Andrew S. Bruns*<br>Andrew S. Bruns | */s/Elana Nightingale Dawson*<br>Elena Nightingale Dawson | */s/ Vera Ranieri*<br>Vera Ranieri |

* All parties whose electronic signatures are included herein have consented to the filing of this document.

---

and responsive documents from Slack channels controlled by OpenAI and that may have been used for communication with Microsoft employees.