**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AUTHORS GUILD, et al.,

        Plaintiff,

-against-

OPENAI INC., et al.,

        Defendants.

23-cv-8292 (SHS) (OTW)

And the Consolidated Cases:
23-cv-10211 (SHS) (OTW)
24-cv-84 (SHS) (OTW)

**OPINION & ORDER**

---

THE NEW YORK TIMES COMPANY.,

        Plaintiff,

-against-

MICROSOFT CORPORATION, et al.,

        Defendants.

23-cv-11195 (SHS) (OTW)

And the Consolidated Cases:
24-cv-3285 (SHS) (OTW)
24-cv-4872 (SHS) (OTW)

**OPINION & ORDER**

---

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF 230 and 243 in Case No. 23-cv-8292 (the "Authors Cases") and ECF 309, 329, and 331 in Case No. 23-cv-11195 (the "Newspaper Cases"), in which the parties raise similar disputes regarding the production of certain text messages and social media messages of Defendants' custodians.

I. BACKGROUND

On October 23, 2024, Plaintiffs in the Authors Cases filed a motion to compel OpenAI to produce text messages and direct messages sent on X.com belonging to certain employees who used their personal phones and X.com accounts for work purposes. (ECF 230). On October 28, 2024, OpenAI filed an opposition to Plaintiffs' motion, arguing that: (1) OpenAI had asked the three employees (one of whom no longer works at OpenAI) to cooperate by providing their text messages; and (2) that messages sent on X.com accounts are irrelevant; and (3) in any event, messages sent on X.com are not within OpenAI's control because California Labor Code § 980 "prohibits OpenAI from even *asking* its employees for access to their social media accounts. (ECF 243).

Plaintiffs in the Newspaper Cases filed a similar motion to compel OpenAI and Microsoft to produce text messages and social media messages from all custodians, including messages sent on Slack between OpenAI and Microsoft employees. (ECF 309). OpenAI and Microsoft filed separate letters in opposition on November 21, 2024, (ECF 329, 331), in which OpenAI argues (1) it has already committed to producing non-privileged, responsive text messages in their possession, custody, or control in the format requested by Plaintiffs; and (2) they cannot ask employees for access to their social media accounts under California Labor Code § 980, (ECF 329), and Microsoft argues (1) it has already agreed to produce text messages in a "usable format for plaintiffs" and (2) the Slack messages between the Defendants are already being produced by OpenAI and seeking such discovery from Microsoft as well is duplicative and provides no benefit. (ECF 331).

Per the parties' joint charts summarizing all disputes filed on November 22, 2024, (Case No. 23-cv-8292, ECF 280; Case No. 23-cv-11195, ECF 346), (1) Defendants have agreed to produce responsive text messages for the relevant employees/custodians; (2) OpenAI refuses to produce X.com and social media messages, relying on California Labor Code § 980; and (3) Microsoft refuses to produce Slack messages between its employees and OpenAI on the basis that OpenAI has better access to such messages and is already in the process of collecting and producing these messages. This Opinion and Order addresses only the arguments concerning California Labor Code § 980. The remaining issues and arguments (if any) relate to Slack messages and will be addressed at the next conference.[1]

## II.     ANALYSIS

OpenAI argues that it cannot produce direct messages sent on X.com by its employees and custodians because California Labor Code § 980 "prohibits OpenAI from asking its employees for access to their social media accounts," and thus, OpenAI does not have possession, custody, or control over these messages. (ECF 243).

§ 980 reads, in relevant part:

> (b) An employer shall not require or request an employee or applicant for employment to do any of the following:
>
> (1) disclose a username or password for the purpose of accessing personal social media.
>
> (2) Access personal social media in the presence of the employer.
>
> (3) Divulge any personal social media, except as provided in subdivision (c).

---

[1] Microsoft has not argued that any of the messages sought from its employees are protected from disclosure under California Labor Code § 980.

> (c) Nothing in this section shall affect an employer's existing rights and obligations to request an employee to divulge personal social media reasonably believed to be relevant to an investigation of allegations of employee misconduct or employee violation of applicable laws and regulations, provided that the social media is used solely for purposes of that investigation or a related proceeding.

Cal. Labor Code § 980. No cases have addressed the question of whether § 980 prohibits an employer from producing, as part of discovery in federal court, messages related to their work that were sent by an employee from their social media account.

The purpose of § 980 is to prevent employers from asking for and maintaining continued access to employees' personal social media accounts (i.e., by turning over their <u>usernames and passwords</u>) as a condition of employment.[2] Nothing in the statute suggests that OpenAI cannot ask for, collect, and produce in discovery messages sent by their employees for work purposes just because those messages were sent via social media—to hold otherwise would allow California companies to permanently hide otherwise discoverable messages from litigation by sending them on so-called "personal" social media accounts, and would stymie federal litigation. Much in the same way that storing work-related messages and documents on an employee's personal device under a Bring-Your-Own-Device ("BYOD") policy does not preclude

---

[2] *See, e.g.*, Robert B. Milligan, Daniel P. Hart, & Sienna Chinn-Liu, *Social Media Privacy Legislation and Its Implications for Employers and Employees Alike*, 29 COMPETITION: THE J. OF THE ANTITRUST, UCL AND PRIV. SECTION OF THE CAL. LAWYERS ASS'N 83, 83-84 (2019) ("[S]tarting in 2012, twenty-six states enacted social media privacy laws that prevent or limit employers from requesting passwords to current or prospective employees' personal internet and social media accounts. In varying degrees and different ways, these laws directly impact an employer's ability to request or require an applicant or employee to disclose his or her username and/or password; to open his or her internet or social media accounts in the presence of a supervisor; to add a representative of the employer to the employee's contact list; or to otherwise alter the privacy settings associated with the employee's internet or social media accounts.") (citing Cal. Labor Code § 980); Elizabeth De Armond, *Tactful Inattention: Erving Goffman, Privacy in the Digital Age, and the Virtue of Averting One's Eyes*, 92 ST. JOHN'S L. REV. 283, 314 (2018) ("Currently, several states expressly prohibit employers from requiring applicants to provide personal passwords to employers.") (citing Cal. Labor Code § 980).

an employer from asking for such work-related documents,[3] § 980 does not prevent an employer from asking, as part of discovery in federal litigation, an employee to produce work-related messages sent on a social media account.

Accordingly, because § 980 does not prohibit employers from producing relevant, work-related messages from social media accounts, Plaintiffs' motions to compel direct messages from X.com in both cases are **GRANTED**.

**SO ORDERED.**

Dated: December 2, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[3] For instance, OpenAI cites to the Sedona Conference Journal for the proposition that no court has held an employer has control over an employee's social media account. (Case No. 23-cv-8292, ECF 243) (citing 25 SEDONA CONF. J. 1, 59 (2024)). However, the same source relied on by OpenAI simultaneously could be read to cast doubt on whether an employer has sufficient access or control over documents on a BYOD device, and OpenAI does not argue here that it is therefore unable to ask its employees to produce text messages from personal devices. See 25 SEDONA CONF. J. 1, 62-63 (2024) ("Likewise, the reality is that an employee may constructively and realistically have both custody and control over a BYOD device... Without the employee's consent, an employer is not likely to have the legal right to both secure control and custody of the device, much less preserve information on the same device."). In fact, OpenAI has already requested that three of its employees produce text messages stored on personal devices. (Case No. 23-cv-8292, ECF 280).