January 13, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

> Re:    *The New York Times Company v. Microsoft Corp.* No.: 23-cv-11195; *Daily News, LP v. Microsoft Corp.*: No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*: No. 1:24-cv-04872:   Dispute Regarding Microsoft's Over-Use of AEO Designation

Dear Magistrate Judge Wang:

Plaintiffs The New York Times Company ("The Times"), Daily News, LP et al. ("Daily News"), and the Center for Investigative Reporting ("CIR") (collectively, the "News Plaintiffs") request a discovery conference to address their ongoing dispute with Microsoft about Microsoft's over-use of the "Attorneys' Eyes' Only" confidentiality designation. Specifically, in light of Microsoft's over-use, the News Plaintiffs seek a minor modification to the Protective Order that would permit the News Plaintiffs' to use Microsoft's AEO documents during depositions of OpenAI employees "to whom disclosure is reasonably necessary, provided such persons have first executed the agreed Non-Disclosure Agreement."[1]

## 1.  Background on Microsoft's Over-Use of the AEO Designation

This motion addresses the latest issue created by Microsoft's over-use of the AEO designation. As a brief reminder, on August 20, 2024, The Times sought an order requiring Microsoft to re-review and re-designate its documents given that Microsoft, at that point, had applied the AEO designation to over 98% of its production. Dkt. 221. This Court addressed that motion at the September 12 discovery conference, expressing skepticism about Microsoft's practices: "The attorneys eyes only designation is not expected to be so frequently used. And I don't understand how one can have a good-faith basis to mark almost the entirety of the production attorneys eyes only at this stage." Tr. at 104:24-105:6.

The parties were ordered to meet and confer, which has led to progress. Microsoft re-reviewed and down-designated a number of documents, and Microsoft agreed to allow certain disclosed Times employees to view Microsoft's AEO documents.

But Microsoft is still over-using the AEO designation. As of this filing, 60.26% of its production remains AEO. By contrast, The Times has designated 1.1% of its documents as AEO. Microsoft's designation remains closer than not to the 70% threshold that "support[s] an inference of bad faith" and justifies a full-fledged re-review of all AEO documents. *United States v. Planned Parenthood Fed'n of Am.*, 2022 WL 19010531, at *3 (N.D. Tex. Dec. 15, 2022). Moreover,

---

[1] The parties have met and conferred about Microsoft's over-use of the AEO designation on numerous occasions, including most recently by videoconference on January 9, 2025. *See also* Ex. 1 (emails between counsel). During that meet-and-confer, the parties discussed the News Plaintiffs' proposal to resolve this dispute, as reflected in section 3 below, but were unable to reach agreement.

Microsoft has not even begun to produce long-anticipated documents that may only exacerbate the issue, including for example custodial documents from Mustafa Suleyman, Microsoft's reported go-to person for its collaboration with OpenAI. *See* Dkt. 174.

## 2.    The Latest Problem: Depositions

As it stands, the News Plaintiffs are effectively precluded from using the majority of Microsoft's documents during depositions of OpenAI employees. The Protective Order does not allow parties to show AEO documents to a deponent unless that deponent is "the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information." Dkt. 127 at 8. Of course, when The Times and other News Plaintiffs agreed to this portion of the Protective Order they never anticipated Microsoft would designate the majority of its documents as AEO. As previously briefed, Dkt. 221, such behavior is exceedingly rare–even in complex commercial disputes. In light of its over-designation, Microsoft has since agreed to allow the News Plaintiffs to show Microsoft AEO documents to Microsoft witnesses, regardless of whether that witness received the document or was aware of the contexts. But following multiple meets and confers/email exchanges, Microsoft refuses to make the same accommodation for OpenAI employees.

This is a problem. Given the extensive collaboration between Microsoft and OpenAI to develop and commercialize the models and products at issue in this case, it should come as no surprise that many Microsoft documents discuss OpenAI employees and/or Microsoft's collaboration with OpenAI on relevant issues. The News Plaintiffs appropriately seek to use these documents during depositions of OpenAI employees.



Consider, for example, Exhibit 2, an internal Microsoft email thread discussing ██████████████. But under the current Protective Order, any attempt to do so would invariably trigger disputes about whether the OpenAI witness "possessed or knew the information" in the document. Dkt. 127 at 8.[2]

Another example is Exhibit 3, which begins with emails between Microsoft and OpenAI employees but ends with an internal Microsoft email. ███████████

---

[2] Relatedly, it is unclear why this document is even marked AEO in the first place, given that it addresses ████████████



As yet another example, consider Exhibit 4, which is an internal Microsoft email thread among its

Exhibit 5 likewise

The problem will be particularly acute for 30(b)(6) depositions. The News Plaintiffs will identify topics related to OpenAI's collaboration with Microsoft and Microsoft's investment in OpenAI. For such topics, the News Plaintiffs may seek to use documents produced by Microsoft. Yet they will be unable to do so unless the OpenAI designee(s) received the document or was otherwise aware of the content—which again is an inquiry that will almost certainly trigger additional disputes.

### 3. A Minor Modification to the Protective Order Is the Best Solution.

To address these issues, the Court should modify the Protective Order to permit the News Plaintiffs to show Microsoft AEO documents to OpenAI employee witnesses "to whom disclosure is reasonably necessary, provided such persons have first executed the agreed Non-Disclosure Agreement," which is the language used in the Protective Order used for showing "Confidential" documents to deponents. Judge Stein has expressly ruled that the Protective Order "may be amended for good cause." Dkt. 127. Good cause exists here because Microsoft's over-use of the AEO designation was not foreseeable when the parties first negotiated the Protective Order. *See Crothers v. Pilgrim Mortg. Corp.*, 1997 WL 570583, at *4 (S.D.N.Y. Sept. 11, 1997) (evaluating request to "modify a protective order" based on "the foreseeability at the time of the original protective order of the modification now requested"). Moreover, denying this modification would unfairly prejudice the News Plaintiffs at depositions, for the reasons described above.

The alternative solutions are unworkable. As previously briefed, the News Plaintiffs should not be required to identify improperly designated documents, as that process would require the News Plaintiffs to reveal their work product. This would be particularly problematic for depositions, as the News Plaintiffs would in effect be revealing their deposition plans. Nor should the parties defer the issue until deposition day, as that approach would all but ensure the lawyers spend more time talking than the witness. To be sure, the News Plaintiffs remain amenable to any compromise proposal from Microsoft, but Microsoft has not offered any, effectively precluding the News Plaintiffs from using the majority of its production in depositions of OpenAI employees.

Respectfully,

/s/ Ian Crosby
Ian B. Crosby
Susman Godfrey L.L.P.

/s/ Steven Lieberman
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

/s/ Matt Topic
Matt Topic
Loevy & Loevy

cc:    All Counsel of Record (via ECF)