


January 16, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re: *The New York Times Company v. Microsoft Corp., et al.*, No. 23-cv-11195-SHS; *Daily News, L P, et al. v. Microsoft Corp., et al.*, 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, 1:24-cv-04872: Response to Brief to Motion Regarding Use of Microsoft AEO Documents at OpenAI Depositions (*Times*, ECF 386)

Dear Magistrate Judge Wang:

Despite what it may seem from the News Plaintiffs' letter, this is not a dispute about over-designation of documents—the designation issues were previously resolved. Rather, this is now a dispute about whether a deposing party can disregard the ordinary rules of a *stipulated* protective order to show highly sensitive business and/or technical documents to a witness employed by a competitor of the producing party.

**Plaintiffs Have Not Shown Good Cause for the Requested Modification.** What the News Plaintiffs call a "minor modification" of the Protective Order would essentially allow them to automatically re-designate any Microsoft AEO document to CONFIDENTIAL by presenting it to an OpenAI witness in a deposition. While Microsoft has invested in OpenAI and the companies have a business relationship, they also compete to develop, market, and commercialize competing AI products and services. Microsoft has a legitimate need to protect its sensitive business and technical information from disclosure to OpenAI. The News Plaintiffs completely disregard this fact and in doing so they fail to show good cause to rewrite the fundamental terms of the Protective Order. *See Medacist Sols. Grp., LLC v. Omnicell, Inc.*, No. 09CIV6128PGGPED, 2010 WL 11655322, at *3 (S.D.N.Y. Oct. 5, 2010) (trial courts balance good cause, the nature of the protective order, foreseeability of the requested modification, and reliance on the protective order).

To be clear, the Protective Order already permits the News Plaintiffs to show an AEO document to any witness with foundation—its authors, recipients, custodians, or to any person who "otherwise possessed or knew the information." *Daily News*, ECF 129 ¶ 14. But the News Plaintiffs want much more: they want a blanket ability to show an AEO document to any OpenAI witness. This makes no practical sense while creating a serious, and unwarranted, invasion of Microsoft's ability to protect its most sensitive business information.

The Microsoft AEO documents at issue involve commercially and competitively sensitive information regarding business decisions and emerging technologies, and often come from high-level executives. They include internal discussions about the relationship with OpenAI, and about Microsoft's competing strategies. An employee of a competitor would clearly lack foundation to

discuss any Microsoft internal content. An examining attorney can always ask a witness about facts, events, and general topics without disclosing a specific document to such witness who has otherwise never seen or had any reason to see it.

If a specific need truly arises to share a document during a deposition, the Protective Order has a workable path through consent. The News Plaintiffs can simply provide a copy to the Microsoft attorney attending the deposition and request permission to use it with the witness. There is no advance disclosure of strategy involved in making such a request. If they want to be certain they will gain permission or resolve the issue before the deposition, they can make an advance disclosure only to Microsoft's counsel. *See, e.g.*, *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1019 (1st Cir. 1988) (requiring parties taking depositions to provide, five days beforehand, ordinary work product in form of list of exhibits to handle objections in advance, was not abuse of discretion).

The justification offered for the blanket modification to the Protective Order is a handful of Microsoft emails, one of which included OpenAI employees on earlier parts of the thread. The News Plaintiffs argue that Microsoft documents reference specific OpenAI employees or general collaboration between the two companies. *Times*, ECF 386 at 2–3. But a mere reference to OpenAI or one of its employees (including when not by name) does not confer any right to share the entirety of an AEO document with ***any*** deponent from OpenAI. These do not show a need to present the documents to a witness without foundation. Indeed, Exhibit 2 confirms that there are often alternatives: Microsoft produced as CONFIDENTIAL the earlier email string including OpenAI employees who participated. *Times*, ECF 386-2. An examining attorney can also ask about the facts under discussion.

As for the other examples, if being deposed on a topic "related to OpenAI's collaboration with Microsoft and Microsoft's investment in OpenAI" justifies a witness potentially seeing proprietary materials produced by another party, then AEO offers no genuine protection. The fact that a competitor mentions someone in a sensitive internal document is far from a justification to show it to them. *C.f. Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (denying motion for entry of protective order proposing limited disclosure of defendant's highly confidential documents to competitor plaintiff's employees who even signed confidentiality agreements).

**Designation Percentages Are Irrelevant to This Dispute.** Microsoft's AEO designation rate is irrelevant to this dispute. The parties resolved that issue when Microsoft re-reviewed and re-produced many of its documents, changed its review protocols, agreed to perform manual review of every single document, and substantially lowered its overall percentage of AEO designations. To suggest the current issue is a continuation of that earlier dispute reveals a disturbing truth about how the News Plaintiffs are conducting themselves: if that is the case, then they never truly intended to abide by their agreement to resolve the issue, instead treating their "deposition procedure" carve-out as an excuse for endless re-litigation.

Moreover, the relief sought by the News Plaintiffs would apply even where the AEO designation is undisputed to be wholly appropriate. The News Plaintiffs seek the right to unilaterally re-designate any Microsoft AEO document without following the process required by the Protective Order. Indeed, the News Plaintiffs would have received an explanation for Exhibit 2's designation

as AEO if they had simply followed the process laid out in the Protective Order, rather than wait for this unfounded motion to suggest the reason was "unclear." That Exhibit is a completely internal Microsoft email discussing Microsoft's strategy as it relates to OpenAI. *See Times*, ECF 386-2. There is no reason to show it to a competitor's employee, including because *it is not a document that any OpenAI witnesses will have ever seen.* The number of documents that can be shown to any witness in a 7-hour deposition is limited, and examining attorneys must proceed efficiently. To waste time asking witnesses about documents that come from another party and that they have never seen makes no sense.

Microsoft and OpenAI are competitors and it is entirely appropriate for Microsoft to protect its confidential business and technical information from unnecessary disclosure to OpenAI. Whether Microsoft's AEO designation rate is high, low, or somewhere in between has nothing to do with the core issue—a competitor's employees that lack any foundation to be shown a document marked AEO should not be permitted to see it. *See Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. CIV.A. 08-4168 MLC, 2012 WL 1299701, at *10 (D.N.J. Apr. 16, 2012) (insufficient basis to warrant modification of protective order, despite more than two million documents designated as highly confidential, where nature of the allegations necessarily required the exchange of "proprietary and commercially sensitive information among competitors").

For the foregoing reasons, there is no good cause or sufficient justification to alter the Protective Order to permit Microsoft AEO documents to be shown to competitor witnesses.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Annette L. Hurst* | */s/ Jared B. Briant* |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*