UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE NEW YORK TIMES COMPANY,

        Plaintiff,

        v.

MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,

        Defendants.

No. 1:23-cv-11195-SHS-OTW

------------------------------------------------------- X
DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,

        Plaintiffs,

        v.

MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,

        Defendants.

No. 1:24-cv-03285-SHS-OTW

------------------------------------------------------- X
THE CENTER FOR INVESTIGATIVE REPORTING, INC.,

        Plaintiff,

No. 1:24-cv-04872-SHS

|  | : |
|---|---|
| v. | : |
|  | : |
| OPENAI, INC., OPENAI GP, LLC, | : |
| OPENAI, LLC, OPENAI OPCO LLC, | : |
| OPENAI GLOBAL LLC, OAI | : |
| CORPORATION, LLC, OPENAI | : |
| HOLDINGS, LLC, and MICROSOFT | : |
| CORPORATION, | : |
|  | : |
| Defendants. | : |
| ------------------------------------------------------- X |  |

**OPENAI DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Section IV of this Court's Individual Practices in Civil Cases, Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") seek leave to file under seal:

- Limited portions of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis;

- Limited portions of the Declaration of Michael Trinh in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis ("Trinh Decl."); and

- Limited portions of Exhibit A to the Declaration of Joseph Gratz in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis, comprising correspondence between counsel for OpenAI Defendants and the News Plaintiffs concerning the retention of ChatGPT user conversation data.

Additionally, OpenAI responds to Plaintiff New York Times's Motion for Leave to File Under Seal filed in connection with Plaintiffs' Letter Motion to Compel (ECF 399) pursuant to the Protective Order entered in this case (ECF 127), and asks the Court to grant Plaintiff's motion and keep the following material under seal:

- Limited portions of Exhibit 3 to Plaintiff's Letter Motion to Compel OpenAI to Produce Categories of Documents (ECF 398-3), comprising correspondence between counsel for Plaintiff and OpenAI Defendants concerning OpenAI's Responses and Objections to Plaintiff's Requests for Production of Documents; and

- Limited portions of and Exhibit 14 to the News Plaintiffs' Motion to Compel OpenAI to

Preserve Output Log Data on a Going-Forward Basis (ECF 379-15).

For the reasons stated below, OpenAI respectfully requests the Court grant both this Motion for Leave to File Under Seal and Plaintiff's Motion for Leave to File Under Seal (ECF 399) as requested in this response.

OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all. 435 F.3d at 119. Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein*, 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)). This remains true even where the Court must assess those documents in the context of a discovery motion. *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).

Where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8

(quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)). Moreover, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced . . . in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). While the Court "'must still articulate specific and substantial reasons' for sealing material filed in connection with a discovery dispute, 'the reasons usually need not be as compelling as those required to seal' filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (quoting *Brown*, 929 F.3d 41, 50).

In this matter, Defendants have designated as highly confidential sensitive information related to OpenAI's business practices, the disclosure of which would harm OpenAI's competitiveness in a nascent and highly competitive market. Such information is routinely deemed confidential and filed under seal by the Courts. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Here, the sealed portions of Defendants' Opposition to News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis, the Trinh Decl. in support thereof, and Exhibit A to the Gratz Decl. in support thereof, each comprise commercially sensitive business information regarding (i) metrics related to ChatGPT usage and (ii) technical information related to OpenAI's products, services and/or operation. Exhibit 3 to Plaintiff's Letter Motion to Compel and Exhibit 14 to the News Plaintiffs' Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis include commercially sensitive business information concerning technical information concerning OpenAI's products, services and/or operation. *See*

Trinh Decl. ¶ 2-7.

OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id.* Any portions of OpenAI's letter brief summarizing, referring to, or quoting the content of these highly sensitive documents should also be sealed as reflecting OpenAI's confidential business information.

Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). The information contained in these documents and mirrored or summarized in Plaintiffs' letter-motions could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space. Thus, if not sealed, disclosure could pose serious risk of competitive harm.

