January 17, 2025

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:  *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195
    *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-3285
    *The Center for Investigative Reporting, Inc. v. Microsoft Corp.*, *et al.*, No. 1:24-cv-04872
    *Authors Guild et al. v. OpenAI Inc. et al.,* No. 1:23-cv-8292
    *Alter et al. v. OpenAI Inc. et al.,* No. 1:23-cv-10211

Dear Judge Wang:

Defendants Microsoft and OpenAI respectfully submit this additional letter regarding deposition protocols, necessitated because the Class and News Plaintiffs filed their respective proposals requesting affirmative relief as opposition briefs rather than as motions.[1]  Defendants respectfully request that the Court consider this additional letter, because otherwise Defendants will have had no opportunity to address in writing the Plaintiffs' proposals.[2]  *See Bravia Cap. Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party") (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226–27 (2d Cir.2000)).

To start, Plaintiffs' proposals actually propose no coordination at all.  As to the specifics of Plaintiffs' competing proposals: ***First, there is no justification for the number of hours of depositions that Plaintiffs are seeking.***  Plaintiffs seek 260 hours of depositions from Defendants in the News Cases and another 225 hours in the NY Class Cases–the equivalent of ***70*** 7-hour depositions. Each set of plaintiffs requests more than double the time allocated for the plaintiffs in the California Coordinated Class Action, where the court recently ordered each side 105 hours of 30(b)(1) depositions inclusive of party and non-party witnesses (the equivalent of 15 7-hour depositions), 20 hours of 30(b)(6) depositions, and a 3.5-hour limit on apex witnesses.  *See Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223, Dkt. 247.  Plaintiffs have provided no credible justification for demanding so many hours in these New York proceedings, especially given the extensive factual overlap between the NY Class and News Cases and the high likelihood that many witnesses will be deposed on identical or substantially similar subject matter. Indeed, Rule 26 provides that the Court "***must*** limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought would be unreasonably cumulative or duplicative.  Plaintiffs do nothing more than point to the raw numbers of document custodians,

---

[1] Plaintiffs' Oppositions were filed at: *Times*, ECF 403; *Authors Guild*, ECF 312.
[2] Defendants objected to Plaintiffs proceeding in this fashion, but Plaintiffs refused to make their filings as affirmative motions.

1

subpoenas, and individuals on initial disclosures without ever explaining why depositions of all these witnesses are necessary. The very purpose of the limits in the Federal Rules is to require prioritization and the same principle must be applied here. Equally problematic is Plaintiffs' position that depositions may be heavily, or entirely skewed, to one Defendant. That again flouts the requirement of showing good cause for the expansion of deposition limits. While Defendants agree that expansions to the Rule 30 limits are necessary due to the complexity of the claims, each side must still adhere to the proportionality requirement and the requirement the discovery not be unreasonably cumulative or duplicative. *See* Rule 26(b)(2)(C). Plaintiffs' approach to double or triple the limit without showing good cause flouts that principle.

***Second, Plaintiffs' multiple proposals do not facilitate efficiency in any way, shape, or form.*** Plaintiffs have three separate coordination proposals—one for the News Cases, one for the NY Class cases, and one for both the NY Class and News Cases.[3] These three convoluted, often conflicting proposals[4] fail to foster the efficiency that this Court's consolidation orders are designed to achieve. *See* Rule 42. With up to 14 hours per deposition of any witness noticed in an individual capacity in both cases, and theoretically up to 49 hours for an individual appearing in their individual and 30(b) capacity, the potential for repetitive questioning and unnecessary prolongation of depositions is high.[5] This will not only inevitably extend the discovery timeline, but also places an extreme undue burden on witnesses. In contrast, the Defendants' proposal offers a more efficient framework with additional limits, including cross-noticing, 9-hour limit for individuals noticed as 30(b)(1) only, a 12-hour limit for witnesses noticed in their individual capacity and designated as a 30(b)(6) witness, and a 5-hour limit for Apex witnesses.[6] Courts frequently impose shorter depositions for apex witnesses without exhaustive, witness-by-witness litigation at the outset—especially in complex, high-profile matters. By coordinating depositions across all New York cases and setting consolidated 30(b)(6) notices, the Defendants' approach reduces redundancy and ensures that testimony is comprehensive yet non-duplicative. These constraints ensure that depositions remain focused and efficient, minimizing unnecessary expenditure; such governance is completely lacking in Plaintiffs' proposal.

Defendants do not oppose a cap on 30(b)(6) witness testimony within the overall limits, but again Plaintiffs proposal goes too far without justification. Plaintiffs propose a minimum of 18 hours and a maximum of 25 hours of 30(b)(6) testimony from each Defendant in each case without a basis to do so other than a vague statement that the case is "highly technical" and there are several areas on which examination is required – as is true for many cases heard by this Court. A maximum of 20 hours is more appropriate, equating to roughly 3 7-hour days of 30(b)(6) testimony.

---

[3] The News Case Plaintiffs continue to ignore that those cases *have already been consolidated*.

[4] For example, News Plaintiffs object to any coordination with California, while the Class Plaintiffs advocate for it.

[5] To underscore the undue burden, and lack of coordination, inherent in Plaintiffs' approach—for any witness noticed solely in the News Cases, News Plaintiffs propose a 10-hour limit for 30(b)(1) depositions (a three-hour increase over the standard seven-hour day) in addition to a 7-hour deposition in the Class Cases, disregarding the formal consolidation of these actions and effectively penalizing Defendants for the existence of multiple but overlapping proceedings. And, this proposal inconsistent with the Class Plaintiffs who propose a 10-hour cap for individual witnesses across the Class and News cases.

[6] That Plaintiffs have noted that an Apex witness from OAI and an Apex witness from Microsoft may have information relevant to the dispute may justify taking their depositions, it does not justify why more than five hours of deposition time is necessary.

2

***Third, cross-production of documents across all of the New York cases is inappropriate and unnecessary.*** Plaintiffs suggest that there has not been any cross production of documents and that is what is preventing coordination. Not so. For example, over 90% of the documents produced by OpenAI have been produced in all cases. To the extent there is a concern about a particular deponent, that can be taken up on a case-by-case basis. There is no need for a blanket order on cross-production. Indeed, courts routinely reject blanket cross-production in coordinated cases where the parties and claims are not coextensive.[7] While core issues regarding training the generative AI models are common across all cases (making coordination appropriate), the claims are not entirely coextensive: the News Cases raise distinct claims related to retrieval-augmented generation not present in the NY Class Cases. Mandatory blanket cross-production wastes resources and expands discovery far beyond any Rule 26 standard of relevance or proportionality.

For the foregoing reasons, Defendants respectfully request that the Court reject Plaintiffs' competing proposals and ask that the Court enter their proposed Order.

Respectfully submitted,

*/s/ Sheryl Koval Garko*              */s/ R. James Slaughter*

Sheryl Koval Garko                    R. James Slaughter
*Counsel for Microsoft*               *Counsel for OpenAI Defendants*

---

[7] *See United States v. Anthem, Inc.*, No. 20-CV-2593 (ALC)(KHP), 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024) (collecting cases) ("[N]umerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone [or] 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work."); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4680242, at *2 (N.D. Cal. Oct. 18, 2017) (plaintiffs "are not entitled to complete access to [another] [p]roduction simply because there may be overlap between their claims."); *see also In re OpenAI ChatGPT Litig.*, No. 23-cv-3223 (N.D. Cal.) Dkt. 140 (rejecting motion for cross-production).