**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPLANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**PLAINTIFFS' SUBMISSION REGARDING MICROSOFT'S COMPLIANCE WITH FED. R. CIV. P. 5.1**

Pursuant to this Court's Order dated January 23, 2025, Plaintiffs in the above-referenced action hereby advise this Court as follows with respect to the portion of Microsoft Corporation's ("Microsoft's") motion to dismiss (ECF 77) directed to Plaintiffs' state law trademark dilution claim (Count VIII). ECF 77 at 23-25.

1. This Court is correct that under Federal Rule of Civil Procedure Rule 5.1, Microsoft Corporation was required to file with this Court "a notice of constitutional question, stating the question and identifying the paper that raises it." *See*, Fed. R. Civ. P. Rule 5.1. Additionally, Microsoft was required to serve the notice and the paper on the New York State Attorney General. *Id*.

2. Microsoft has argued that it was not required to file a notice of constitutional question because its challenge to the constitutionality of the New York State dilution statute is (1) an "as applied" challenge rather than a "facial" challenge, and (2) because the question of constitutionality was not raised in a complaint but only a motion. (Tr. at 87.) Plaintiffs are not aware of any caselaw holding that the requirements of Rule 5.1 apply only to "facial" challenges rather than "as applied" challenges. Furthermore, Rule 5.1 does not limit its requirements to complaints alone; the express language of Rule 5.1 refers to any "pleading, written motion, or other paper" that raises a constitutional question. Fed. R. Civ. P. Rule 5.1. Microsoft should therefore be required promptly to file and serve on the Attorney General of the State of New York the required notice of constitutional question.

3. Because Rule 5.1 applies, it appears that a certification under 28 U.S.C. § 2403 from this Court to the New York State Attorney General is also required.

4. However, Plaintiffs submit that once Microsoft files and serves the required notice and this Court provides the certification, this Court need not wait to deny this portion of Microsoft's motion. Rule 5.1(c) states that "[b]efore the time [for the attorney general] to intervene expires, the court may reject the constitutional challenge..." Fed. R. Civ. P. Rule 5.1(c). Microsoft's constitutional challenge is, for the reasons set forth in Plaintiffs' opposition brief (ECF 98) at pages 23-25, without basis and is directly inconsistent with the Supreme Court's recent ruling in *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356 (2023). Furthermore, Plaintiffs submit that Rule 5.1 does not restrict this Court's ability to address the remainder of Microsoft's motion.

January 27, 2025                              Respectfully Submitted,

*/s/ Steven Lieberman*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com


Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiff*

3