

January 30, 2025

***Via ECF***

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Annette L. Hurst**

**E** ahurst@orrick.com
**D** +1 415 773 4585
**F** +1 415 773 5759

Hon. Sidney H. Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    Federal Rule of Civil Procedure 5.1 Notice in *Daily News, LP v. Microsoft Corporation, et al.*, No. 1:24-cv-03285-SHS

Dear Judge Stein:

Thank you for the opportunity to address whether Federal Rule of Civil Procedure 5.1 required that Microsoft provide notice to the New York State Attorney General ("NYAG") of Microsoft's argument seeking dismissal, pursuant to the Dormant Commerce Clause, of the state law dilution claim in Count VIII of the Daily News Plaintiffs' Complaint. ECF 272. Though the text of Rule 5.1, its drafting history, and relevant cases provide no clear answer whether notice was required here, the Rule is reasonably read not to apply to a challenge like Microsoft's. More importantly, notice would be an empty formality in this case because this is not a matter involving a statute affecting the public interest, and therefore not a case in which the NYAG would have a right to intervene. Accordingly, the Court should not compel notice. If, however, the Court believes that the more prudent course is to provide notice, Microsoft will do so promptly.

Rule 5.1 is titled "Constitutional Challenge to a Statute" and directs parties who "draw[] into question the constitutionality of a … state statute" to "file a notice of constitutional question stating the question and identifying the paper that raises it" and "serve the notice and paper … on the state attorney general." Fed. R. Civ. P. 5.1. Rule 5.1 is intended to afford federal and state officials the ability to evaluate whether to intervene under 28 U.S.C. § 2403. As relevant here, under Rule 5.1(a), the parties provide notice to state authorities when appropriate, and under Rule 5.1(b), courts have an independent duty to certify a question to state authorities when the requirements of § 2403—including that the matter be one "affecting the public interest"—are met. 28 U.S.C. § 2403; *see also Wallach v. Lieberman*, 366 F.2d 254, 257 (2d Cir. 1966) (when a challenge satisfies § 2403, a district court must certify even when it views the challenge as

Hon. Sidney H. Stein
January 30, 2025
Page 2

frivolous because "the decision whether to intervene" should be left to the attorney general). No
argument is forfeited for failure to give notice. Fed. R. Civ. P. 5.1(d).

In this case, Microsoft has not challenged the overall constitutionality of New York's trademark
dilution statute, General Business Law § 360-1, or any part of it. Rather, Microsoft has brought
a narrow, "as-applied" challenge, arguing only that the Daily News Plaintiffs' Count VIII fails to
state a claim upon which relief could be granted. The premise of Microsoft's motion is that the
statute cannot constitutionally extend to the challenged conduct, which takes place entirely in
interstate commerce.

Not all courts have required notice for Dormant Commerce Clause challenges. In *Eastern Profit
Corp. Ltd. v. Strategic Vision US LLC*, No. 18-cv-2185, 2021 WL 2554631, at *22 (S.D.N.Y.
June 22, 2021) (Liman, J.), the Court asked the parties to brief whether, to the extent the statute
could be deemed to regulate commerce outside of its borders, the statute violated the Commerce
Clause. The court did not require Rule 5.1 notice, and the defendant, which contended such
interpretation would run afoul of the Dormant Commerce Clause, did not provide such notice.
*See E. Profit Corp.*, No. 18-cv-2185 (S.D.N.Y.), ECF No. 360. This may also explain why the
Daily News Plaintiffs did not raise the issue.

Moreover, this is not a case where the Court is required to certify a question under Rule 5.1(b).
Count VIII is a claim brought by one private party against another private party under a statute
affecting purely private interests. Unlike traditional trademark infringement and unfair
competition claims, which implicate consumer source identification and potential deception,
dilution protects only the property aspects of a trademark. A dilution claim thus protects only a
trademark holder's *private* interest. The Second Circuit has emphasized that "the Dilution Act is
designed solely for the benefit of sellers. Its purpose is to protect the owners of famous marks
from the kind of dilution that is permitted by the trademark laws when a junior user uses the
same mark in a non-confusing way in an unrelated area of commerce. The Dilution Act offers
no benefit to the consumer public—only to the owner." *See TCPIP Holding Co. v. Haar
Commc'ns, Inc.*, 244 F.3d 88, 95 (2d Cir. 2001). Accordingly, Microsoft's as-applied challenge
to § 360-l in this case is not a matter that would require certification under Rule 5.1(b) or justify
intervention under § 2403. There is no public interest to protect by requiring notice in this
situation.

