March 31, 2025

Hon. Ona T. Wang
Southern District of New York

        Re:    *The New York Times Company v. Microsoft Corp.*, No.: 23-cv-11195; *Daily News, LP v. Microsoft Corp.*, No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 1:24-cv-04872:

Dear Magistrate Judge Wang:

    Plaintiffs The New York Times Company ("The Times"), Daily News, LP et al. ("Daily News"), and the Center for Investigative Reporting ("CIR") (collectively, the "News Plaintiffs") respectfully request that the Court order that OpenAI President Greg Brockman is not subject to the "apex" doctrine and therefore must sit for a standard deposition in this case.[1]

### Background

    Mr. Brockman is a key OpenAI witness whom OpenAI is scheduling for deposition in April. OpenAI's position is that Mr. Brockman should sit for just one day of deposition (8 hours) across all of the News Cases, as well as the SDNY and N.D. Cal. class actions, and OpenAI is scheduling his deposition before the upcoming April 28 close of fact discovery in the N.D. Cal case. Ex. 1 at 2, 4. OpenAI claims that Mr. Brockman is an "apex" witness and, accordingly, should be deposed for less than the standard 30(b)(1) time. SDNY Plaintiffs have never agreed to this and, instead, have repeatedly stated, including during a March 11 meet and confer attempting to coordinate dates for witnesses being deposed in all three cases (including Mr. Brockman), and in an email on March 17, that they do not agree that Mr. Brockman should be deposed for less than the four hours allotted for each Plaintiff group under the deposition coordination agreement. See Ex. 2 at 1. On March 18, News Plaintiffs told OpenAI that they believed this "apex" issue will need to be resolved by the Court at the April 10 conference if the parties could not agree on how much time Brockman would sit for. Ex. 3. News Plaintiffs followed up on March 25, seeking to meet and confer on the issue. *Id.*[2]

    On March 25, OpenAI took the position that there was no ripe dispute as to Mr. Brockman and, at the same time, confirmed that they would present Mr. Brockman "prior to the April 28 fact discovery cutoff" in the N.D. Cal. case and would make Mr. Brockman available for 4.5 hours across the SDNY cases *and* a separate lawsuit brought by The Intercept (*The Intercept Media v. OpenAI*, 24-cv-01515). See Ex. 3 at 3 (email from OpenAI's counsel). OpenAI counsel incorrectly accused SDNY Plaintiffs of "reneging on their agreement to complete Mr. Brockmans's deposition

---

[1] The parties negotiated a deposition protocol under which all three News Plaintiffs would share four hours of deposition time with an OpenAI witness (that is, 1.33 hours per News Plaintiff), as part of a broader agreement with the SDNY and ND. Cal. class plaintiffs that would have allowed all plaintiffs a total of 12 hours per OpenAI witness. However, OpenAI declared that agreement "dead" following the News and SDNY Class Plaintiffs' request that documents be substantially produced prior to 30(b)(6) depositions. Ex. 4 at 5:7. News Plaintiffs disagree that the agreement is "dead," and for purposes of Mr. Brockman's deposition, News Plaintiffs have proposed that he sit for 12 hours across all of the cases, like any other OpenAI witness will do under the coordination agreement.

[2] The parties also have a dispute about whether OpenAI CEO Sam Altman qualifies as an "apex" witness who should sit for less than the default deposition time. OpenAI has informed News Plaintiffs that Mr. Altman will be a Rule 30(b)(6) witness, but OpenAI has not yet provided the topics on which he will testify. Once OpenAI provides that information, the parties will meet and confer about timing for his deposition and determine whether Court intervention is necessary. News Plaintiffs move only as to Mr. Brockman because of his impending deposition.

1

on the same day he is offered in ND Cal" even though Plaintiffs have been clear that they are entitled to the full time allotted for OpenAI witnesses under the protocol. *Id.* On March 26, OpenAI confirmed that it would only present Mr. Brockman for one day across all the actions, a position which OpenAI reiterated on March 28. Ex. 1 at 2, 4.

The parties need a resolution to this issue in advance of Mr. Brockman's deposition sometime before April 28, 2025. Moreover, regardless of when Mr. Brockman is deposed, it is clear that the parties have a fundamental disagreement about whether the apex doctrine applies to his testimony. The parties exchanged emails and News Plaintiffs repeatedly sought to meet and confer, but the parties were unable to resolve the dispute.

### Argument

This Court should reject OpenAI's "apex" argument and order Mr. Brockman to sit for the standard time limit. The "apex" doctrine is "in tension with the broad availability of discovery," and applies "only in compelling circumstances" where the party opposing the discovery can prove that the witness "has nothing to contribute to this litigation." *Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *3 (S.D.N.Y. Sept. 10, 2024). OpenAI cannot carry its heavy burden.

**1. Mr. Brockman Has Extensive and Highly Relevant Knowledge of Key Issues.**

Mr. Brockman has been working at OpenAI since the company's inception. He is one of 11 co-founders, and he attended a small 2015 "dinner where the concept of OpenAI was first articulated."[3] He "started off as OpenAI's chief technology officer and has since risen the ranks to become president of the company." *Id.* But 

. Documents produced by OpenAI prove that Mr. Brockman is "a far cry from the prototypical apex witness, who sits removed from the key facts of the dispute." *Oakley*, 2024 WL 4134903, at *2.

Mr. Brockman personally led OpenAI's efforts to

Mr. Brockman also has relevant knowledge about

---

[3] https://observer.com/2024/07/openai-founders-career/.

[REDACTED]

Mr. Brockman also personally investigated [REDACTED]

[REDACTED]

e also *Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 189 (2d Cir. 2024) ("the effect of [Defendants'] use on the potential market for or value of the works" is "undoubtedly the single most important element of fair use").

Mr. Brockman also has personal knowledge about OpenAI's decision-making with respect to [REDACTED]

[REDACTED]

### 2. OpenAI Has Not Come Close To Carrying Its Burden To Show Why Mr. Brockman Should Not Be Deposed As An Ordinary Fact Witness.

OpenAI has never explained why it believes Mr. Brockman is entitled to "apex" protection beyond his title of "President." On March 18, in an email seeking to meet and confer on this issue, News Plaintiffs shared substantially all of the information above about why Mr. Brockman is not an "apex" witness. Ex. 3. OpenAI provided no substantive response. "[T]he fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). Instead, a company invoking the "apex" deposition typically "provides an affidavit from the person who seeks to avoid being deposed" to "swear[] that they lack relevant knowledge." *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002). OpenAI has not done that here nor could Brockman truthfully make that claim, given the above evidence. Furthermore, OpenAI has "failed to convincingly show that his deposition for the standard hours in this case will result in harassment or potential disruption of the business." *Oakley*, 2024 WL 4134903, at *3.

                          Respectfully,

                          */s/ Ian B. Crosby*
                          Ian B. Crosby
                          Susman Godfrey L.L.P.

cc:    All Counsel of Record (via ECF)