MORRISON FOERSTER        LATHAM&WATKINS LLP        KEKER VAN NEST & PETERS

April 4, 2025

**VIA ECF**

Hon. Sidney H. Stein
U.S. District Court
Southern District of New York
500 Pearl St., Room 24A
New York, NY 10007-1312

Re:   *New York Times Co. v. Microsoft et al.,* No. 1:23-cv-11195-SHS-OTW;
      *Daily News, LP v. Microsoft et al.,* No. 1:24-cv-03285-SHS-OTW*;*
      *Center for Invest. Reporting v. OpenAI, Inc. et al. No.* 1:24-cv-04872-SHS

Dear Judge Stein:

In light of the Judicial Panel on Multidistrict Litigation's April 3, 2025 transfer order and the anticipated coordination or consolidation of pretrial proceedings (MDL No. 3143, Dkt. No. 85), pursuant to Federal Rule of Civil Procedure 6(b), OpenAI respectfully requests that the Court extend the deadlines for OpenAI to respond to the complaints in *New York Times Co. v. Microsoft et al.,* No. 1:23-cv-11195-SHS-OTW; *Daily News, LP v. Microsoft et al.,* No. 1:24-cv-03285-SHS-OTW; and *Center for Investigative Reporting v. OpenAI, Inc. et al. No.* 1:24-cv-04872-SHS (the "News Cases") until after coordination in the MDL has been completed and the Court establishes a schedule for the coordinated actions.  This is OpenAI's first request for an extension of time to respond to the complaints.  Plaintiffs oppose OpenAI's requested extension of time, arguing that OpenAI has no reason to seek an extension.  Filing answers to separate actions that will soon be coordinated or consolidated in an MDL creates unnecessary inefficiency and would impose an unwarranted burden on OpenAI.

In the News Cases, the Court granted in part and denied in part OpenAI's motions to dismiss Plaintiffs' complaints in a March 26, 2025 minute order. (*New York Times*, Dkt. No. 485; *Daily News*, Dkt. No. 316; *Center for Investigative Reporting,* Dkt No. 241.)  OpenAI's answers to these complaints are currently due on April 9, 2025.  *See* Fed R. Civ. P. 12(a)(4)(A).  But in the intervening time, the Judicial Panel on Multidistrict Litigation issued a transfer order centralizing the cases in this Court to, among other things, "conserve the resources of the parties, their counsel, and the judiciary" and "ensure overall economies."

Hon. Sidney H. Stein
April 4, 2025
Page Two

(MDL No. 3143, Dkt. No. 85 at 2-3 (explaining that "[o]pportunities abound for the transferee judge to redirect the parties onto a more efficient path").)

The requested extension would serve the interests of efficiency and the conservation of resources because the current complaints are unlikely to continue in their current form after the overlapping complaints are coordinated or consolidated in the MDL proceeding. Filing separate answers in a piecemeal fashion for complaints that will take a different form after coordination or consolidation would impose needless, wasteful expense on OpenAI. *See, e.g.*, *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (pointing to stay "pending MDL panel's decision because '[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost'") (quoting *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 Civ. 2153(MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988)). Indeed, the very purpose of the consolidation of cases in multidistrict litigation is to "promote the just and *efficient* conduct of such actions." 28 U.S.C. § 1407(a) (emphasis added). And for this reason, Courts routinely stay proceedings pending the resolution of consolidation. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV.3288(DLC), 2004 WL 113484, at *1 (S.D.N.Y. Jan. 26, 2004) (explaining that *after* the JPML ordered consolidation, the transferee court ordered that "the requirement that any defendant named and served in an Individual Action must move, answer, or otherwise respond in that action is stayed") (quoting Consolidation Order, *In re WorldCom, Inc. Sec. Litig.,* No. 02 Civ. 3288(DLC), 2003 WL 21242882, at *2 (S.D.N.Y. May 29, 2003)); *Rojas v. Teva Pharms. USA, Inc.*, No. 20-CV-6448 (KMK), 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020) (staying case pending decision on consolidation because "[a] stay will allow [the parties] to avoid the risk of duplicating their briefing"). The requested extension until after the MDL actions are coordinated will not affect any other scheduled dates in this action. In the alternative, OpenAI requests until April 30, 2025 to respond to the current operative complaints.

We appreciate the Court's time and attention to this request.

Respectfully Submitted,

| MORRISON & FOERSTER LLP | LATHAM & WATKINS LLP | KEKER, VAN NEST & PETERS LLP |
|---|---|---|
| */s/ Joseph C. Gratz* | */s/ Herman Yue* | */s/ Christopher Sun* |
| Joseph C. Gratz | Herman Yue | Christopher Sun |