KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

October 20, 2025                                                                                                       VIA ECF

Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    OpenAI's Response to Daily News Plaintiffs' October 15 Letter Motion to Compel, *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143
            This Document Relates To: No. 1:24-cv-3285 (SHS) (OTW)

Dear Magistrate Judge Wang:

      Interrogatory No. 10 violates Local Rule 33.3 because depositions are the more practical method of obtaining narrative information about OpenAI's processes relating to copyright management information ("CMI"), training datasets, and training generally, and it is duplicative of Plaintiffs' document requests for which OpenAI has already agreed to run CMI-related search terms. Nevertheless, in an effort to resolve this dispute, OpenAI is willing to provide a response to Interrogatory No. 10 by November 5, 2025, and reserves the right to supplement its response as the evidentiary record is further developed through ongoing depositions and document discovery.

## I. Relevant Background

      Plaintiffs' Interrogatory No. 10 asks OpenAI—without any meaningful limitations—to "describe processes" it engaged in when handling CMI in connection with different stages of data processing. OpenAI objected to Interrogatory No. 10 on the grounds that it was impermissible under Local Rule 33.3, duplicative of ongoing discovery, and overbroad in scope. Specifically, OpenAI indicated that the interrogatory sought information properly obtained through deposition testimony rather than through written discovery, as contemplated by Local Rule 33.3(b). OpenAI offered to meet and confer in good faith to narrow the scope of the interrogatory.

      During the parties' October 6, 2025 conferral, OpenAI further explained that the interrogatory was not properly tailored because it was unlimited in time, included an open-ended "including" clause, and sought a narrative description of internal processes that would be more appropriate for a deposition. Plaintiffs' only response was that the interrogatory was preferable because "it's hard to remember details" during a deposition. Because Plaintiffs did not substantively address OpenAI's objections or propose any narrowing, OpenAI reiterated that a deposition would be the more practical and efficient mechanism at this stage of litigation, and declined to provide a narrative response to the interrogatory at this time.

      Plaintiffs filed their Motion on October 15, 2025, clarifying that the information they seek is "well suited for a short, narrative response, [ ] does not seek OpenAI's 'claims or contentions," and "[i]f OpenAI's processes for the removal of CMI are limited in nature, then a short response is all that is required . . . ." (Mot. at 2-3).

On October 20, 2025, in an effort to resolve the dispute without Court intervention, OpenAI told Plaintiffs on a meet and confer that it would be willing to provide a response to Interrogatory No. 10 by November 5, 2025, the date Plaintiffs requested in their Motion (Mot. at 1), while reserving the right to supplement its response as the evidentiary record is further developed through ongoing depositions and document discovery. Contrary to the request in their Motion, Plaintiffs requested that OpenAI provide a supplemental response by October 27, 2025. In response, OpenAI indicated that it would be willing to comply with the date Plaintiffs asked for in their Motion (i.e., November 5, 2025).

II.     **Argument**

Local Rule 33.3 provides that "interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents . . . ." L.R. 33.3(a). The rule permits interrogatories to go beyond that scope only if "they are a more practical method of obtaining the information sought than a request for production or a deposition." *CG3 Media, LLC v. Belleau Tech.*, No. 1-21-cv-04607 (MKV), 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022); L.R. 33.3(b).

Here, a plain reading of Interrogatory No. 10 shows that depositions are the more practical mechanism to obtain this discovery. *White v. UMG Recordings, Inc.*, No. 20-cv-9971 (AT) (OTW), 2022 WL 22838062, at *2 (S.D.N.Y. Dec. 19, 2022) (J. Wang) (S.D.N.Y. Dec. 19, 2022) (J. Wang) (denying motion to compel response to interrogatory where "information would be better conveyed through limited questions at a deposition rather than requiring [defendant] to produce a chronology of every step he took" through an interrogatory response); *Yang v. Fei, No. 24-CV-5055 (RA) (KHP)*, 2025 WL 2294586, at *7-8 (S.D.N.Y. Aug. 8, 2025) (holding interrogatory asking Defendant to "describe in detail all procedures, policies, or practices" was "improper" and "depositions of Defendants may be the best way to ascertain much of the information requested. . ."). Interrogatory No. 10 asks for narrative descriptions for nearly a dozen different stages of data processing. ECF 652-2 at 6 ("Describe the processes used by You to remove, extract, mask, hide, or alter Copyright Management Information (CMI) conveyed with Publishers' Content, including: processes performed as part **obtaining, generating, curating, cleaning, formatting, or storing** Training Datasets; processes performed **as part of Retrieval Augmented Generation**; and processes performed as part of **training**, including **pre- training**, **post-training**, and **fine-tuning**.") (emphasis added).

As Plaintiffs acknowledge, OpenAI has already agreed to produce "one or more witnesses to provide non-privileged factual testimony on how text data is filtered, cleaned, tokenized, or otherwise altered for use in pretraining and mid-training for OpenAI's LLMs," which would provide information responsive to this Interrogatory. *See* 652-4 at 38 (OpenAI's Responses to Topics 10(m) and 10(n)).

Moreover, Interrogatory No. 10 is duplicative of requests for the production of documents and communications concerning the "removal of CMI," and OpenAI has already agreed to run CMI-related search terms and to further meet and confer. *See e.g.*, Ex. A at 12 (Daily News Third

Set of RFPs). Duplicative interrogatories are by their nature "not a more practical method of obtaining information," and thus improper under Local Rule 33.3. *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, No. 18 CIV. 8999 (RA) (SLC), 2020 WL 7695712, at *5 (S.D.N.Y. Dec. 28, 2020) (citing to L.R. 33.3(b)); *see also Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367-68 (S.D.N.Y. 2010) (interrogatories found to be improper in light of "corresponding" document requests).

\*   \*   \*

Despite the fact that Interrogatory No. 10 violates Local Rule 33.3, in an effort to resolve this dispute and in light of Plaintiffs' clarifications in their Motion, OpenAI is willing to provide a response to Interrogatory No. 10 by November 5, 2025 (i.e., the date Plaintiffs requested in their Motion), while reserving the right to supplement its response as the evidentiary record is further developed through ongoing depositions and document discovery.

**Okay. -OTW**

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Michelle Ybarra | /s/ Allison Blanco | /s/ Rose S. Lee |

OpenAI is directed to respond to Interrogatory No. 10 by November 5, 2025.

The Clerk of Court is respectfully directed to close ECF No. 652.

**SO ORDERED.**

_____
**Ona T. Wang
U.S.M.J. 10/28/2025**