

November 18, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *In re OpenAI, Inc., Copyright Infringement Litig.*, 1:25-md-3143-SHS-OTW
      This Document Relates To: All Cases
      Microsoft's Letter Brief Requesting Protective Order on Depositions of Microsoft's CEO Satya Nadella and CTO Kevin Scott

Dear Magistrate Judge Wang:

Microsoft takes these cases very seriously. Accordingly, a number of very senior Microsoft executives—some of whom have even been designated as 30(b)(6) witnesses—have been or will be deposed without apex limits. Nevertheless, Plaintiffs demand to depose **two** apex witnesses, Chief Executive Officer Satya Nadella and Chief Technology Officer Kevin Scott, **for two days each**—without any attempt to show unique knowledge or to exhaust other avenues of inquiry. Plaintiffs' demand exemplifies precisely the type of undue burden and harassment the apex doctrine was designed to prevent.[1]

As the CEO and CTO of one of the world's largest corporations, there can be no question that Messrs. Nadella and Scott are apex witnesses whose time is extremely constrained by the duties of a c-suite officer in a huge public company. *See, e.g.*, *Chang v. Mizuho Secs. USA LLC*, 2024 WL 3824101, at *1 (S.D.N.Y. Aug. 8, 2024) (finding President and CEO of Mizuho Securities USA LLC "is the quintessential 'apex witness'"); *Louis Vutton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (finding former general manager of Louis Vutton is an apex witness). The party seeking to depose such a witness must "establish[] that the witness: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means have been exhausted without success." *Chang*, 2024 WL 3824101, at *2. Plaintiffs cannot meet this burden to demand *both* Messrs. Nadella and Scott to sit for two days of depositions each.

The News cases, at their core with respect to Microsoft, concern Microsoft's implementation of OpenAI's LLMs into the Bing Chat/Copilot products. Neither Mr. Nadella nor Mr. Scott have "unique, non-repetitive, firsthand knowledge" of the issues related to Microsoft's

---

[1] Courts in this District "have recognized an additional layer of protection for senior corporate executives subject to depositions." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (internal quotations omitted). This principle, known as the apex doctrine, "derives from Federal Rule of Civil Procedure 26(b)(2), which limits discovery that is unreasonably cumulative or duplicative or is obtainable from a 'more convenient, less burdensome, or less expensive' source." *loanDepot.com, LLC v. CrossCountry Mortg., LLC*, 2024 WL 2154189, at *1 (S.D.N.Y. Apr. 9, 2024) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)).

development of those products. Microsoft is making available for deposition a number of senior people with direct, first-hand knowledge of technical issues in this case. For example, Plaintiffs have already deposed Mikhail Parakhin (former CEO of Advertising and Web Services, who reported to Mr. Scott), Jordi Ribas (Corporate Vice President of Search & AI who was responsible for the launch of Bing Chat, Copilot, and Copilot Pro, who is one step below Mr. Scott in the org chart), Karmel Allison (former Technical Advisor to Mr. Scott), Elbio Abib (Corporate Vice President of Search Whole Page who led the Bing Chat and GPT integration into Bing), and Kate Cook (Product Manager who was the product lead for Bing Chat/Microsoft Copilot). Upcoming depositions will include Padma Priya Gaggara (Vice President in Microsoft AI), Jamie Hyunh (AI Technical Advisor to Mr. Scott), and Fabrice Canel (Principal Product Manager for Bing Search). Microsoft expects Plaintiffs will depose Xia Song (Corporate Vice President who led the team in the incubation, curation, and launching of Bing Chat/Microsoft Copilot). Several of these also served/are serving as 30(b)(6) witnesses. In light of this, there is no need for either Mr. Nadella or Mr. Scott to be deposed about these topics. At the very least, Plaintiffs must complete these depositions before burdening either Mr. Nadella or Mr. Scott. *See, e.g.*, *Oakley v. MSG Nets., Inc.*, 2024 WL 4859024, at *5 (S.D.N.Y. Nov. 20, 2024) ("[C]ourts have routinely ordered that CEOs and corporate officers be deposed after other employees."); *Morrison v. Scotia Capital (USA) Inc.*, 2024 WL 3316086, at *2 (S.D.N.Y. June 7, 2024) ("As a general rule, courts often require parties to depose lower-level executives before seeking or taking depositions of high-level executives who are often far removed from the pertinent facts.").

The Class cases primarily concern the Microsoft-OpenAI relationship and the alleged knowledge and control by Microsoft of OpenAI's model training. As above, Microsoft is making available very senior executives just below the level of Messrs. Nadella and Scott to testify about their firsthand knowledge on those topics, including Dee Templeton (Corporate Vice President of Technology & Research Partnerships and Operations who reports to Mr. Scott), as well as Mike Wetter (Corporate Vice President of Corporate Development) and Jon Tinter (President and former Corporate Vice President of Business Development and Ventures), both of whom report to Microsoft's Chief Financial Officer. Both Ms. Templeton and Mr. Wetter are also 30(b)(6) witnesses. Once Plaintiffs have completed all of these depositions, there should be no need at all for the depositions of either Mr. Nadella or Mr. Scott.

Nevertheless, as a compromise and to avoid motions practice, Microsoft offered Plaintiffs to schedule one day with either Mr. Nadella or Mr. Scott. Their knowledge is generally overlapping, and either of them can provide testimony from the highest level of the company.[2] And one seven-hour day is more than sufficient in light of the extensive deposition discovery from Microsoft that Plaintiffs will have had. And, it makes more sense to disrupt the schedules of only one of the witnesses for preparation, review, and testimony, rather than disrupting both of their schedules. Plaintiffs refused Microsoft's proposal without explanation.

Plaintiffs' request for **two days** of deposition time **for both** Messrs. Nadella and Scott is grossly contrary to the apex doctrine, which "reflects the reality that depositions of high-profile or high-ranking busy individuals with exceptional demands on their schedules present a heightened risk of abuse or harassment, of the sort that Rule 26 expressly guards against." *Mark Anthony Int'l SRL v. Prime Hydration, LLC*, No. 2025 WL 2055998, at *2 (S.D.N.Y. July 23, 2025). And

---

[2] Microsoft identified Messrs. Nadella and Scott in its Initial Disclosures in a transparent effort to disclose those who may have relevant knowledge; however, Microsoft will not call them as trial witnesses if they are not deposed. Further, Microsoft disclosed Mr. Nadella's and Mr. Scott's overlapping knowledge and its intent to pursue apex protections in its Initial Disclosures.

demanding that two apex witnesses go through extensive deposition preparations to testify on the same topics is also a not warranted or proportional. Courts in this District routinely limit the deposition time for apex witnesses to reflect the limited relevant knowledge that they possess. *See, e.g., loanDepo.com*, 2024 WL 2154189, at *2 (limiting apex deposition to two hours of on-the-record time and limiting scope of deposition); *Chipotle*, 306 F.R.D. at 124 (limiting apex deposition to four hours).

Microsoft's proposal gives Plaintiffs significantly more access to its apex witnesses. Accordingly, Microsoft respectfully requests that the Court enter a protective order denying Plaintiffs' request for these depositions. Alternatively, the Court should order Plaintiffs to choose to depose either Mr. Nadella or Mr. Scott for one day for seven hours on-the-record after first taking the depositions of the witnesses identified above.

Respectfully submitted,                    Respectfully submitted,

/s/ Annette L. Hurst                         /s/ Jared B. Briant

Annette L. Hurst                             Jared B. Briant

*Counsel for Defendant Microsoft Corporation*