**VIA ECF**
January 30, 2026

Hon. Ona T. Wang
Southern District of New York

> *In re OpenAI, Inc., Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: *New York Times* (23-cv-11195), *New York Daily News* (24-cv-3285), *Center for Investigative Reporting* (24-cv-4872), and *Ziff Davis* (25-cv-4315)

Dear Magistrate Judge Wang:

News Plaintiffs seek an order requiring Defendant OpenAI to answer contention interrogatories seeking the bases for each of OpenAI's affirmative defenses.

OpenAI filed Answers that include between 25 and 29 affirmative defenses. Each News Plaintiff[1] served contention interrogatories seeking the bases for each of these defenses. Exs. 1-4.[2] For example, CIR served an interrogatory asking OpenAI to "State the basis for all your affirmative defenses on which you intend to rely on at summary judgment or at trial that are not otherwise referenced in these Interrogatories." Ex. 2. Each News Plaintiff served an analogous interrogatory. Exs. 1-4. These interrogatories are the subject of this motion.

OpenAI claimed these interrogatories resulted in subparts that caused the total number of interrogatories to exceed 25, and refused to answer on that basis. Exs. 1-4. The parties conferred, and despite this Court's admonition to take a pragmatic approach to discovery, OpenAI refused to budge. So News Plaintiffs are left in the dark about the bases for many[3] of OpenAI's affirmative defenses, which are pled in conclusory single-sentence fashion. *See*, *e.g.*, MDL ECF No. 940 at 33-37.

Interrogatories seeking the bases for affirmative defenses are proper, and OpenAI does not appear to argue otherwise. *Bujnicki v. Am. Paving & Excavating, Inc.*, 2004 WL 1071736, at *8-9 (W.D.N.Y. 2004) (citing *Breffka & Hehnke GmbH & Co. v. M/V Glorious Success,* 2002 WL 31415624 (S.D.N.Y. 2003); *Connors v. Pinkerton's, Inc.,* 1999 WL 66107 (D. Conn. 1999)).

---

[1] This includes all News Plaintiffs except The Intercept.
[2] The implicated interrogatories are CIR No. 25, NYT No. 12, Daily News No. 25, and Ziff Davis No. 19. As indicated on the first pages of the responses and objections, for some, OpenAI designated as Highly Confidential-Attorneys Eyes Only under the protective order, but has agreed that the responses to the at-issue interrogatories can be publicly filed.
[3] News Plaintiffs served other interrogatories seeking the bases of certain individual defenses, which received substantive answers, but this does not apply to the majority of the defenses, which remain unanswered.

Thus, courts have ordered defendants to answer interrogatories seeking the bases for affirmative defenses even when it results in subparts exceeding the maximum number of interrogatories, as it often will when defendants plead large numbers of defenses like the 25-29 pled here. *Bujnicki*, 2004 WL 1071736, at *8-9 (ordering response to interrogatory seeking "the factual basis for each of defendants' twelve affirmative defenses," even though "many of the interrogatories contain discreet subparts which, when counted separately, exceed the 25 interrogatories permitted"); *Doe v. Town of Greenwich*, 2020 WL 2374963, at *1-3 (D. Conn. 2020) (granting leave to serve 11 additional interrogatories, on top of the 25 interrogatories previously served, "specifically related to [defendants'] affirmative defenses").  That is because Rule 33(a) "affords the Court discretion to permit interrogatories in excess of the initial limit."  *Bujnicki*, 2004 WL 1071736, at *8-9.  While OpenAI does not appear to contend that it is too burdensome to provide the bases for each of its defenses, it is presumably aware of them, so any burden is more than proportional to the needs of the case given the lack of detail pled and resulting mystery to News Plaintiffs.

News Plaintiffs therefore request that the Court order OpenAI to answer their interrogatories seeking the bases for OpenAI's affirmative defenses within five business days of the entry of the Court's order.  A separate letter brief on behalf of Ziff Davis addressing additional arguments specific to Ziff Davis is included immediately following this one.

/s/ Matthew Topic
Loevy + Loevy
*Counsel for Center for Investigative Reporting*

/s/ Davida Brook
Susman Godfrey L.L.P.
*Counsel for The New York Times*
*News Plaintiffs' Liaison Counsel*

/s/ Steven Lieberman
Rothwell, Figg, Ernst & Manbeck, P.C.
*Counsel for The New York Times and Daily News Plaintiffs*

/s/ Guy Ruttenberg
Ruttenberg IP Law
*Counsel for Ziff Davis*

RUTTENBERG IP LAW
A PROFESSIONAL CORPORATION

January 30, 2026

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:   **In re: OpenAI, Inc., Copyright Infringement Litigation, 1:25-md-03143-SHS-OTW**
      This Document Relates To: Ziff Davis, Inc. et al. v. OpenAI, Inc. et al., Case No. 25-cv-04315-SHS-OTW

Dear Judge Wang:

   Ziff Davis serves this letter-brief in further support of the News Plaintiffs' motion for an order requiring Defendant OpenAI to answer contention interrogatories seeking the bases for each of its affirmative defenses. That motion is filed on behalf of all News Plaintiffs (as noted therein), and Ziff Davis agrees with that letter-brief in full.

   Ziff Davis writes separately, however, because OpenAI's objections are particularly ill-suited in response to Ziff Davis's contention interrogatory. Namely, OpenAI contends that Ziff Davis's Interrogatory No. 19 "counts as 29 interrogatories" because OpenAI "asserts 29 affirmative defenses." Ex. 4. However, OpenAI only answered Ziff Davis's complaint on December 29, 2025, which was *after* the deadline for serving contention interrogatories and less than three weeks before OpenAI responded to the contention interrogatories. In other words, by the deadline for serving interrogatories, OpenAI had not plead any affirmative defenses. For this additional reason, Ziff Davis's Interrogatory No. 19 properly seeks the basis for any affirmative defense "[i]f OpenAI intends to rely on an affirmative defense." *Id.* at 11. OpenAI should be directed to answer in full.

Respectfully submitted,

  *Guy Ruttenberg*
Guy Ruttenberg
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Gili Karev
Mariella Salazar
Clara Cassan
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klarislaw.com
matthew.leish@klarislaw.com
gili.karev@klarislaw.com
mariella.salazar@klarislaw.com
clara.cassan@klarislaw.com

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*

2