# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE NEW YORK TIMES COMPANY.,           :
                                       :
             Plaintiff,                :
                                       :
                                       :   No. 1:23-cv-11195-SHS-OTW
             v.                        :
                                       :
MICROSOFT CORPORATION, OPENAI,         :
INC., OPENAI LP, OPENAI GP, LLC,       :
OPENAI, LLC, OPENAI OPCO LLC,          :
OPENAI GLOBAL LLC, OAI                 :
CORPORATION, LLC, OPENAI               :
HOLDINGS, LLC,                         :
                                       :
             Defendants.               :
                                       :
------------------------------------------------------- X

**OPENAI DEFENDANTS' SUPPLEMENTAL AND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES (NOS. 12-15)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants OpenAI Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, and OpenAI Holdings LLC (collectively, "OpenAI") hereby object and respond to Plaintiff's Interrogatories Nos. 12-15. To the extent that OpenAI agrees to respond to these Interrogatories, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

**PRELIMINARY STATEMENT**

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or

documents, add meaning to known facts or documents, or lead to additions, variations or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date. The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these responses, or the subject matter thereof.

## GENERAL OBJECTIONS

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Interrogatory and each and every definition by Plaintiff and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

OpenAI objects to the Interrogatories because, including discrete subparts and previously served interrogatories and discrete subparts, they exceed the number permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. OpenAI further objects to these Interrogatories to the extent they exceed any limits set by the MDL Court to which this case has been transferred. (*See*

MDL No. 3143).

OpenAI objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that any Interrogatory:

a) seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

b) is overly broad, unduly burdensome, oppressive, and/or duplicative;

c) is unrestricted in time;

d) is vague and/or ambiguous;

e) calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

f) calls for the disclosure of information not within OpenAI, Inc.'s possession, custody, or control;

g) calls for the disclosure of information that is publicly available or to which Plaintiff has equal access; and/or

h) constitutes an interrogatory beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 33, the local rules of the Southern District of New York, and this Court.

In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information

should be treated in accordance with any protective order and ESI protocol entered in this action, when they are entered.

OpenAI objects to the Interrogatories to the extent that they purport, or may want to be construed, to call for the identification or production of "all" or "any" information, documents, or things pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that a search is required, OpenAI will perform a reasonable search of files in their possession, custody, or control where there is a reasonable likelihood that responsive documents and information may be located.

OpenAI objects to each Interrogatory to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. OpenAI will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

OpenAI objects to the instruction that purports to define "Agreement(s)" as "any contract, agreement, arrangement, or understanding, formal or informal, oral or written, between or among two or more Persons." This definition is overly broad, unduly burdensome, disproportionate to the needs of the case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI interprets and defines "Agreement(s)" as executed contracts between OpenAI and another "Person" or "Persons."

OpenAI objects to Plaintiff's definitions of "Defendants," "OpenAI," "You," and "Your" to the extent they purport to include each of the OpenAI Defendants' "subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the

Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, and OpenAI Holdings LLC.

OpenAI objects to Plaintiff's definition of "AI Model(s)," "Generative AI Model(s)," "Text Generation AI Model(s)," "Generative AI Product(s) and Service(s)," and "Training Dataset(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case. Whereas these definitions encompass generative AI and AI models generally, Plaintiff's allegations against OpenAI implicate only the models used for ChatGPT and are more limited in scope. OpenAI interprets and defines "AI Model(s)", "Generative AI Model(s)," "Text Generation AI Model(s)," as GPT 3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o. In light of the parties' agreement that GPT, GPT-2, and GPT-3 will be subject to discovery, OpenAI interprets and defines "AI Model(s)," "Generative AI Model(s)," and "Text Generation AI Model(s)" to also include GPT, GPT-2 and GPT-3, without conceding the relevance of these models. OpenAI interprets "Training Dataset(s)" to mean the text data used to train the Text Generation AI Models. OpenAI interprets and defines "Generative AI Product(s) and Service(s)" as ChatGPT, including relevant features within the ChatGPT product such as Browse and Search, the OpenAI API, the custom GPTs "News Summarizer Ace,"[1] "(Legal) Paywall Remover[2]," "WebPilot," and "WebGPT," and Microsoft's Copilot.