Further, Exhibit 3 to ECF 398 that Plaintiff filed under seal, Exhibit 14 to ECF 379, and Exhibit A to to the Declaration of Joseph Gratz in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis are "non-judicial" documents with no presumption in favor of public access. These exhibits are correspondence between OpenAI's counsel and Plaintiff's counsel regarding

discovery in this case. There is no presumption favoring public access to any of the sealed documents or redacted language, given that they are "non-judicial" documents. *See Uni-Systems*, 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Even if the Court is inclined to find that these Exhibits (and the portions of the letter briefs summarizing or referring to them) are judicial documents or otherwise relevant to the performance of the Article III judicial process, there is little weight given to the presumption in favor of public access under *Lugosch*'s second prong. 435 F.3d 110, 119 (2d Cir. 2006). Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low. *See Metacapital Mgmt., LP v. Meta Platforms, Inc.*, No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions). Thus, the reasons for sealing "usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong—namely, preserving the secrecy of highly sensitive information that may cause OpenAI competitive harm if disclosed. 435 F.3d at 124. The materials OpenAI seeks to seal reveal sensitive details about OpenAI's products and business and legal strategy during a critical time of development for the highly competitive ChatGPT product. Trinh Decl. ¶¶ 2-7.

Accordingly, OpenAI respectfully requests that the Court grants its Motion for Leave to

File Under Seal as well as Plaintiff's Motion for Leave to File Under Seal.

Dated: January 16, 2025 MORRISON & FOERSTER LLP

By: */s/ Joseph C. Gratz*
Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
Andrew L. Perito (*pro hac vice*)
APerito@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:  213.892.5200
Facsimile:  213. 892.5454

Jocelyn E. Greer
JGreer@mofo.com
Emily C. Wood
EWood@mofo.com
Eric K. Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019-9601
Telephone:  212.468.8000
Facsimile:  212.468.7900

Carolyn M. Homer (*pro hac vice*)
CHomer@mofo.com
2100 L Street, NW
Suite 900
Washington, DC 20037
Telephone:  202.887.1500
Facsimile:  202.887.0763

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

Dated: January 16, 2025          LATHAM & WATKINS LLP

By:   */s/ Elana Nightingale Dawson*
Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street NW
Suite 100
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Allison Levine Stillman
alli.stillman@lw.com
Herman H. Yue
herman.yue@lw.com
Michael A. David
michael.david@lw.com
Rachel Renee Blitzer
rachel.blitzer@lw.com
Luke Budiardjo
luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI
GP, LLC, OPENAI, LLC, OPENAI
OPCO LLC, OPENAI GLOBAL LLC,
OAI CORPORATION, LLC, and
OPENAI HOLDINGS, LLC

Dated: January 16, 2025　　　　　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　　　　　　By: */s/ Christopher S. Sun*
　　　　　　　　　　　　　　　　　　　　　　Robert A. Van Nest (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　RVanNest@keker.com
　　　　　　　　　　　　　　　　　　　　　　R. James Slaughter (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　RSlaughter@keker.com
　　　　　　　　　　　　　　　　　　　　　　Paven Malhotra
　　　　　　　　　　　　　　　　　　　　　　PMalhotra@keker.com
　　　　　　　　　　　　　　　　　　　　　　Michelle S. Ybarra (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　MYbarra@keker.com
　　　　　　　　　　　　　　　　　　　　　　Nicholas S. Goldberg (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　NGoldberg@keker.com
　　　　　　　　　　　　　　　　　　　　　　Thomas E. Gorman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　TGorman@keker.com
　　　　　　　　　　　　　　　　　　　　　　Katie Lynn Joyce (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　KJoyce@keker.com
　　　　　　　　　　　　　　　　　　　　　　Christopher S. Sun (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　CSun@keker.com
　　　　　　　　　　　　　　　　　　　　　　Andrew S. Bruns (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　ABruns@keker.com
　　　　　　　　　　　　　　　　　　　　　　Andrew Dawson (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　ADawson@keker.com
　　　　　　　　　　　　　　　　　　　　　　Edward A. Bayley (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　EBayley@keker.com
　　　　　　　　　　　　　　　　　　　　　　Sarah Salomon (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　ssalomon@keker.com
　　　　　　　　　　　　　　　　　　　　　　633 Battery Street
　　　　　　　　　　　　　　　　　　　　　　San Francisco, California  94111-1809
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (415) 391-5400
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (415) 397-7188

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　OPENAI, INC., OPENAI LP, OPENAI
　　　　　　　　　　　　　　　　　　　　　　GP, LLC, OPENAI, LLC, OPENAI
　　　　　　　　　　　　　　　　　　　　　　OPCO LLC, OPENAI GLOBAL LLC,
　　　　　　　　　　　　　　　　　　　　　　OAI CORPORATION, LLC, and
　　　　　　　　　　　　　　　　　　　　　　OPENAI HOLDINGS, LLC