The Motions to Dismiss included another argument that is ultimately constitutional in nature and
likewise has been the subject of conflicting decisions about application of Rule 5.1(a). By
arguing that the common law misappropriation claim likewise cannot proscribe the challenged

Hon. Sidney H. Stein
January 30, 2025
Page 3

conduct because it is preempted by the Copyright Act, Defendants implicitly invoked not only the Copyright Act but also the Supremacy Clause. Courts are split on whether preemption arguments must be the subject of a Rule 5.1(a) notice, with a number of courts holding it is not necessary because the statute would remain "in force in most of its domain." *See, e.g.*, *United States v. Zadeh*, 820 F.3d 746, 754-55 (5th Cir. 2016) (preemption challenge did not trigger Rule 5.1); *Skau v. JBS Carriers, Inc.*, No. 18-cv-00681, 2019 WL 4597516, at *1 (W.D. Wash. Sept. 23, 2019) (holding that preemption is not a constitutional challenge within the meaning of Rule 5.1); *von Kahle v. Cargill, Inc.*, No. 21-cv-8532, 2022 WL 4096164, at *1 (S.D.N.Y. Sept. 7, 2022) (recognizing the law on whether notice is required is "unsettled" but holding preemption challenge triggered Rule 5.1(a) notice); *Taylor v. JBS Foods USA*, No. 23-cv-03031, 2024 WL 3424732, at *3 (D.S.D. July 16, 2024) (same).

Microsoft is not seeking a judgment that "hold[s] the statute unconstitutional," Fed. R. Civ. P. 5.1(c), but rather a judgment that Plaintiffs under these particular facts are improperly attempting to extend a state statute to regulate the inherently national use of generative AI technology. If successful, Microsoft's argument would leave the statute fully operative within its domain. *See Sykes v. Sweeney*, 638 F. Supp. 274, 277 (E.D. Mo. 1986) (holding that certification under § 2403 was not required because plaintiff "d[id] not attack the constitutionality of the … state statute" but how it was applied); *Zadeh*, 820 F.3d at 754-55 (holding that preemption challenge did not trigger Rule 5.1 because it would "leave the state statute in force in most of its domain"); *cf. Dynamics Corp. of Am. v. CTS Corp.*, 794 F.2d 250, 259-60 (7th Cir. 1986), *rev'd on other grounds*, 481 U.S. 69 (1987) (*dicta* that certification under § 2403 may not be required for preemption but is required for Dormant Commerce Clause argument to give the state the opportunity "to save [its] statute").

There are cases, however, where courts have required notice for Dormant Commerce Clause arguments. *See Taylor*, 2024 WL 3424732, at *3 (holding that defendants' Dormant Commerce Clause argument triggered Rule 5.1 because it drew into question plaintiff's interpretation of state's antitrust and unjust enrichment laws). Drafting history also suggests that when revising Rule 24(c) to eliminate the "public interest" requirement from notices in Rule 5.1(a), the Committee intended the scope of Rule 5.1(a) to include a greater range of challenges to statutes. *See* Fed. R. Civ. P. 5.1 advisory committee's note to 2006 amendment (explaining that the goal was to ensure that the attorney general could "determine whether to seek intervention on the ground that the … statute affects a public interest").

In short, while the rule and on-point authorities are unclear, what is clear is that Microsoft's motion neither implicates a statute affecting the public interest nor challenges the overall

Hon. Sidney H. Stein
January 30, 2025
Page 4

constitutionality of such a statute.  This Court should therefore not compel notice to the NYAG in this circumstance.

Of course, if the Court believes notice to the NYAG to be appropriate in an abundance of caution, Microsoft will provide that notice promptly.  In that event, Microsoft also requests that the parties be afforded an opportunity to file short additional briefing of no more than five pages to ensure that the Court and the NYAG have a complete record upon which to conclude that there is no public interest implicated by Microsoft's as-applied challenge to the dilution statute.

Very truly yours,

/s/ *Annette L. Hurst*

Annette L. Hurst