OpenAI objects to Plaintiff's definition of "Journalism" as overly broad, unduly burdensome, and not proportional to the needs of the case. OpenAI interprets and defines

---

[1] The Complaint in *Daily News LP et al v. Microsoft et al*, No. 1:24-cv-03285-SHS-OTW (S.D.N.Y.) refers to this custom GPT as "News Summarizer." ECF 1 at 64. Its name, as shown in the screenshot in the Complaint, is "News Summarizer Ace." *Id.* at 65. OpenAI uses the name shown in the screenshot for purposes of these objections and responses.

[2] The Complaint in *Daily News LP et al v. Microsoft et al*, No. 1:24-cv-03285-SHS-OTW (S.D.N.Y.) refers to this custom GPT as "Remove Paywall." ECF 1 at 64. Its name, as shown in the screenshot in the Complaint, is "(Legal) Paywall Remover." *Id.* OpenAI uses the name shown in the screenshot for purposes of these objections and responses.

"Journalism" as "activity of writing … for newspapers, magazines, news websites … or any other [written] publication."

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the Interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 12

Identify all affirmative defenses You intend to assert in this case, and for any affirmative defense You identify, describe in detail Your basis for asserting that defense.

### RESPONSE TO INTERROGATORY NO. 12:

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure and given the Order at MDL No. 3143, OpenAI objects to these Interrogatories to the extent they are unduly burdensome and exceed the 25 total interrogatories allotted to Plaintiffs across the consolidated actions. OpenAI also objects that this Interrogatory seeks information outside the scope of information allowed by Local Civil Rule 33.3(a), and on the ground that it is a premature contention interrogatory under Local Civil Rule 33.3(c). OpenAI further objects to this Interrogatory on the ground that Rules 8 and 12 of the Federal Rules of Civil Procedure govern the timing and method for identifying affirmative defenses.

Based on the foregoing general and specific objections, and pursuant to Local Civil Rule 33.3, OpenAI will not provide a response at this time.

### INTERROGATORY NO. 13:

Identify all dashboards or similar tools that can be queried to generate user metrics relevant to Your Generative AI Products and Services, including session duration, the number of prompts

or queries that a user inputs per session, click-through data, fallback rates, bounce rates, subscriber figures, ad impressions, and search performance metrics. For each such tool, identify (i) the Generative AI Product and/or Service the dashboard or tool can be used to query (ii) each of the tracked metrics, and (iii) the date ranges of the data contained therein. This Request includes but is not limited to the dashboards identified by Michael Trinh at his 30(b)(6) deposition, such as Sundial, Datadog, Snowflake, and Mode. See Trinh Tr. at 127-32.

**RESPONSE TO INTERROGATORY NO. 13**:

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure and given the Order at MDL No. 3143, OpenAI objects to these Interrogatories to the extent they are unduly burdensome and exceed the 25 total interrogatories allotted to Plaintiffs across the consolidated actions. OpenAI also objects that this Interrogatory seeks information outside the scope of information allowed by Local Civil Rule 33.3, in that a request for production or a deposition is a more practical method of obtaining the requested information concerning "all dashboards or similar tools that can be queried to generate user metrics relevant to Your Generative AI Products and Services." As evidenced by the Interrogatory itself, deposition testimony is the more practical method to obtain the requested information. OpenAI objects to this Interrogatory to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information related to "all dashboards" other than the GPT models that were used for ChatGPT. *See New York Times,* ECF No. 287. OpenAI further objects to this Interrogatory as compound and counts each subpart as a separate Interrogatory.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing

to meet and confer regarding the scope of the information sought by this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all contractual agreements to which any News Plaintiff is a party that You intend to rely on in the News Cases, including but not limited to any agreements previously requested in Times RFP No. 73, served on August 9, 2024. For any contractual agreement identified, include the Bates number(s).

**RESPONSE TO INTERROGATORY NO. 14:**

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure and given the Order at MDL No. 3143, OpenAI objects to these Interrogatories to the extent they are unduly burdensome and exceed the 25 total interrogatories allotted to Plaintiffs across the consolidated actions. OpenAI objects to the terms "News Plaintiff" and "News Cases" as it has not been defined by Plaintiffs. OpenAI objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection. OpenAI further objects to this Interrogatory to the extent it seeks identification of contractual agreements likely in Plaintiff's possession, custody, or control.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 15:**

Identify all contractual agreements that You believe are relevant to any claim or defense in the News Cases. For any contractual agreement identified, include the Bates number(s).

**RESPONSE TO INTERROGATORY NO. 15:**

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure and given the Order at MDL No. 3143, OpenAI objects to these Interrogatories to the extent they are unduly burdensome

and exceed the 25 total interrogatories allotted to Plaintiffs across the consolidated actions. OpenAI also objects that this Interrogatory seeks information outside the scope of information allowed by Local Civil Rule 33.3(a), and on the ground that it is a premature contention interrogatory under Local Civil Rule 33.3(c). OpenAI objects to the term "News Cases" as it has not been defined by Plaintiffs. OpenAI further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product immunity, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding the scope of information sought by this Interrogatory.

Dated: April 11, 2025

MORRISON & FOERSTER LLP

By: /s/ Rose S. Lee
Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Carolyn M. Homer (*pro hac vice*)
CMHomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 650-4597
Facsimile: (202) 887-0763

Jocelyn E. Greer
JGreer@mofo.com
Emily C. Wood
EWood@mofo.com
Eric K. Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

Dated: April 11, 2025                                    LATHAM & WATKINS LLP

By: _/s/ Allison S. Blanco_
    Andrew Gass (*pro hac vice*)
    andrew.gass@lw.com
    Joseph R. Wetzel (*pro hac vice*)
    joe.wetzel@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 391-0600

    Sarang Damle
    sy.damle@lw.com
    Elana Nightingale Dawson (*pro hac vice*)
    elana.nightingaledawson@lw.com
    Luke Budiardjo
    luke.budiardjo@lw.com
    555 Eleventh Street NW, Suite 100
    Washington, DC 20004
    Telephone: (202) 637-2200

    Allison L. Stillman
    alli.stillman@lw.com
    Rachel R. Blitzer
    rachel.blitzer@lw.com
    Herman H. Yue
    herman.yue@lw.com
    Michael A. David
    Michael.david@lw.com
    Yijun Zhong
    elaine.zhong@lw.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200

    Allison S. Blanco (*pro hac vice*)
    allison.blanco@lw.com
    650 Town Center Drive, Suite 2000
    Costa Mesa, CA 92626
    Telephone: (714) 540-1235

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI
    GP, LLC, OPENAI, LLC, OPENAI
    OPCO LLC, OPENAI GLOBAL LLC,
    OAI CORPORATION, LLC, and
    OPENAI HOLDINGS, LLC

Dated: April 11, 2025

KEKER, VAN NEST & PETERS LLP

By: /s/ Christopher S. Sun

Robert A. Van Nest (*pro hac vice*)
RVanNest@keker.com
R. James Slaughter (*pro hac vice*)
RSlaughter@keker.com
Paven Malhotra
PMalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
MYbarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
NGoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
TGorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
KJoyce@keker.com
Christopher S. Sun (*pro hac vice*)
csun@keker.com
Andrew S. Bruns (*pro hac vice*)
ABruns@keker.com
Andrew Dawson (*pro hac vice*)
ADawson@keker.com
Edward A. Bayley (*pro hac vice*)
EBayley@keker.com
Sarah Salomon
Ssalomon@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

## CERTIFICATE OF SERVICE

(*The New York Times Co. v. Microsoft Corp., et al* SDNY Case No. 1:23-cv-11195-SHS-OTW)

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 11, 2025, I served a copy of:

**OPENAI DEFENDANTS' SUPPLEMENTAL AND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

 **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Phone: 206.516.3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: 310.798.3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: 212.336.8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Phone: 202.783.6040<br>Email: jmaisel@rothwellfigg.com<br>KLogan@rothwellfigg.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: 713.904.8812 | Zachary B. Savage<br>Elisha Brandis Barron<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Phone: 212.471.8358 |
| NYT-AI-SG-Service@simplelists.susmangodfrey.com | |
| *Attorneys for New York Times Company* | |

| | |
|---|---|
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700 | Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 212.506.5000 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.248.3191 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: 303.607.3588 |
| Laura Brooks Najemy<br>Sheryl Koval Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Phone: 617.880.1800 | Carrie A. Beyer<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606-5707<br>Phone: 312-569-1000 |
| NewYorkTimes_Microsoft_OHS@orrick.com<br>newyorktimes-microsoft-fdbr@faegredrinker.com | |
| *Attorneys for Defendant Microsoft Corporation* | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 11th day of April, 2025.

| Heather Smith | */s/ heathersmith* |
|---|---|
| (typed) | (signature) |